RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Paul A. Kroeger, SBN 299074
pkroeger@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Skybell Technologies, Inc.*

DURIE TANGRI LLP
Laura E. Miller (SBN 271713)
lmiller@durietangri.com
Joshua D. Furman (SBN 312641)
jfurman@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:   (415) 362-6666
Facsimile:    (415) 236-6300

*Attorneys for Defendant Ring Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| SKYBELL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RING INC., <br><br> Defendant. | Case No. 8:18-cv-00014-JVS-JDE <br><br> **JOINT RULE 26(F) REPORT** <br><br> **Scheduling Conference:** <br> **Date:** **June 11, 2018** <br> **Time:** **11:30 a.m.** <br> **Place:** **Santa Ana, Courtroom 10C** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's January 29, 2018 Order Setting Rule 26(f) Scheduling Conference (D.I. 24), Plaintiff Skybell Technologies, Inc. ("Plaintiff") and Defendant Ring LLC. ("Defendant"), by and through their respective counsel of record, conferred, starting on May 29, 2018, and discussed the various procedural and substantive matters pertinent to the instant litigation and hereby jointly submit this Joint Rule 26(f) Report.

## I.  SYNOPSIS

Plaintiff's statement: This is a patent litigation action. Plaintiff alleges that Defendant infringes U.S. Patent Nos. 9,055,202, 9,179,109, 9,179,107, 9,743,049, and 9,160,987 (collectively the "patents-in-suit"). The patents-in-suit generally relate to methods and systems comprising doorbells with video technology that allow the user to interact with persons at their doors from remote locations.

Plaintiff asserts that Defendant infringes the patents-in-suit through its "Ring" branded products including the Ring Video Doorbell and other hardware and the Ring App. Plaintiff asserts that Defendant infringes the patents-in-suit both directly and by inducing others to infringe the patents-in-suit.

Defendant's statement: This is not just a patent litigation. Insofar as Skybell has asserted patents, the defendant intends to challenge the claims of infringment, the patents' validity and their enforceability.

In addition, Ring has asserted counterclaims relating to the fact that Skybell falsely markets its products as being "Made in the USA." As set forth in the counterclaims, Ring seeks both damages and an injunction to prevent Skybell from continuing to misrepresent the origin of its products.

## II.  LEGAL ISSUES

The principal issues are likely to be as follows:

1. Whether Defendant infringed and continue to infringe the patents-in-suit in violation of 35 U.S.C. §§ 271(a), (b);

1

2. Whether the patents-in-suit meet the conditions for patentability and satisfy all of the requirements set forth in the provisions of 35 U.S.C. §§ 101, 102, 103, and 112;
3. The proper construction of the asserted claims of the patents-in-suit;
4. The scope of the asserted claims of the patents-in-suit;
5. If the patents-in-suit are infringed and valid, the amount, if any, of Plaintiff's damages under 35 U.S.C. § 284;
6. Whether attorneys' fees, costs, or expenses are recoverable under 35 U.S.C. §§ 284 and/or 285; and
7. Whether an issuance of a permanent injunction is appropriate under 35 U.S.C. § 283.
8. Whether Skybell conducted an adequate prefiling inquiry (including one that comports with its obligations under Federal Rule of Civil Procedure 11) as to the '202 patent.
9. Whether Skybell has been falsely representing its products as being made in the USA in violation of the Lanham act and/or California B&P Code § 17500 and § 17200.
10. If Skybell has violated the Lanham act and/or California B&P Code §17500 and §17200, the amount, if any, of compensatory and restitution lost profits recoverable by Ring.
11. Whether affirmative injunctive relief – including corrective advertising – is appropriate for Skybell's violations of the Lanham act, California B&P Code § 17500 and § 17200.

### III. DAMAGES

Plaintiff's statement:  Plaintiff is still investigating Defendant's sales and revenue of the infringing products. Plaintiff cannot therefore provide a realistic range of provable damages at this time. Plaintiff presently intends to seek damages in the form of both a reasonable royalty and lost profits.

2

<u>Defendant's statement</u>: Defendant is still investigating Plaintiffs sales and revenue from falsely labeled products. Defendants cannot therefore provide a realistic range of provable damages at this time. Defendant presently intends to seek damages in the form of both compensatory damages, restitution lost profits, and affirmative injunctive relief.

**IV.  INSURANCE**

The Parties are unaware of any insurance coverage relating to the subject matter of this litigation.

**V.  MOTIONS TO ADD PARTIES, AMEND PLEADINGS OR TRANSFER VENUE**

<u>Plaintiff's statement</u>: Plaintiff does not currently believe it is likely that it will file a motion to (i) add other parties or claims or (ii) file amended pleadings or (iii) transfer venue. Plaintiff, however, reserves the right to file a motion to add other parties or claims, or amend its pleadings if the need become apparent through discovery or other proceedings.

<u>Defendant's statement</u>: Defendant does not intend to file a motion to transfer venue. Defendant is still investigating the possibility of asserting additional claims against Skybell, and will seek leave to amend if it discovers any such claims.

**VI.  DISCOVERY PLAN**

    **A.  Changes to Disclosures under Rule 26(a)**

The Parties do not believe that any changes to the disclosures under Rule 26(a) are necessary.

    **B.  Subjects on Which Discovery May Be Needed and Whether Discovery Should Be Phased**

The Parties do not propose phasing discovery.

