1   RUSS, AUGUST & KABAT
2   Marc A. Fenster, SBN 181067
    mfenster@raklaw.com
3   Paul Kroeger, SBN 229074
    pkroeger@raklaw.com
4   Twelfth Floor
    Los Angeles, California 90025
5   Telephone: (310) 826-7474
    Facsimile: (310) 826-6991
6
7   Attorneys for Plaintiff
    SKYBELL TECHNOLOGIES, INC.

8               UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA
                    SOUTHERN DIVISION
10

11  SKYBELL TECHNOLOGIES, INC.,          **Case No. 8:18-CV-00014-JVS-JDE**

12                      Plaintiff         **DECLARATION OF JOSEPH F.
                                          SCALISI IS SUPPORT OF
13  v.                                    PLAINTIFF SKYBELL
                                          TECHNOLOGIES, INC.'S
14  RING, INC.                            MOTION TO DISQUALIFY
                                          ORRICK, HERRINGTON &
15                      Defendant.        SUTCLIFFE LLP**

16                                        **[Memorandum of Points And
                                          Authorities, Declaration of Marc A.
17                                        Fenster and [Proposed] Order Filed
                                          Concurrently]**

18                                        **Hearing:**
19                                        Date: September 10, 2018
                                          Time: 1:30 p.m.
20                                        Place: Courtroom 10C
                                          Judge: Hon. James V. Selna
21

22

23

24

25

26

27

28

DECLARATION OF JOSEPH F. SCALISI

**RUSS, AUGUST & KABAT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF JOSEPH F. SCALISI

I, Joseph F. Scalisi, hereby declare as follows:

1.     I am one of the founders and the Chief Executive Officer of Plaintiff SkyBell Technologies, Inc. ("SkyBell.")  I have personal knowledge of the matters set forth herein and, if called as a witness, am competent to testify thereto.

2.     Since 2013, SkyBell has been in the business of manufacturing and selling smart video doorbell systems which allow customers to interact with persons ringing their doorbell via a mobile device, even if they are not present in the home, among other things.  SkyBell currently sells several models of these video doorbells including the SkyBell HD family, SkyBell SLIM family, and the SkyBell TRIM family, along with certain accessories.

3.     Over the past few years SkyBell has invested significant resources in developing in developing a patent portfolio in the video doorbell technology field. It currently has 49 issued U.S. utility patents and 29 design patents, with many applications pending.  I am an inventor on many of these patents.

4.     In mid-2017, SkyBell decided to research the potential of enforcing its patent portfolio against its various competitors in the market, including against Ring, Inc. ("Ring").

5.     In October of 2017, Sky Bell's outside patent counsel, Eric Wengreen, contacted Travis Jensen, Esq., of Orrick, Herrington, and Sutcliffe ("Orrick"), about potentially representing SkyBell in lawsuits enforcing its patents.  Ring was discussed as a potential Defendant, and, accordingly, Mr. Jensen was asked to inquire if Orrick had any conflicts with such a lawsuit. We were informed by email dated October 31, 2017, that Orrick had no such conflicts.

6.     On November 1, 2017, I had a conference call with Mr. Jensen about Orrick's potential representation of SkyBell, including against Ring.  Also on the call was SkyBell's Chief Financial Officer, Robert Mahan, Mr. Wengreen, and another of our outside patent counsel Wes Schwie.

1

RUSS, AUGUST & KABAT

7.     During this call with Orrick, we discussed the following, among other things: (1) the key patents to be enforced against Ring; (2) the reasons SkyBell believed Ring to be infringing; (3) issues concerning validity and the prior art; (4) SkyBell's financial position; and (5) settlement strategy.  The call lasted for close to one hour.

8.     Following the call SkyBell sent to Mr. Jensen various materials, including tear-downs of the Ring products SkyBell believed to be infringing.

9.     I next met with Mr. Jensen in-person on November 9, 2017, at SkyBell's offices in Irvine, California. The meeting lasted for about three hours, including a lunch. Also in attendance at the meeting where Mr. Mahan, Mr. Schwie and Mr. Wengreen.

10.    In advance of the meeting, on November 8, 2017, Mr. Jensen sent me by email a thirty-eight-page document entitled "Proposal and Enforcement Strategy for SkyBell" (the "Strategy Memo").  A true and correct copy this Strategy Memo is attached hereto as Exhibit A. Various portions have been redacted by SkyBell's counsel to protected privileged and confidential information.