The Parties expect that discovery may be needed on at least the following subjects:

- The patents-in-suit;

3

- The file histories of the patents-in-suit;
- The prosecution of the patents-in-suit;
- Ownership of the patents-in-suit;
- Conception and reduction to practice of the alleged inventions claimed in the patents-in-suit;
- Plaintiff's earliest knowledge of the allegedly infringing products;
- Defendant's knowledge of the patents-in-suit;
- Licensing of the patents-in-suit;
- Validity or invalidity of the patents-in-suit;
- Prior art references relating to the patents-in-suit;
- The accused products;
- Defendant's development, production, and sales of the accused products;
- Defendant's patent licensing practices/activities;
- Any affirmative defenses ultimately raised by Defendant;
- Any counterclaims ultimately raised by Defendant;
- The basis for Plaintiff's infringement allegations against the Defendant;
- The state of the prior art in the field to which the patents-in-suit relate;
- The enforceability of the patents-in-suit;
- The valuation and purchase of the patents-in-suit;
- Compliance or non-compliance with the requirements of 35 U.S.C. § 287, whether by Plaintiff or any predecessors-in-interest of the patents-in-suit;
- Plaintiff's request for an award of damages;
- Plaintiff's licensing practices;
- Plaintiff's licensing, attempts to license, and/or to otherwise profit from the patents-in-suit;
- Royalties and/or licensing fees relating to the patents-in-suit;

4

- Commercial embodiments of the patents-in-suit and sales of such commercial embodiments;
- Plaintiff's attempts to enforce the patents-in-suit;
- Challenges to the validity of the patents-in-suit;
- The discussions and/or background alleged in Plaintiff's complaint.

### C. Discovery Conducted So Far

The Parties agreed to exchange initial disclosures on June 12, 2018.

### D. Orders

The Parties do not request the entry of any additional orders at this time.

### E. Changes to Limitations On Discovery

The Parties do not believe that any changes to the default limits on discovery provided by the Federal Rules of Civil Produced are required at this time.

### F. Proposed Time of Expert Witness Disclosures

Please see Exhibit A to this Report.

## VII. DISPOSITIVE MOTIONS

Plaintiff's Position: Plaintiff anticipates it may file one or more motions for summary judgment or adjudication at the appropriate time and reserves the right to file additional motions as the case develops and the need arises. Plaintiff anticipates that it will file motions *in limine* but does not yet know what the topics will be.

Defendant's Position: Defendant intends to bring a motion for judgment on the pleadings that the '107 patent is invalid under 35 U.S.C. § 101. Defenant also intends, at the CMC, to seek leave to file an early summary judgment motion of noninfringment as to the '202 patent. That patent claims an array of sensors with a physical layout that the accused devices do not possess and which can be determined from physical measurments of the accused components and without the need for extensive discovery. Defendant therefore proposes that it be granted leave

5

to file a short summary judgment motion within 45 days f the date that Plaintiff serves its infringement contentions on the '202 patent.  Defendant also wishes to alert the Court that it is in the process of prepairing and intends to file petitions for post-grant review with the PTO as to all asserted patents and, thereafter, to seek a stay.  Defendant intends to file dispositive motions as to any remaining patents at the time set forth in the Court's scheduling order.

## VIII. STATEMENT REGARDING SETTLEMENT DISCUSSIONS

The Parties have had limited preliminary discussions regarding possible settlement.

The Parties agree to mediation before a private mediator in line with Local Rule 16-15.4, ADR Procedure No. 3.

## IX. TRIAL

The Parties request a jury trial on issues to which a party is entitled to a jury.

<u>Plaintiff's statement</u>:  Plaintiff expects to call between 4 and 8 witnesses at each trial and that trial will last five to seven days.

<u>Defendant's statement</u>:  Defendant believes that the length of the trial will depend greatly on what claims remain in the case at the time of trial.  In its current configuration, defendant would call between 4 and 8 witnesses in its defensive case, and an additional (non-duplicative) 4 to 6 witnesses in its affirmative case.  Defendants would therefore estimate 12 to 14 days if the case remains in its current configuration.

## X. TIMETABLE

Please see Exhibit A for the Parties' respective proposals regarding the Schedule of Pretrial Dates.  In addition, please see Exhibit B for the Parties' respective proposals for other dates in the case.

## XI. OTHER ISSUES

<u>Plaintiff's Position</u>:  Plaintiff does not anticipate that discovery of its information will require foreign discovery or witnesses that do not speak English.

Plaintiff will propose a form of a confidential protective order in advance of the Scheduling Conference.

Defendant's Position: Defendant believes that foreign discovery will be needed to prove up aspects of its counterclaims relating to how and where Skybell's products are made.

## XII. CONFLICTS

Plaintiff: Plaintiff does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

Defendant: Defendant is a wholly-owned subsidiary of Amazon.com, Inc., which is a publicly-traded company.

## XIII. PATENT CASES

The Parties propose that the Court conduct a claim construction hearing on a term-by-term basis in accordance with the schedule provided in Exhibits A and B.

## XIV. MAGISTRATES

The Parties do not consent to proceeding in front of a magistrate.

Dated: June 4, 2018

By: /s/ *Paul A. Kroeger*
RUSS AUGUST & KABAT
Marc A. Fenster SBN 181067
mfenster@raklaw.com
Paul A. Kroeger SBN 229074
pkroeger@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
*Skybell Technologies, Inc.*

By: /s/ *Laura E. Miller*
Laura E. Miller

Laura E. Miller (SBN 271713)
lmiller@durietangri.com
Joshua D. Furman (SBN 312641)

7

jfurman@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

*Attorneys for Defendant Ring Inc.*

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the Central District of California using the CM/ECF System on June 4, 2018.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ Paul A. Kroeger*
Paul A. Kroeger