11.    The Strategy Memo, along with the five points mentioned above, were discussed at length at the November 8 meeting.

12.    In addition to Mr. Jensen, the Strategy Memo suggests that Orrick's litigation team consist of Tyler Miller from its New York Office and Johannes "Hans" Hsu from its Orange County Office.  Mr. Jensen would later suggest to me by email that Chris Ottenweller from its Silicon Valley Office also be included in the team. Mr. Jensen confirmed to me that he had spoken to each of these attorneys about representing SkyBell in any forthcoming litigation.

13.    Although SkyBell decided ultimately not to retain Orrick for the litigation, we had discussions with Orrick about it potentially representing SkyBell in any IPR challenges to the patents that may be filed, or about acting as shadow

2

counsel.

14.   Furthermore, after the lawsuit was filed, I know that Mr. Jensen continued to track the status of the case as he sent me emails noting its filing. He further sent me emails related to the cause, including patent cases that he thought might be of relevance, through March 2018.

15.   During our communication with Orrick, we were never informed that we should withhold any information concerning our planned lawsuit until it had decided to take the case.  Indeed, we were encouraged to provide all of the information we had, and we complied where possible.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 29, 2018 at Irvine, California.

Joseph F. Scalisi

3

RUSS, AUGUST & KABAT

# EXHIBIT A





**PRIVILEGED AND CONFIDENTIAL**



## Proposal and Enforcement Strategy for

# SkyBell

November 8, 2017

**CONTACT:**
**Travis Jensen**
Partner
**T**   650.614.7458
**E**   tjensen@orrick.com

CONTENTS                                        PRIVILEGED AND CONFIDENTIAL

## Executive Summary

**Executive Summary** ........................................................................................................ **3**

## Background

**Background** ..................................................................................................................... **5**

Video Doorbell Market ......................................................................................................... 5

SkyBell ............................................................................................................................... 6

Strategic Objectives ........................................................................................................... 6

SkyBell's Patent Portfolio ................................................................................................... 7

Patent Litigation Venues ..................................................................................................... 8

IPR Invalidity Challenge .................................................................................................... 10

## Strategic Analysis and Recommendations

**Strategic Analysis and Recommendations** ............................................................... **12**

Phase 1—Enforcement Against ███████████ ............................................................ 12

Phase 2—Enforcement Against Ring ████████ ......................................................... 16

Phase 3—Enforcement Against ██████████ ██████████████ ............................ 19

Proposed Action Plan ........................................................................................................ 20

## Orrick's Proposed Team

**Orrick's Proposed Team** ........................................................................................... **25**

## Fee Proposal and Budget

**Fee Proposal and Sample Budget** ........................................................................... **31**

## Appendix A

**Appendix A—Venue Statistics** ................................................................................ **35**



# Executive Summary

# Executive Summary

Thank you for inviting Orrick to submit a proposal to represent SkyBell in a patent assertion campaign against competitors and participants in the video doorbell market. We would greatly appreciate the opportunity to assist SkyBell in securing a favorable result in this initiative. We are available to meet at your convenience to discuss this proposal and Orrick's experience as it relates to the contemplated patent enforcement litigation in more detail.

We believe we are uniquely suited to handle this matter for you for at least the following reasons:

1. **We offer an experienced team of patent litigators**. Recently named *The American Lawyer* "IP Department of the Year" and *Law360* "IP Group of the Year," our lawyers have a proven track record of securing important wins in myriad complex, high-stakes and high-profile cases. Travis Jensen, our proposed lead counsel, has spent his entire legal career litigating patent cases.

2. **We have experience with patent litigation involving the relevant technology of the asserted patents and accused products**. The video doorbell technology at issue includes sensors, wireless systems and networking, video cameras, and other fields related to electrical engineering. Every member of our proposed team has an electrical engineering background, advanced degree, and/or real-world engineering experience.

3. **We have significant experience litigating competitor cases, large and small.** We know and understand the difference between run-of-the-mill patent troll litigation and competitor cases where IP enforcement is not a luxury, but a business imperative. Unlike many patent litigators, Travis has deep experience litigating competitor cases through trial for large and small companies alike.

4. **We have deep experience and a strong record in** ███████ **where we recommend filing suit.**
   ████████████████████████████████████████████████████
   ████████████████████████████████████████████████████████
   ████████████████████████████████████████████████
   ███████████████████████████

5. **We are committed to delivering value and have set forth a fee proposal designed to share risk**. ████████████████████████████████████
   ████████████████████████████████████████████████████████
   ████████████████████████████████████████████████
   ███████████████████████████

The following proposal provides additional information on our experience, our preliminary strategy for an enforcement campaign, a short-term and long-term action plan, and a tentative budget based on our current understanding of the facts.



**Background**

PRIVILEGED AND CONFIDENTIAL

# Background

Orrick's Intellectual Property Group—comprising more than 100 lawyers throughout the world, including a cadre of first-chair trial lawyers—is recognized globally for its impressive wins in high-stakes, high-profile litigations and its deep bench.  Our IP lawyers, recently named "IP Department of the Year" by *The American Lawyer* and "IP Group of the Year" by *Law360*, have utilized innovative strategies and courtroom skills both to win plaintiffs' cases and to defend clients successfully in some of the most plaintiff-friendly courts.  We have demonstrated our versatility in achieving excellent results by delivering victories for our clients at every stage of litigation, from successful pre-trial dispositive motions, to impressive eve-of-trial settlements, to nine-figure jury verdicts and district court injunctions, to victories in the U.S. International Trade Commission (ITC), and to wins before the Federal Circuit and the U.S. Supreme Court.  We consistently have delivered big wins for our clients in every major IP forum and in every procedural posture.

Our comprehensive, collaborative approach to IP planning, and our successes in IP litigation make our IP team the go-to choice for resolving bet-the-company IP disputes, as well as for helping companies stay or quickly get out of the courtroom.

## Video Doorbell Market

███████████████████████████████████████████████████████████████
███████████████████████████████████████████ ███████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████████████████████████████████████████████

██████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████

████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████

___

[1]  See, e.g., www.globalsources.com/gsol/I/Smart-doorbell/a/9000000142515.htm and
www.securitysales.com/news/video_doorbell_sales_forecast_to_grow_28_annually_ihs_markit_says/.

**BACKGROUND**                                        **PRIVILEGED AND CONFIDENTIAL**

## SkyBell

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████████
█████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████

████████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████

## Strategic Objectives

██████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████████
██████████████████████████████████████████

■   ██████████████████████████████████████
    ████████████████████████████

■   ██████████████████████████████████████
    ██████████████████████████████████████
    █████████████████

■   ██████████████████████████████████████████
    ██████████████████████████████████████
    ████████████████████████████████████████ng
    ███████████████████

- ██████████████████████████████████████████████████████
  ███████████████████████████████████████

- ██████████████████████████████████████████████
  ██████████████████████████████

████████████████████████████████████████████████
██████████████████████████████████████████████████
█████████████████████████████████ ██████████████████████████████
██████████████████████████

## SkyBell's Patent Portfolio

SkyBell's portfolio currently includes 74 patents (including 24 design patents) that span a number of families, as well as a large number of additional applications in the pipeline (over 40 currently pending U.S. and foreign applications).[2]  While large, the portfolio is relatively young, as the first applications were filed in 2013.

██████████████████████████████████████████████████
███████████████████████████████

- ██████████████████████████████████████████
  ████████████████████████

- ██████████████████████████████████████████
  █████████████████████████████

████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████

████████████████████████████████████████████████
████████

████████████████████████████████████████████████
████████████████████████████████████████

██████████████████████████████████████████████████
█████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████

---

[2] www.skybell.com/legal/intellectual-property/



### Patent Litigation Venues

PRIVILEGED AND CONFIDENTIAL



## IPR Invalidity Challenge

Due to their popularity, we wanted to make sure SkyBell is aware of IPR proceedings.  The acronym "IPR" stands for "*inter partes* review" which refers to a proceeding in the Patent Office where parties can challenge the validity of an issued patent based on prior art (*e.g.*, journal articles and other publications that predate the patent being challenged).  IPR challenges are filed by would-be (or accused) defendants seeking to invalidate a patent.  IPR proceedings typically take about 18 months to complete and cost $250-300k.  One benefit to IPR filers is that the Patent Office cannot adjudicate infringement, only invalidity.  Although there are some tradeoffs and risks associated with pursuing an IPR (which we would be happy to discuss), a successful IPR challenge will typically end litigation on a patent.  Even if an IPR does not invalidate the entire patent, courts will sometimes stay litigation if the Patent Office decides to conduct an IPR and IPRs can shape district court litigation in other ways.

# Strategic Analysis and Recommendations

**STRATEGIC ANALYSIS AND RECOMMENDATIONS**                    **PRIVILEGED AND CONFIDENTIAL**



**Phase 1**

PRIVILEGED AND CONFIDENTIAL



**STRATEGIC ANALYSIS AND RECOMMENDATIONS**          **PRIVILEGED AND CONFIDENTIAL**

**Timing**

**Venue**

**Risks/Challenges**

**STRATEGIC ANALYSIS AND RECOMMENDATIONS**          PRIVILEGED AND CONFIDENTIAL

[black redaction box]

**Benefits**

[black redaction box]

## Phase 2—Enforcement Against Ring [redacted]

We recommend that SkyBell target Ring [redacted] [redacted]
[redacted]

### Potential Targets

We have suggested Ring [redacted] as likely targets for Phase 2 [redacted]
[redacted] Of course, the actual target(s) could change depending on a variety of factors.  We would work closely with SkyBell to identify the optimal target(s) considering market conditions, product features and sales, and the available patents.

[black redaction box]

Although we have only been able to conduct a cursory review of the Ring [redacted] products, we provide some preliminary thoughts about Ring's products.  [redacted]
[redacted] These products have increasingly sophisticated and advanced features which we would need to evaluate for infringement [redacted]

[black redaction box]



**Timing**

STRATEGIC ANALYSIS AND RECOMMENDATIONS                    PRIVILEGED AND CONFIDENTIAL

**Venue**

**Risks/Challenges**

**Benefits**

**STRATEGIC ANALYSIS AND RECOMMENDATIONS**                          **PRIVILEGED AND CONFIDENTIAL**



**Phase 3—**

**Potential Targets**

**Timing**

**Venue**

**Risks/Challenges**

**Benefits**

## Proposed Action Plan

**Short-Term Action Plan**

**STRATEGIC ANALYSIS AND RECOMMENDATIONS**                                    **PRIVILEGED AND CONFIDENTIAL**



**Long-Term Timeline**

**STRATEGIC ANALYSIS AND RECOMMENDATIONS**                    **PRIVILEGED AND CONFIDENTIAL**



**Initial Case Preparation/Assessment**

**Major Case Milestones**

**STRATEGIC ANALYSIS AND RECOMMENDATIONS**                    PRIVILEGED AND CONFIDENTIAL



# Orrick's Proposed Team

# Orrick's Proposed Team



## Travis Jensen

### Partner

**Silicon Valley**

**T**  +1 650 614 7458

**E**  tjensen@orrick.com

*Role & Responsibility: Lead Counsel and Client Contact*

Given the size and scope of this case, we propose a lean and focused team with Travis serving as lead counsel and the client contact for strategic matters relating to the litigation.  Travis will provide high-level case management and will have ultimate responsibility for all key filings.  He will work closely with the technical team to develop claim construction, noninfringement, and invalidity positions and to ensure the soundness and presentability of SkyBell's arguments.  Travis is located in Orrick's Menlo Park office and can easy and cost effectively attend any court appearances.  ███████████████████████████████
████████████████████████████████████████

Travis has experience litigating technically complex patent cases, including jury and bench trials in federal and state court, appeals before the Federal Circuit, and post-grant proceedings in the Patent Office.  Travis' technical expertise (including advanced degrees in electrical engineering and real-world engineering work) and patent litigation experience make him especially suited to represent technology clients in patent disputes involving semiconductor devices, wireless technologies such as 4G LTE, and related areas.  Travis has successfully litigated numerous cases against so-called patent "trolls."  For example, Travis obtained a complete summary judgment victory in the Eastern District of Texas for clients LG and AT&T in cases brought by Acacia subsidiary Adaptix.  Travis developed and maintains the popular patent law websites www.localpatentrules.com and www.modeljuryinstructions.com.  On a recent secondment to the San Francisco district attorney's office, Travis first-chaired three jury trials to successful verdicts. Additional background on Travis is provided below.

**Practice Areas**

- Intellectual Property

**Honors**

- Under 40 Hot List, *Benchmark Litigation*, 2016 and 2017

- Recipient, Academic Merit Scholarship (J. Reuben Clark Law School).

- Recipient, EE Departmental Merit Scholarship (BYU).

- Recipient, Ira A. Fulton Engineering Merit Scholarship (BYU).

- Recipient, University Merit Scholarship (BYU).

**Education**

- J.D., J. Reuben Clark Law School, Brigham Young University, 2008, *magna cum laude*

- M.S.E.E., Electrical Engineering, Brigham Young University, 2003

- B.S.E.E., Electrical Engineering, Brigham Young University, 2002

**Clerkships/externships**

- Judicial extern to Chief Judge Randall Rader.

**Memberships**

- American Intellectual Property Law Association.

- American Bar Association, IP Section.

- IEEE

Travis is an experienced patent litigator and trial lawyer. He draws upon his strong technical skills, litigation experience, and real-world business background to craft comprehensive IP strategies. As noted in his engagements, his strategic planning and careful execution guides clients through the intricacies of patent litigation, including the interplay between district court, PTO, and appellate proceedings.

Able to quickly understand complex technology in the litigation context, Travis is particularly well-suited to resolve patent disputes involving semiconductor processes and circuits, optical devices, wireless technologies, and related areas. After earning advanced degrees in electrical engineering, and before embarking on his legal career, Travis worked at Intel Corp. and co-founded a fabless semiconductor design company.

Travis has used his distinctive skillset to litigate technically complex patent cases to verdict, and obtain favorable settlements for clients such as AT&T, DIRECTV, Apple, and SanDisk. Travis has second-chaired both jury and bench trials in district court, handled numerous appeals before the Federal Circuit, and, as a registered patent attorney, served as lead and back-up counsel in post-grant proceedings (inter partes review and ex parte reexamination) at the PTO. While on a recent secondment to the San Francisco District Attorney's Office, Travis first-chaired several jury trials to successful verdicts.

## Representative Engagements

- *On Track Innovations adv.* **AT&T** (S.D.N.Y) (near field communication): In a previous case on the same patent and industry standard against a different defendant, the plaintiff won summary judgment of infringement. However, on behalf of AT&T, we secured a successful settlement without a finding of infringement. The technology related to near field communication, which enabled devices such as smartphones to perform wireless mobile payments.

- *511 Innovations adv.* **Apple** (E.D. Tex.) (proximity sensors): Facilitated early settlement (prior to claim construction) in a case brought by a non-practicing entity which alleged the iPhone proximity sensor infringed several of the plaintiff's patents. The plaintiff had sought treble damages, interest, and an injunction against Apple.

- ***Synopsys*** *adv. Mentor Graphics* (D. Or., USPTO, and Fed. Cir.) (emulation technology): This ongoing competitor litigation encompasses six district court cases; eight Federal Circuit appeals; various post-grant proceedings before the PTO, and international

CONFIDENTIAL – ATTORNEY WORK PRODUCT

litigation in Japanese courts. To date, we have prevailed on four of the seven patents at issue. The matter is currently on appeal.

- *Adaptix adv.* **LG and AT&T** (E.D. Tex. and Fed. Cir.) (4G LTE wireless technology): Won a complete summary judgment victory for LG and AT&T in this long-running patent case. The judge's decision established new law which will benefit the telecommunications industry by altering where, when, and how non-practicing entities file and manage multi-defendant cases when infringement is based on an industry standard.

- **SanDisk** *adv. Kingston Technology* (W.D. Wi. and Fed. Cir.) (semiconductor/flash memory): Won a high-stakes patent and antitrust bench trial featuring testimony from SanDisk's CEO. Kingston Technology claimed SanDisk's patent licensing program charged "double royalties" on USB flash drives, was anticompetitive, and violated federal antitrust laws and state unfair competition laws. While defending the matter on appeal, the case settled.

- Secured an early settlement with broad license rights for a leading digital entertainment provider and its parent company. As a result, the client was able to protect a pending acquisition and upcoming critical product release.

### Publications

- Author and operator of website dedicated to local patent rules.

- Author and operator of website dedicated to patent related jury instructions.

- "Do You Prefer Bland or Bold-Contention Requirements in Local Patent Rules" (prepared in connection with AIPLA's Mid-Winter Institute 2017).

- "Patent Local Rules - A Summary & Comparison" (published annually in PLI's Annual Patent Law Institute, 2010-2012).

### Admissions

- California, District of Columbia, and USPTO

CONFIDENTIAL – ATTORNEY WORK PRODUCT



# Tyler Miller

## Managing Associate

**New York**

T   +1 212 506 5338

E   tmiller@orrick.com

Tyler Miller, a Managing Associate in the New York office, is a member of the Intellectual Property group.  Tyler's practice focuses on patent litigation.

Tyler has represented clients in the federal district courts, before the United States Court of Appeals for the Federal Circuit and at the United States Patent and Trademark Office in IPR and CBM matters.  He has experience in matters involving a wide range of technologies, including software, consumer electronics and biotechnology.

Before joining Orrick, Tyler was an Associate at Paul, Weiss, Rifkind, Wharton & Garrison LLP.

## Admissions

New York

United States Patent and Trademark Office

## Court Admissions

**United States Courts of Appeals |** Federal Circuit

**United States District Courts |** Southern District of New York

**United States District Courts |** Eastern District of New York

**United States District Courts |** Eastern District of Texas

### Practice Areas

- Intellectual Property

### Honors

- Eta Kappa Nu (Northwestern University)

### Education

- J.D., Columbia Law School, 2012, *Harlan Fiske Stone Scholar*
- B.S., Electrical Engineering, Northwestern University, 2009

ORRICK'S PROPOSED TEAM                    CONFIDENTIAL – ATTORNEY WORK PRODUCT



# Johannes "Hans" Hsu

### Associate

**Orange County**

**T**  +1 949 567 6700

**E**  jhsu@orrick.com

Hans Hsu, an Associate in the Orange County office, is a member of the Intellectual Property group and has an extensive engineering background.  Hans recently completed a judicial clerkship for the Honorable R. Gary Klausner in the Central District of California.

Prior to law school, Hans worked for nearly two decades as an electrical engineer, primarily for Broadcom where he achieved Senior Principal Engineer status.  Has is an inventor in his own right and his real-world engineering background made him a natural fit for patent litigation.  Hans emphasized patent law and trial practice during law school, where he excelled in achieving numerous awards and recognition.  Hans has worked for companies such as Broadcom to perform patent portfolio analysis based on detectability, addressable market, and competitive advantage.  Hans' practice focuses on patent litigation.

### Admissions

California

United States Patent and Trademark Office

### Court Admissions

**United States District Courts |** Central District of California

**Practice Areas**

- Intellectual Property

**Honors**

- Eta Kappa Nu (Cal. Tech)
- Tau Beta Pi (Engineering Honor Society, Cal. Tech)

**Education**

- J.D., Fowler School of Law, 2015, *magna cum laude* (top 3%)
- B.S.., Electrical Engineering, Cal. Tech, 1992
- M.S., Electrical Engineering, Stanford University, 1993

**Clerkship**

- Law Clerk to to Hon. R. Gary Klausner (Central District of California), 2017

**Languages**

- Fluent in Mandarin Chinese

# Fee Proposal and Budget

CONFIDENTIAL – ATTORNEY WORK PRODUCT



CONFIDENTIAL – ATTORNEY WORK PRODUCT



**ORRICK'S PROPOSED TEAM**                                    **CONFIDENTIAL – ATTORNEY WORK PRODUCT**





**Appendix A**

CONFIDENTIAL – ATTORNEY WORK PRODUCT



CONFIDENTIAL – ATTORNEY WORK PRODUCT



CONFIDENTIAL – ATTORNEY WORK PRODUCT





## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically served the foregoing **DECLARATION OF JOSEPH F. SCALISI IN SUPPORT OF PLAINTIFF SKYBELL TECHNOLOGIES, INC.'S MOTION TO DISQUALIFY ORRICK, HERRINGTON & SUTCLIFFE LLP** via email upon all counsel of record.

/s/ Paul A. Kroeger

RUSS, AUGUST & KABAT

4

DECLARATION OF JOSEPH F. SCALISI