SUPREME COURT
FILED

MAY 1 0 2018

Jorge Navarrete Clerk
_____

S240991

ADMINISTRATIVE ORDER 2018-05-09

# IN THE SUPREME COURT OF CALIFORNIA

## EN BANC

---

ORDER RE REQUEST FOR APPROVAL OF PROPOSED AMENDMENTS
TO THE RULES OF PROFESSIONAL CONDUCT OF
THE STATE BAR OF CALIFORNIA.

---

On March 30, 2017, the Board of Trustees of the State Bar of California filed a request for approval of comprehensive amendments to the California Rules of Professional Conduct. (Bus. & Prof. Code, § 6076.) The submission included 70 new or amended rules. The request is granted in part and denied in part.

Twenty-seven rules are approved as submitted by the State Bar:

| | |
|---|---|
| Rule 1.1 | Competence |
| Rule 1.3 | Diligence |
| Rule 1.4.1 | Communication of Settlement Offers |
| Rule 1.4.2 | Disclosure of Professional Liability |
| Rule 1.5 | Fees for Legal Services |
| Rule 1.6 | Confidential Information of Client |
| Rule 1.8.2 | Use of Current Client's Information |
| Rule 1.8.3 | Gifts from Clients |
| Rule 1.8.5 | Payment of Personal or Business Expenses Incurred by or for a Client |
| Rule 1.8.7 | Aggregate Settlements |
| Rule 1.8.8 | Limiting Liability to Client |
| Rule 1.8.10 | Sexual Relations with Client |
| Rule 1.8.11 | Imputation of Prohibitions Under Rules 1.8.1 to 1.8.9 |
| Rule 1.10 | Imputation of Conflicts of Interest: General Rule |
| Rule 2.1 | Advisor |
| Rule 2.4 | Lawyer as Third-Party Neutral |
| Rule 3.2 | Delay of Litigation |

1

| Rule 3.7 | Lawyer as Witness |
|---|---|
| Rule 3.8 | Special Responsibilities of a Prosecutor[1] |
| Rule 3.9 | Advocate in Nonadjudicative Proceedings |
| Rule 4.1 | Truthfulness in Statements to Others |
| Rule 5.3.1 | Employment of Disbarred, Suspended, Resigned, or Involuntarily Inactive Member |
| Rule 6.5 | Limited Legal Services Programs |
| Rule 7.1 | Communications Concerning the Availability of Legal Services |
| Rule 7.3 | Solicitation of Clients |
| Rule 7.4 | Communication of Fields of Practice and Specialization |
| Rule 7.5 | Firm* Names and Letterheads |

Forty-two rules are approved as modified by the court:

| Rule 1.0 | Purpose and Function of the Rules of Professional Conduct — The court revises the citation in Comment [1] to conform to the California Style Guide.  The court amends Comment [5]. |
|---|---|
| Rule 1.0.1 | Terminology — The court revises the definition of "person" under paragraph (g-1).  The court adds an asterisk after the term "person" or "person's" in paragraphs (a), (e), (f), (m), and (n), after the term "writing" in paragraphs (e-1), after the term "firm" in paragraph (g) and (k), and after "screen" or "screening" in Comments [5] and [6]. |
| Rule 1.2 | Scope of Representation and Allocation of Authority between Client and Lawyer — The court revises Comment [4] to conform to the California Style Guide. |
| Rule 1.2.1 | Assisting, Soliciting, or Inducing Violations — The court amends current rule 1-120 and adopts it as rule 1.2.1 pending the State Bar's submission of additional revisions to proposed rule 1.2.1. |
| Rule 1.4 | Communication with Clients — The court removes an unnecessary comma from subparagraph (a)(1). |
| Rule 1.5.1 | Fee Divisions Among Lawyers — The court substitutes semicolons for commas at the end of each item in the list in subparagraph (a)(2). |

---

[1]   On December 6, 2017, the State Bar filed a supplemental request to withdraw the original version of proposed rule 3.8 that it had submitted on March 30, 2017 and to approve a subsequent version approved by the State Bar's Board of Trustees on November 3, 2017.  The court grants the State Bar's supplemental request.

Rule 1.7        Conflict of Interest: Current Clients — The court deletes Comment [2], moves the definition of "matter" to the text of the rule as paragraph (e), and renumbers the subsequent Comments. The court deletes "or organization" and adds as asterisk next to "person" in Comment [1].

Rule 1.8.1      Business Transactions with a Client and Pecuniary Interests Adverse to a Client — The court modifies paragraph (a) and makes additional revisions to the citations in Comments [1] and [4] to comply with the California Style Manual.

Rule 1.8.6      Compensation from One Other Than Client — The court adds Comment [5].

Rule 1.8.9      Purchasing Property at a Foreclosure or a Sale Subject to Judicial Review — The court adds paragraph (c) and a Comment.

Rule 1.9        Duties to Former Clients — The court adds as asterisk next to "person's" in paragraph (a) and "person" in subparagraph (b)(1). The court modifies citations in Comment [1] to comply with the California Style Manual and corrects internal citations in Comments [2] and [6].

Rule 1.11       Special Conflicts of Interest for Former and Current Government Officials and Employees — The court amends an internal citation in Comment [2] and substitutes the words "personally prohibited from participating" in place of "disqualified" in Comment [7]. The court revises the citations in Comments [6] and [10] to comply with the California Style Manual.

Rule 1.12       Former Judge, Arbitrator, Mediator, Or Other Third-Party Neutral — The court substitutes the phrase "seek employment from" for "participate in discussions regarding prospective employment with" where it appears in paragraph (b). The court deletes the asterisk after "third" in paragraph (b). The court adds the terms "personally and" before "substantially" in paragraph (b). The court substitutes the words "personally prohibited from participating" in place of "disqualified" in Comment [3].

Rule 1.13       Organization as Client — The court adds the term "resignation," before "or withdrawal" in paragraph (e).

Rule 1.15       Safekeeping Funds and Property of Clients and Other Persons — The court corrects copyediting errors in paragraph (a) and Standard (1)(a)(i) through (iii), and (1)(b)(i) through (ii). The court adds an asterisk after "person" in Standard (1)(a)(i), (ii) and (iv). The court revises the citation in Comment [1] to comply with the California Style Manual.

3

Rule 1.16    Declining Or Terminating Representation –– The court adds an asterisk after "person" in subparagraph (a)(1) and after "tribunal's" in Comment [4].

Rule 1.17    Sale of a Law Practice — The court corrects an error at the end of the second sentence of Comment [2].

Rule 1.18    Duties to Prospective Clients — The court adds an asterisk after "person's" in Comment [1]. The court deletes an unnecessary comma in Comment [2] and revises the citation in Comment [4] to comply with the California Style Manual.

Rule 2.4.1    Lawyer as Temporary Judge, Referee, or Court-Appointed Arbitrator — The court revises to citation in the rule and Comment [1] to the California Code of Judicial Ethics to comply with the California Style Manual.

Rule 3.1    Meritorious Claims and Contentions — The court adds an asterisk after the word "person" in subparagraph (a)(1).

Rule 3.3    Candor Toward The Tribunal* — The court amends paragraph (c) and Comment [6]. The court revises the citation in Comment [5] to comply with the California Style Manual. The court adds the heading "Ex Parte Communications" before Comment [7]. The court adds an asterisk after "tribunal's" in Comment [1] and after "tribunal" in Comment [7].

Rule 3.4    Fairness to Opposing Party and Counsel — The court amends Comment [2].

Rule 3.5    Contact With Judges, Officials, Employees, and Jurors — The court adds the terms "rule or" before "ruling" in the introductory phrase to paragraph (b). The court deletes the word "or" at the end of subparagraphs (b)(1) through (b)(3). The court adds the word "or" at the end of subparagraph (g)(2). The court amends Comment [1].

Rule 3.6    Trial Publicity — The court amends the internal rule citation in Comment [2]. The court adds an asterisk after "person" in subparagraph (b)(7)(ii).

Rule 3.10    Threatening Criminal, Administrative, or Disciplinary Charges —The court revises the citation in Comment [3] to comply with the California Style Manual. The court adds a pinpoint citation to rule 3.8(a) in Comment [4].

Rule 4.2    Communicating with a Unrepresented Person* — The court adds an asterisk next to "Person" in the rule title, next to "person's" in Comment [5], and next to "person" at the end of Comment [9]. The court revises the citation in Comment [4] to comply with the California Style Manual.

4

Rule 4.3     Dealing with Unrepresented Person* — The court adds an asterisk after "Person" in the rule title and after "person's" in Comment [2].

Rule 4.4     Duties Concerning Inadvertently Transmitted Writings* — The court adds an asterisk next to "person" in Comment [2].

Rule 5.1     Responsibilities of Managerial and Supervisory Lawyers — The court removes Comment [6] and renumbers the subsequent Comments accordingly.

Rule 5.2     Responsibilities of a Subordinate Lawyer — The court adds an asterisk after "person" in paragraph (a).

Rule 5.3     Responsibilities Regarding Nonlawyer Assistants — The court adds an asterisk after "person's" in paragraph (b).

Rule 5.4     Financial and Similar Arrangements with Nonlawyers — The court adds an asterisk after "persons" in subparagraph (a)(1). The court deletes "or organization" and "organization or group" from paragraph (f). The court revises the citation in Comment [3] to conform with the California Style Manual. The court adds Comment [5].

Rule 5.5     Unauthorized Practice of Law; Multijurisdictional Practice of Law — The court adds the word "or" at the end of subparagraph (a)(1) and adds the phrase "in that jurisdiction" to the end of subparagraph (a)(2). The court deletes the words "or entity" in paragraph (a)(2). The court revises the citations in the Comment to conform with the California Style Manual.

Rule 5.6     Restrictions on a Lawyer's Right to Practice — The court corrects a copyediting error in subparagraph (a)(1).

Rule 6.3     Membership In Legal Services Organization — The court adds references to rules 1.6(a) and 1.18 in paragraph (a).

Rule 7.2     Advertising — The court deletes the terms "or entity" from paragraph (b) and subparagraph (b)(5).

Rule 8.1     False Statements Regarding Application for Admission to Practice Law — The court adds an asterisk after the term "person's" in paragraphs (a) and (b) and Comment [1].

Rule 8.1.1   Compliance with Conditions of Discipline and Agreement in Lieu of Discipline — The court revises the citation in the Comment to conform with the California Style Manual.

Rule 8.2     Judicial and Legal Officers — The court revises the references to the California Code of Judicial Ethics in paragraphs (b) and (c) to comply with the California Style Manual.

Rule 8.4     Misconduct — The court adds the word "those" before "activities" and "particular" before "lawyer" in Comment [6].

5

Rule 8.4.1    Prohibited Discrimination, Harassment, and Retaliation — The court adds asterisk after "persons" in subparagraphs (a)(2) and (b)(2). The court revises the citation in Comment [2] to conform with the California Style Manual.

Rule 8.5    Disciplinary Authority; Choice of Law — The court revises the citation in the Comment to conform with the California Style Manual.

The approved versions of all 69 rules are set forth in Attachment 1, and are effective November 1, 2018.

The request to approve proposed rule 1.14, regarding a lawyer's obligations in representation of clients with diminished capacity, is denied.

It is so ordered.

                             Cantil-Sakauye
                             *Chief Justice*

                                 Chin
                             *Associate Justice*

                              Corrigan
                             *Associate Justice*

                                 Liu
                             *Associate Justice*

                               Cuéllar
                             *Associate Justice*

                              Kruger
                             *Associate Justice*

                             *Associate Justice*

**ATTACHMENT 1**

## CLIENT-LAWYER RELATIONSHIP

## Rule 1.0  Purpose and Function of the Rules of Professional Conduct

(a)     Purpose.

The following rules are intended to regulate professional conduct of lawyers through discipline. They have been adopted by the Board of Trustees of the State Bar of California and approved by the Supreme Court of California pursuant to Business and Professions Code sections 6076 and 6077 to protect the public, the courts, and the legal profession; protect the integrity of the legal system; and promote the administration of justice and confidence in the legal profession. These rules together with any standards adopted by the Board of Trustees pursuant to these rules shall be binding upon all lawyers.

(b)     Function.

    (1)     A willful violation of any of these rules is a basis for discipline.

    (2)     The prohibition of certain conduct in these rules is not exclusive. Lawyers are also bound by applicable law including the State Bar Act (Bus. & Prof. Code, § 6000 et seq.) and opinions of California courts.

    (3)     A violation of a rule does not itself give rise to a cause of action for damages caused by failure to comply with the rule. Nothing in these rules or the Comments to the rules is intended to enlarge or to restrict the law regarding the liability of lawyers to others.

(c)     Purpose of Comments.

The comments are not a basis for imposing discipline but are intended only to provide guidance for interpreting and practicing in compliance with the rules.

(d)     These rules may be cited and referred to as the "California Rules of Professional Conduct."

**Comment**

[1]     The Rules of Professional Conduct are intended to establish the standards for lawyers for purposes of discipline. (See *Ames v. State Bar* (1973) 8 Cal.3d 910, 917 [106

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

1

## ATTACHMENT 1

Cal.Rptr. 489].)  Therefore, failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process.  Because the rules are not designed to be a basis for civil liability, a violation of a rule does not itself give rise to a cause of action for enforcement of a rule or for damages caused by failure to comply with the rule. (*Stanley v. Richmond* (1995) 35 Cal.App.4th 1070, 1097 [41 Cal.Rptr.2d 768].) Nevertheless, a lawyer's violation of a rule may be evidence of breach of a lawyer's fiduciary or other substantive legal duty in a non-disciplinary context.  (*Ibid.*; see also *Mirabito v. Liccardo* (1992) 4 Cal.App.4th 41, 44 [5 Cal.Rptr.2d 571].)  A violation of a rule may have other non-disciplinary consequences.  (See, e.g., *Fletcher v. Davis* (2004) 33 Cal.4th 61, 71-72 [14 Cal.Rptr.3d 58] [enforcement of attorney's lien]; *Chambers v. Kay* (2002) 29 Cal.4th 142, 161 [126 Cal.Rptr.2d 536] [enforcement of fee sharing agreement].)

[2]     While the rules are intended to regulate professional conduct of lawyers, a violation of a rule can occur when a lawyer is not practicing law or acting in a professional capacity.

[3]     A willful violation of a rule does not require that the lawyer intend to violate the rule.  (*Phillips v. State Bar* (1989) 49 Cal.3d 944, 952 [264 Cal.Rptr. 346]; and see Bus. & Prof. Code, § 6077.)

[4]     In addition to the authorities identified in paragraph (b)(2), opinions of ethics committees in California, although not binding, should be consulted for guidance on proper professional conduct.  Ethics opinions and rules and standards promulgated by other jurisdictions and bar associations may also be considered.

[5]     The disciplinary standards created by these rules are not intended to address all aspects of a lawyer's professional obligations.  A lawyer, as a member of the legal profession, is a representative and advisor of clients, an officer of the legal system and a public citizen having special responsibilities for the quality of justice.  A lawyer should be aware of deficiencies in the administration of justice and of the fact that the poor, and sometimes persons* who are not poor cannot afford adequate legal assistance.  Therefore, all lawyers are encouraged to devote professional time and resources and use civic influence to ensure equal access to the system of justice for those who because of economic or social barriers cannot afford or secure adequate legal counsel.   In meeting this responsibility of the profession, every lawyer should aspire to render at least fifty hours of pro bono publico legal services per year.  The lawyer should aim to provide a substantial* majority of such hours to indigent individuals or to nonprofit organizations with a primary purpose of providing services to the poor or on behalf of the poor or disadvantaged. Lawyers may also provide financial support to organizations providing free legal services. (See Bus. & Prof. Code, § 6073.)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

2

**ATTACHMENT 1**

## Rule 1.0.1  Terminology

(a)    "Belief" or "believes" means that the person* involved actually supposes the fact in question to be true.  A person's* belief may be inferred from circumstances.

(b)    [Reserved]

(c)    "Firm" or "law firm" means a law partnership; a professional law corporation; a lawyer acting as a sole proprietorship; an association authorized to practice law; or lawyers employed in a legal services organization or in the legal department, division or office of a corporation, of a government organization, or of another organization.

(d)    "Fraud" or "fraudulent" means conduct that is fraudulent under the law of the applicable jurisdiction and has a purpose to deceive.

(e)    "Informed consent" means a person's* agreement to a proposed course of conduct after the lawyer has communicated and explained (i) the relevant circumstances and (ii) the material risks, including any actual and reasonably* foreseeable adverse consequences of the proposed course of conduct.

(e-1)    "Informed written consent" means that the disclosures and the consent required by paragraph (e) must be in writing.*

(f)    "Knowingly," "known," or "knows" means actual knowledge of the fact in question.  A person's* knowledge may be inferred from circumstances.

(g)    "Partner" means a member of a partnership, a shareholder in a law firm* organized as a professional corporation, or a member of an association authorized to practice law.

(g-1)    "Person" has the meaning stated in Evidence Code section 175.

(h)    "Reasonable" or "reasonably" when used in relation to conduct by a lawyer means the conduct of a reasonably prudent and competent lawyer.

(i)    "Reasonable belief" or "reasonably believes" when used in reference to a lawyer means that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

3

## ATTACHMENT 1

(j) "Reasonably should know" when used in reference to a lawyer means that a lawyer of reasonable prudence and competence would ascertain the matter in question.

(k) "Screened" means the isolation of a lawyer from any participation in a matter, including the timely imposition of procedures within a law firm* that are adequate under the circumstances (i) to protect information that the isolated lawyer is obligated to protect under these rules or other law; and (ii) to protect against other law firm* lawyers and nonlawyer personnel communicating with the lawyer with respect to the matter.

(l) "Substantial" when used in reference to degree or extent means a material matter of clear and weighty importance.

(m) "Tribunal" means: (i) a court, an arbitrator, an administrative law judge, or an administrative body acting in an adjudicative capacity and authorized to make a decision that can be binding on the parties involved; or (ii) a special master or other person* to whom a court refers one or more issues and whose decision or recommendation can be binding on the parties if approved by the court.

(n) "Writing" or "written" has the meaning stated in Evidence Code section 250. A "signed" writing includes an electronic sound, symbol, or process attached to or logically associated with a writing and executed, inserted, or adopted by or at the direction of a person* with the intent to sign the writing.

**Comment**

*Firm\* or Law Firm\**

[1] Practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a law firm.* However, if they present themselves to the public in a way that suggests that they are a law firm* or conduct themselves as a law firm,* they may be regarded as a law firm* for purposes of these rules. The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm,* as is the fact that they have mutual access to information concerning the clients they serve.

[2] The term "of counsel" implies that the lawyer so designated has a relationship with the law firm,* other than as a partner* or associate, or officer or shareholder, that is close, personal, continuous, and regular. Whether a lawyer who is denominated as "of counsel"

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

or by a similar term should be deemed a member of a law firm* for purposes of these rules will also depend on the specific facts.   (Compare *People ex rel. Department of Corporations v. Speedee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135 [86 Cal.Rptr.2d 816] with *Chambers v. Kay* (2002) 29 Cal.4th 142 [126 Cal.Rptr.2d 536].)

*Fraud**

[3]   When the terms "fraud"* or "fraudulent"* are used in these rules, it is not necessary that anyone has suffered damages or relied on the misrepresentation or failure to inform because requiring the proof of those elements of fraud* would impede the purpose of certain rules to prevent fraud* or avoid a lawyer assisting in the perpetration of a fraud,* or otherwise frustrate the imposition of discipline on lawyers who engage in fraudulent* conduct.  The term "fraud"* or "fraudulent"* when used in these rules does not include merely negligent misrepresentation or negligent failure to apprise another of relevant information.

*Informed Consent** *and Informed Written Consent**

[4]   The communication necessary to obtain informed consent* or informed written consent* will vary according to the rule involved and the circumstances giving rise to the need to obtain consent.

*Screened**

[5]   The purpose of screening* is to assure the affected client, former client, or prospective client that confidential information known* by the personally prohibited lawyer is neither disclosed to other law firm* lawyers or nonlawyer personnel nor used to the detriment of the person* to whom the duty of confidentiality is owed.  The personally prohibited lawyer shall acknowledge the obligation not to communicate with any of the other lawyers and nonlawyer personnel in the law firm* with respect to the matter.  Similarly, other lawyers and nonlawyer personnel in the law firm* who are working on the matter promptly shall be informed that the screening* is in place and that they may not communicate with the personally prohibited lawyer with respect to the matter.  Additional screening* measures that are appropriate for the particular matter will depend on the circumstances.  To implement, reinforce and remind all affected law firm* personnel of the presence of the screening,* it may be appropriate for the law firm* to undertake such procedures as a written* undertaking by the personally prohibited lawyer to avoid any communication with other law firm* personnel and any contact with any law firm* files or other materials relating to the matter, written* notice and instructions to all other law firm* personnel forbidding any communication with the personally prohibited lawyer relating to the matter,

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

denial of access by that lawyer to law firm* files or other materials relating to the matter, and periodic reminders of the screen* to the personally prohibited lawyer and all other law firm* personnel.

[6]     In order to be effective, screening* measures must be implemented as soon as practical after a lawyer or law firm* knows* or reasonably should know* that there is a need for screening.*

## Rule 1.1  Competence

(a)     A lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence.

(b)     For purposes of this rule, "competence" in any legal service shall mean to apply the (i) learning and skill, and (ii) mental, emotional, and physical ability reasonably* necessary for the performance of such service.

(c)     If a lawyer does not have sufficient learning and skill when the legal services are undertaken, the lawyer nonetheless may provide competent representation by (i) associating with or, where appropriate, professionally consulting another lawyer whom the lawyer reasonably believes* to be competent, (ii) acquiring sufficient learning and skill before performance is required, or (iii) referring the matter to another lawyer whom the lawyer reasonably believes* to be competent.

(d)     In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required if referral to, or association or consultation with, another lawyer would be impractical. Assistance in an emergency must be limited to that reasonably* necessary in the circumstances.

## Comment

[1]     This rule addresses only a lawyer's responsibility for his or her own professional competence.  See rules 5.1 and 5.3 with respect to a lawyer's disciplinary responsibility for supervising subordinate lawyers and nonlawyers.

[2]     See rule 1.3 with respect to a lawyer's duty to act with reasonable* diligence.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

## Rule 1.2  Scope of Representation and Allocation of Authority

(a)     Subject to rule 1.2.1, a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by rule 1.4, shall reasonably* consult with the client as to the means by which they are to be pursued.  Subject to Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6, a lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by a client's decision whether to settle a matter.  Except as otherwise provided by law in a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

(b)     A lawyer may limit the scope of the representation if the limitation is reasonable* under the circumstances, is not otherwise prohibited by law, and the client gives informed consent.*

## Comment

*Allocation of Authority between Client and Lawyer*

[1]     Paragraph (a) confers upon the client the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations.  (See, e.g., Cal. Const., art. 1, § 16; Pen. Code, § 1018.)  A lawyer retained to represent a client is authorized to act on behalf of the client, such as in procedural matters and in making certain tactical decisions.  A lawyer is not authorized merely by virtue of the lawyer's retention to impair the client's substantive rights or the client's claim itself. (*Blanton v. Womancare, Inc.* (1985) 38 Cal.3d 396, 404 [212 Cal.Rptr. 151, 156].)

[2]     At the outset of, or during a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation.  Absent a material change in circumstances and subject to rule 1.4, a lawyer may rely on such an advance authorization.  The client may revoke such authority at any time.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

*Independence from Client's Views or Activities*

[3]     A lawyer's representation of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social or moral views or activities.

*Agreements Limiting Scope of Representation*

[4]     All agreements concerning a lawyer's representation of a client must accord with the Rules of Professional Conduct and other law. (See, e.g., rules 1.1, 1.8.1, 5.6; see also Cal. Rules of Court, rules 3.35-3.37 [limited scope rules applicable in civil matters generally], 5.425 [limited scope rule applicable in family law matters].)

## Rule 1.2.1  Assisting, Soliciting, or Inducing Violations

A lawyer shall not knowingly* assist in, solicit, or induce any violation of these rules or the State Bar Act.

## Rule 1.3  Diligence

(a)     A lawyer shall not intentionally, repeatedly, recklessly or with gross negligence fail to act with reasonable diligence in representing a client.

(b)     For purposes of this rule, "reasonable diligence" shall mean that a lawyer acts with commitment and dedication to the interests of the client and does not neglect or disregard, or unduly delay a legal matter entrusted to the lawyer.

## Comment

[1]     This rule addresses only a lawyer's responsibility for his or her own professional diligence.  See rules 5.1 and 5.3 with respect to a lawyer's disciplinary responsibility for supervising subordinate lawyers and nonlawyers.

[2]     See rule 1.1 with respect to a lawyer's duty to perform legal services with competence.

## Rule 1.4  Communication with Clients

(a)     A lawyer shall:

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

8

## ATTACHMENT 1

    (1)    promptly inform the client of any decision or circumstance with respect to which disclosure or the client's informed consent* is required by these rules or the State Bar Act;

    (2)    reasonably* consult with the client about the means by which to accomplish the client's objectives in the representation;

    (3)    keep the client reasonably* informed about significant developments relating to the representation, including promptly complying with reasonable* requests for information and copies of significant documents when necessary to keep the client so informed; and

    (4)    advise the client about any relevant limitation on the lawyer's conduct when the lawyer knows* that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b)    A lawyer shall explain a matter to the extent reasonably* necessary to permit the client to make informed decisions regarding the representation.

(c)    A lawyer may delay transmission of information to a client if the lawyer reasonably believes* that the client would be likely to react in a way that may cause imminent harm to the client or others.

(d)    A lawyer's obligation under this rule to provide information and documents is subject to any applicable protective order, non-disclosure agreement, or limitation under statutory or decisional law.

## Comment

[1]    A lawyer will not be subject to discipline under paragraph (a)(3) of this rule for failing to communicate insignificant or irrelevant information. (See Bus. & Prof. Code, § 6068, subd. (m).)  Whether a particular development is significant will generally depend on the surrounding facts and circumstances.

[2]    A lawyer may comply with paragraph (a)(3) by providing to the client copies of significant documents by electronic or other means.  This rule does not prohibit a lawyer from seeking recovery of the lawyer's expense in any subsequent legal proceeding.

[3]    Paragraph (c) applies during a representation and does not alter the obligations applicable at termination of a representation. (See rule 1.16(e)(1).)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

[4]     This rule is not intended to create, augment, diminish, or eliminate any application of the work product rule.  The obligation of the lawyer to provide work product to the client shall be governed by relevant statutory and decisional law.

## Rule 1.4.1  Communication of Settlement Offers

(a)     A lawyer shall promptly communicate to the lawyer's client:

      (1)     all terms and conditions of a proposed plea bargain or other dispositive offer made to the client in a criminal matter; and

      (2)     all amounts, terms, and conditions of any written* offer of settlement made to the client in all other matters.

(b)     As used in this rule, "client" includes a person* who possesses the authority to accept an offer of settlement or plea, or, in a class action, all the named representatives of the class.

## Comment

An oral offer of settlement made to the client in a civil matter must also be communicated if it is a "significant development" under rule 1.4.

## Rule 1.4.2  Disclosure of Professional Liability Insurance

(a)     A lawyer who knows* or reasonably should know* that the lawyer does not have professional liability insurance shall inform a client in writing,* at the time of the client's engagement of the lawyer, that the lawyer does not have professional liability insurance.

(b)     If notice under paragraph (a) has not been provided at the time of a client's engagement of the lawyer, the lawyer shall inform the client in writing* within thirty days of the date the lawyer knows* or reasonably should know* that the lawyer no longer has professional liability insurance during the representation of the client.

(c)     This rule does not apply to:

      (1)     a lawyer who knows* or reasonably should know* at the time of the client's engagement of the lawyer that the lawyer's legal representation of the client

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

in the matter will not exceed four hours; provided that if the representation subsequently exceeds four hours, the lawyer must comply with paragraphs (a) and (b);

(2)     a lawyer who is employed as a government lawyer or in-house counsel when that lawyer is representing or providing legal advice to a client in that capacity;

(3)     a lawyer who is rendering legal services in an emergency to avoid foreseeable prejudice to the rights or interests of the client;

(4)     a lawyer who has previously advised the client in writing* under paragraph (a) or (b) that the lawyer does not have professional liability insurance.

**Comment**

[1]     The disclosure obligation imposed by paragraph (a) applies with respect to new clients and new engagements with returning clients.

[2]     A lawyer may use the following language in making the disclosure required by paragraph (a), and may include that language in a written* fee agreement with the client or in a separate writing:

> *"Pursuant to rule 1.4.2 of the California Rules of Professional Conduct, I am informing you in writing that I do not have professional liability insurance."*

[3]     A lawyer may use the following language in making the disclosure required by paragraph (b):

> *"Pursuant to rule 1.4.2 of the California Rules of Professional Conduct, I am informing you in writing that I no longer have professional liability insurance."*

[4]     The exception in paragraph (c)(2) for government lawyers and in-house counsels is limited to situations involving direct employment and representation, and does not, for example, apply to outside counsel for a private or governmental entity, or to counsel retained by an insurer to represent an insured.  If a lawyer is employed by and provides legal services directly for a private entity or a federal, state or local governmental entity, that entity is presumed to know* whether the lawyer is or is not covered by professional liability insurance.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

11

## ATTACHMENT 1

### Rule 1.5  Fees for Legal Services

(a)    A lawyer shall not make an agreement for, charge, or collect an unconscionable or illegal fee.

(b)    Unconscionability of a fee shall be determined on the basis of all the facts and circumstances existing at the time the agreement is entered into except where the parties contemplate that the fee will be affected by later events.  The factors to be considered in determining the unconscionability of a fee include without limitation the following:

   (1)    whether the lawyer engaged in fraud* or overreaching in negotiating or setting the fee;

   (2)    whether the lawyer has failed to disclose material facts;

   (3)    the amount of the fee in proportion to the value of the services performed;

   (4)    the relative sophistication of the lawyer and the client;

   (5)    the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

   (6)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

   (7)    the amount involved and the results obtained;

   (8)    the time limitations imposed by the client or by the circumstances;

   (9)    the nature and length of the professional relationship with the client;

   (10)   the experience, reputation, and ability of the lawyer or lawyers performing the services;

   (11)   whether the fee is fixed or contingent;

   (12)   the time and labor required; and

   (13)   whether the client gave informed consent* to the fee.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

12

# ATTACHMENT 1

(c)   A lawyer shall not make an agreement for, charge, or collect:

    (1)   any fee in a family law matter, the payment or amount of which is contingent upon the securing of a dissolution or declaration of nullity of a marriage or upon the amount of spousal or child support, or property settlement in lieu thereof; or

    (2)   a contingent fee for representing a defendant in a criminal case.

(d)   A lawyer may make an agreement for, charge, or collect a fee that is denominated as "earned on receipt" or "non-refundable," or in similar terms, only if the fee is a true retainer and the client agrees in writing* after disclosure that the client will not be entitled to a refund of all or part of the fee charged.  A true retainer is a fee that a client pays to a lawyer to ensure the lawyer's availability to the client during a specified period or on a specified matter, but not to any extent as compensation for legal services performed or to be performed.

(e)   A lawyer may make an agreement for, charge, or collect a flat fee for specified legal services.  A flat fee is a fixed amount that constitutes complete payment for the performance of described services regardless of the amount of work ultimately involved, and which may be paid in whole or in part in advance of the lawyer providing those services.

## Comment

*Prohibited Contingent Fees*

[1]   Paragraph (c)(1) does not preclude a contract for a contingent fee for legal representation in connection with the recovery of post-judgment balances due under child or spousal support or other financial orders.

*Payment of Fees in Advance of Services*

[2]   Rule 1.15(a) and (b) govern whether a lawyer must deposit in a trust account a fee paid in advance.

[3]   When a lawyer-client relationship terminates, the lawyer must refund the unearned portion of a fee.  (See rule 1.16(e)(2).)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

*Division of Fee*

[4]     A division of fees among lawyers is governed by rule 1.5.1.

*Written\* Fee Agreements*

[5]     Some fee agreements must be in writing* to be enforceable.  (See, e.g., Bus. & Prof. Code, §§ 6147 and 6148.)

## Rule 1.5.1  Fee Divisions Among Lawyers

(a)     Lawyers who are not in the same law firm* shall not divide a fee for legal services unless:

(1)     the lawyers enter into a written* agreement to divide the fee;

(2)     the client has consented in writing,* either at the time the lawyers enter into the agreement to divide the fee or as soon thereafter as reasonably* practicable, after a full written* disclosure to the client of: (i) the fact that a division of fees will be made; (ii) the identity of the lawyers or law firms* that are parties to the division; and (iii) the terms of the division; and

(3)     the total fee charged by all lawyers is not increased solely by reason of the agreement to divide fees.

(b)     This rule does not apply to a division of fees pursuant to court order.

## Comment

The writing* requirements of paragraphs (a)(1) and (a)(2) may be satisfied by one or more writings.*

## Rule 1.6  Confidential Information of a Client

(a)     A lawyer shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) unless the client gives informed consent,* or the disclosure is permitted by paragraph (b) of this rule.

(b)     A lawyer may, but is not required to, reveal information protected by Business and Professions Code section 6068, subdivision (e)(1) to the extent that the lawyer

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

14

## ATTACHMENT 1

reasonably believes* the disclosure is necessary to prevent a criminal act that the lawyer reasonably believes* is likely to result in death of, or substantial* bodily harm to, an individual, as provided in paragraph (c).

(c)    Before revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) to prevent a criminal act as provided in paragraph (b), a lawyer shall, if reasonable* under the circumstances:

    (1)    make a good faith effort to persuade the client: (i) not to commit or to continue the criminal act; or (ii) to pursue a course of conduct that will prevent the threatened death or substantial* bodily harm; or do both (i) and (ii); and

    (2)    inform the client, at an appropriate time, of the lawyer's ability or decision to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1) as provided in paragraph (b).

(d)    In revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) as provided in paragraph (b), the lawyer's disclosure must be no more than is necessary to prevent the criminal act, given the information known* to the lawyer at the time of the disclosure.

(e)    A lawyer who does not reveal information permitted by paragraph (b) does not violate this rule.

## Comment

### *Duty of confidentiality*

[1]    Paragraph (a) relates to a lawyer's obligations under Business and Professions Code section 6068, subdivision (e)(1), which provides it is a duty of a lawyer: "To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." A lawyer's duty to preserve the confidentiality of client information involves public policies of paramount importance. (*In Re Jordan* (1974) 12 Cal.3d 575, 580 [116 Cal.Rptr. 371].) Preserving the confidentiality of client information contributes to the trust that is the hallmark of the lawyer-client relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or detrimental subjects. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know* that almost all clients follow the advice given, and the law is upheld. Paragraph (a) thus recognizes a fundamental principle in the lawyer-client relationship, that, in the absence of the client's informed consent,* a lawyer must not reveal information protected by Business and Professions Code section 6068, subdivision (e)(1). (See, e.g., *Commercial Standard Title Co. v. Superior Court* (1979) 92 Cal.App.3d 934, 945 [155 Cal.Rptr.393].)

*Lawyer-client confidentiality encompasses the lawyer-client privilege, the work-product doctrine and ethical standards of confidentiality*

[2]     The principle of lawyer-client confidentiality applies to information a lawyer acquires by virtue of the representation, whatever its source, and encompasses matters communicated in confidence by the client, and therefore protected by the lawyer-client privilege, matters protected by the work product doctrine, and matters protected under ethical standards of confidentiality, all as established in law, rule and policy. (See *In the Matter of Johnson* (Rev. Dept. 2000) 4 Cal. State Bar Ct. Rptr. 179; *Goldstein v. Lees* (1975) 46 Cal.App.3d 614, 621 [120 Cal.Rptr. 253].)  The lawyer-client privilege and work-product doctrine apply in judicial and other proceedings in which a lawyer may be called as a witness or be otherwise compelled to produce evidence concerning a client. A lawyer's ethical duty of confidentiality is not so limited in its scope of protection for the lawyer-client relationship of trust and prevents a lawyer from revealing the client's information even when not subjected to such compulsion. Thus, a lawyer may not reveal such information except with the informed consent* of the client or as authorized or required by the State Bar Act, these rules, or other law.

*Narrow exception to duty of confidentiality under this rule*

[3]     Notwithstanding the important public policies promoted by lawyers adhering to the core duty of confidentiality, the overriding value of life permits disclosures otherwise prohibited by Business and Professions Code section 6068, subdivision (e)(1). Paragraph (b) is based on Business and Professions Code section 6068, subdivision (e)(2), which narrowly permits a lawyer to disclose information protected by Business and Professions Code section 6068, subdivision (e)(1) even without client consent. Evidence Code section 956.5, which relates to the evidentiary lawyer-client privilege, sets forth a similar express exception. Although a lawyer is not permitted to reveal information protected by section 6068, subdivision (e)(1) concerning a client's past, completed criminal acts, the policy favoring the preservation of human life that underlies this exception to the duty of

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

confidentiality and the evidentiary privilege permits disclosure to prevent a future or ongoing criminal act.

*Lawyer not subject to discipline for revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted under this rule*

[4]     Paragraph (b) reflects a balancing between the interests of preserving client confidentiality and of preventing a criminal act that a lawyer reasonably believes* is likely to result in death or substantial* bodily harm to an individual.  A lawyer who reveals information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted under this rule is not subject to discipline.

*No duty to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1)*

[5]     Neither Business and Professions Code section 6068, subdivision (e)(2) nor paragraph (b) imposes an affirmative obligation on a lawyer to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1) in order to prevent harm.  A lawyer may decide not to reveal such information.  Whether a lawyer chooses to reveal information protected by section 6068, subdivision (e)(1) as permitted under this rule is a matter for the individual lawyer to decide, based on all the facts and circumstances, such as those discussed in Comment [6] of this rule.

*Whether to reveal information protected by Business and Professions Code section 6068, subdivision (e) as permitted under paragraph (b)*

[6]     Disclosure permitted under paragraph (b) is ordinarily a last resort, when no other available action is reasonably* likely to prevent the criminal act.  Prior to revealing information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted by paragraph (b), the lawyer must, if reasonable* under the circumstances, make a good faith effort to persuade the client to take steps to avoid the criminal act or threatened harm.  Among the factors to be considered in determining whether to disclose information protected by section 6068, subdivision (e)(1) are the following:

      (1)     the amount of time that the lawyer has to make a decision about disclosure;

      (2)     whether the client or a third-party has made similar threats before and whether they have ever acted or attempted to act upon them;

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

17

**ATTACHMENT 1**

(3) whether the lawyer believes* the lawyer's efforts to persuade the client or a third person* not to engage in the criminal conduct have or have not been successful;

(4) the extent of adverse effect to the client's rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and analogous rights and privacy rights under Article I of the Constitution of the State of California that may result from disclosure contemplated by the lawyer;

(5) the extent of other adverse effects to the client that may result from disclosure contemplated by the lawyer; and

(6) the nature and extent of information that must be disclosed to prevent the criminal act or threatened harm.

A lawyer may also consider whether the prospective harm to the victim or victims is imminent in deciding whether to disclose the information protected by section 6068, subdivision (e)(1). However, the imminence of the harm is not a prerequisite to disclosure and a lawyer may disclose the information protected by section 6068, subdivision (e)(1) without waiting until immediately before the harm is likely to occur.

*Whether to counsel client or third person\* not to commit a criminal act reasonably\* likely to result in death or substantial\* bodily harm*

[7] Subparagraph (c)(1) provides that before a lawyer may reveal information protected by Business and Professions Code section 6068, subdivision (e)(1), the lawyer must, if reasonable* under the circumstances, make a good faith effort to persuade the client not to commit or to continue the criminal act, or to persuade the client to otherwise pursue a course of conduct that will prevent the threatened death or substantial* bodily harm, including persuading the client to take action to prevent a third person* from committing or continuing a criminal act. If necessary, the client may be persuaded to do both. The interests protected by such counseling are the client's interests in limiting disclosure of information protected by section 6068, subdivision (e) and in taking responsible action to deal with situations attributable to the client. If a client, whether in response to the lawyer's counseling or otherwise, takes corrective action — such as by ceasing the client's own criminal act or by dissuading a third person* from committing or continuing a criminal act before harm is caused — the option for permissive disclosure by the lawyer would cease because the threat posed by the criminal act would no longer be present. When the actor is a nonclient or when the act is deliberate or malicious, the lawyer who contemplates making adverse disclosure of protected information may reasonably* conclude that the

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

18

**ATTACHMENT 1**

compelling interests of the lawyer or others in their own personal safety preclude personal contact with the actor. Before counseling an actor who is a nonclient, the lawyer should, if reasonable* under the circumstances, first advise the client of the lawyer's intended course of action. If a client or another person* has already acted but the intended harm has not yet occurred, the lawyer should consider, if reasonable* under the circumstances, efforts to persuade the client or third person* to warn the victim or consider other appropriate action to prevent the harm. Even when the lawyer has concluded that paragraph (b) does not permit the lawyer to reveal information protected by section 6068, subdivision (e)(1), the lawyer nevertheless is permitted to counsel the client as to why it may be in the client's best interest to consent to the attorney's disclosure of that information.

*Disclosure of information protected by Business and Professions Code section 6068, subdivision (e)(1) must be no more than is reasonably\* necessary to prevent the criminal act*

[8]     Paragraph (d) requires that disclosure of information protected by Business and Professions Code section 6068, subdivision (e) as permitted by paragraph (b), when made, must be no more extensive than is necessary to prevent the criminal act. Disclosure should allow access to the information to only those persons* who the lawyer reasonably believes* can act to prevent the harm. Under some circumstances, a lawyer may determine that the best course to pursue is to make an anonymous disclosure to the potential victim or relevant law-enforcement authorities. What particular measures are reasonable* depends on the circumstances known* to the lawyer. Relevant circumstances include the time available, whether the victim might be unaware of the threat, the lawyer's prior course of dealings with the client, and the extent of the adverse effect on the client that may result from the disclosure contemplated by the lawyer.

*Informing client pursuant to subparagraph (c)(2) of lawyer's ability or decision to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1)*

[9]     A lawyer is required to keep a client reasonably* informed about significant developments regarding the representation. (See rule 1.4; Bus. & Prof. Code, § 6068, subd. (m).) Paragraph (c)(2), however, recognizes that under certain circumstances, informing a client of the lawyer's ability or decision to reveal information protected by section 6068, subdivision (e)(1) as permitted in paragraph (b) would likely increase the risk of death or substantial* bodily harm, not only to the originally-intended victims of the criminal act, but also to the client or members of the client's family, or to the lawyer or the lawyer's family or associates. Therefore, paragraph (c)(2) requires a lawyer to inform the client of the lawyer's ability or decision to reveal information protected by section 6068, subdivision (e)(1) as permitted in paragraph (b) only if it is reasonable* to do so under the

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

circumstances. Paragraph (c)(2) further recognizes that the appropriate time for the lawyer to inform the client may vary depending upon the circumstances. (See Comment [10] of this rule.) Among the factors to be considered in determining an appropriate time, if any, to inform a client are:

(1)     whether the client is an experienced user of legal services;

(2)     the frequency of the lawyer's contact with the client;

(3)     the nature and length of the professional relationship with the client;

(4)     whether the lawyer and client have discussed the lawyer's duty of confidentiality or any exceptions to that duty;

(5)     the likelihood that the client's matter will involve information within paragraph (b);

(6)     the lawyer's belief,* if applicable, that so informing the client is likely to increase the likelihood that a criminal act likely to result in the death of, or substantial* bodily harm to, an individual; and

(7)     the lawyer's belief,* if applicable, that good faith efforts to persuade a client not to act on a threat have failed.

*Avoiding a chilling effect on the lawyer-client relationship*

[10]   The foregoing flexible approach to the lawyer's informing a client of his or her ability or decision to reveal information protected by Business and Professions Code section 6068, subdivision (e)(1) recognizes the concern that informing a client about limits on confidentiality may have a chilling effect on client communication. (See Comment [1].) To avoid that chilling effect, one lawyer may choose to inform the client of the lawyer's ability to reveal information protected by section 6068, subdivision (e)(1) as early as the outset of the representation, while another lawyer may choose to inform a client only at a point when that client has imparted information that comes within paragraph (b), or even choose not to inform a client until such time as the lawyer attempts to counsel the client as contemplated in Comment [7]. In each situation, the lawyer will have satisfied the lawyer's obligation under paragraph (c)(2), and will not be subject to discipline.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

*Informing client that disclosure has been made; termination of the lawyer-client relationship*

[11]   When a lawyer has revealed information protected by Business and Professions Code section 6068, subdivision (e) as permitted in paragraph (b), in all but extraordinary cases the relationship between lawyer and client that is based on trust and confidence will have deteriorated so as to make the lawyer's representation of the client impossible. Therefore, when the relationship has deteriorated because of the lawyer's disclosure, the lawyer is required to seek to withdraw from the representation, unless the client has given informed consent* to the lawyer's continued representation.   The lawyer normally must inform the client of the fact of the lawyer's disclosure.   If the lawyer has a compelling interest in not informing the client, such as to protect the lawyer, the lawyer's family or a third person* from the risk of death or substantial* bodily harm, the lawyer must withdraw from the representation.  (See rule 1.16.)

*Other consequences of the lawyer's disclosure*

[12]   Depending upon the circumstances of a lawyer's disclosure of information protected by Business and Professions Code section 6068, subdivision (e)(1) as permitted by this rule, there may be other important issues that a lawyer must address.  For example, a lawyer who is likely to testify as a witness in a matter involving a client must comply with rule. 3.7.  Similarly, the lawyer must also consider his or her duties of loyalty and competence. (See rules 1.7 and 1.1.)

*Other exceptions to confidentiality under California law*

[13]   This rule is not intended to augment, diminish, or preclude any other exceptions to the duty to preserve information protected by Business and Professions Code section 6068, subdivision (e)(1) recognized under California law.

## Rule 1.7  Conflict of Interest: Current Clients

(a)   A lawyer shall not, without informed written consent* from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter.

(b)   A lawyer shall not, without informed written consent* from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

# ATTACHMENT 1

responsibilities to or relationships with another client, a former client or a third person,* or by the lawyer's own interests.

(c)     Even when a significant risk requiring a lawyer to comply with paragraph (b) is not present, a lawyer shall not represent a client without written* disclosure of the relationship to the client and compliance with paragraph (d) where:

(1)     the lawyer has, or knows* that another lawyer in the lawyer's firm* has, a legal, business, financial, professional, or personal relationship with or responsibility to a party or witness in the same matter; or

(2)     the lawyer knows* or reasonably should know* that another party's lawyer is a spouse, parent, child, or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm,* or has an intimate personal relationship with the lawyer.

(d)     Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and:

(1)     the lawyer reasonably believes* that the lawyer will be able to provide competent and diligent representation to each affected client;

(2)     the representation is not prohibited by law; and

(3)     the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

(e)     For purposes of this rule, "matter" includes any judicial or other proceeding, application, request for a ruling or other determination, contract, transaction, claim, controversy, investigation, charge, accusation, arrest, or other deliberation, decision, or action that is focused on the interests of specific persons,* or a discrete and identifiable class of persons.*

**Comment**

[1]     Loyalty and independent judgment are essential elements in the lawyer's relationship to a client.  The duty of undivided loyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed written consent.*  Thus, absent consent, a lawyer may not act as an advocate in one matter

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

22

**ATTACHMENT 1**

against a person* the lawyer represents in some other matter, even when the matters are wholly unrelated. (See *Flatt v. Superior Court* (1994) 9 Cal.4th 275 [36 Cal.Rptr.2d 537].) A directly adverse conflict under paragraph (a) can arise in a number of ways, for example, when: (i) a lawyer accepts representation of more than one client in a matter in which the interests of the clients actually conflict; (ii) a lawyer, while representing a client, accepts in another matter the representation of a person* who, in the first matter, is directly adverse to the lawyer's client; or (iii) a lawyer accepts representation of a person* in a matter in which an opposing party is a client of the lawyer or the lawyer's law firm.*  Similarly, direct adversity can arise when a lawyer cross-examines a non-party witness who is the lawyer's client in another matter, if the examination is likely to harm or embarrass the witness.  On the other hand, simultaneous representation in unrelated matters of clients whose interests are only economically adverse, such as representation of competing economic enterprises in unrelated litigation, does not ordinarily constitute a conflict of interest and thus may not require informed written consent* of the respective clients.

[2]    Paragraphs (a) and (b) apply to all types of legal representations, including the concurrent representation of multiple parties in litigation or in a single transaction or in some other common enterprise or legal relationship.  Examples of the latter include the formation of a partnership for several partners* or a corporation for several shareholders, the preparation of a pre-nuptial agreement, or joint or reciprocal wills for a husband and wife, or the resolution of an "uncontested" marital dissolution.  If a lawyer initially represents multiple clients with the informed written consent* as required under paragraph (b), and circumstances later develop indicating that direct adversity exists between the clients, the lawyer must obtain further informed written consent* of the clients under paragraph (a).

[3]    In *State Farm Mutual Automobile Insurance Company v. Federal Insurance Company* (1999) 72 Cal.App.4th 1422 [86 Cal.Rptr.2d 20], the court held that subparagraph (C)(3) of predecessor rule 3-310 was violated when a lawyer, retained by an insurer to defend one suit, and while that suit was still pending, filed a direct action against the same insurer in an unrelated action without securing the insurer's consent. Notwithstanding *State Farm*, paragraph (a) does not apply with respect to the relationship between an insurer and a lawyer when, in each matter, the insurer's interest is only as an indemnity provider and not as a direct party to the action.

[4]    Even where there is no direct adversity, a conflict of interest requiring informed written consent* under paragraph (b) exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities, interests, or relationships, whether legal, business, financial, professional, or personal.  For example, a

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

lawyer's obligations to two or more clients in the same matter, such as several individuals seeking to form a joint venture, may materially limit the lawyer's ability to recommend or advocate all possible positions that each might take because of the lawyer's duty of loyalty to the other clients. The risk is that the lawyer may not be able to offer alternatives that would otherwise be available to each of the clients. The mere possibility of subsequent harm does not itself require disclosure and informed written consent.* The critical questions are the likelihood that a difference in interests exists or will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably* should be pursued on behalf of each client. The risk that the lawyer's representation may be materially limited may also arise from present or past relationships between the lawyer, or another member of the lawyer's firm*, with a party, a witness, or another person* who may be affected substantially by the resolution of the matter.

[5]     Paragraph (c) requires written* disclosure of any of the specified relationships even if there is not a significant risk the relationship will materially limit the lawyer's representation of the client. However, if the particular circumstances present a significant risk the relationship will materially limit the lawyer's representation of the client, informed written consent* is required under paragraph (b).

[6]     Ordinarily paragraphs (a) and (b) will not require informed written consent* simply because a lawyer takes inconsistent legal positions in different tribunals* at different times on behalf of different clients. Advocating a legal position on behalf of a client that might create precedent adverse to the interests of another client represented by a lawyer in an unrelated matter is not sufficient, standing alone, to create a conflict of interest requiring informed written consent.* Informed written consent* may be required, however, if there is a significant risk that: (i) the lawyer may temper the lawyer's advocacy on behalf of one client out of concern about creating precedent adverse to the interest of another client; or (ii) the lawyer's action on behalf of one client will materially limit the lawyer's effectiveness in representing another client in a different case, for example, when a decision favoring one client will create a precedent likely to seriously weaken the position taken on behalf of the other client. Factors relevant in determining whether the clients' informed written consent* is required include: the courts and jurisdictions where the different cases are pending, whether a ruling in one case would have a precedential effect on the other case, whether the legal question is substantive or procedural, the temporal relationship between the matters, the significance of the legal question to the immediate and long-term interests of the clients involved, and the clients' reasonable* expectations in retaining the lawyer.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

24

## ATTACHMENT 1

[7]     Other rules and laws may preclude the disclosures necessary to obtain the informed written consent* or provide the information required to permit representation under this rule. (See, e.g., Bus. & Prof. Code, § 6068, subd. (e)(1) and rule 1.6.)  If such disclosure is precluded, representation subject to paragraph (a), (b), or (c) of this rule is likewise precluded.

[8]     Paragraph (d) imposes conditions that must be satisfied even if informed written consent* is obtained as required by paragraphs (a) or (b) or the lawyer has informed the client in writing* as required by paragraph (c).  There are some matters in which the conflicts are such that even informed written consent* may not suffice to permit representation.  (See *Woods v. Superior Court* (1983) 149 Cal.App.3d 931 [197 Cal.Rptr. 185]; *Klemm v. Superior Court* (1977) 75 Cal.App.3d 893 [142 Cal.Rptr. 509]; *Ishmael v. Millington* (1966) 241 Cal.App.2d 520 [50 Cal.Rptr. 592].)

[9]     This rule does not preclude an informed written consent* to a future conflict in compliance with applicable case law.  The effectiveness of an advance consent is generally determined by the extent to which the client reasonably* understands the material risks that the consent entails.  The more comprehensive the explanation of the types of future representations that might arise and the actual and reasonably* foreseeable adverse consequences to the client of those representations, the greater the likelihood that the client will have the requisite understanding.  The experience and sophistication of the client giving consent, as well as whether the client is independently represented in connection with giving consent, are also relevant in determining whether the client reasonably* understands the risks involved in giving consent.  An advance consent cannot be effective if the circumstances that materialize in the future make the conflict nonconsentable under paragraph (d).  A lawyer who obtains from a client an advance consent that complies with this rule will have all the duties of a lawyer to that client except as expressly limited by the consent.  A lawyer cannot obtain an advance consent to incompetent representation. (See rule 1.8.8.)

[10]     A material change in circumstances relevant to application of this rule may trigger a requirement to make new disclosures and, where applicable, obtain new informed written consents.*  In the absence of such consents, depending on the circumstances, the lawyer may have the option to withdraw from one or more of the representations in order to avoid the conflict.  The lawyer must seek court approval where necessary and take steps to minimize harm to the clients.  See rule 1.16.  The lawyer must continue to protect the confidences of the clients from whose representation the lawyer has withdrawn.  (See rule 1.9(c).)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

25

**ATTACHMENT 1**

[11]     For special rules governing membership in a legal service organization, see rule 6.3; and for work in conjunction with certain limited legal services programs, see rule 6.5.

## Rule 1.8.1     Business Transactions with a Client and Pecuniary Interests Adverse to a Client

A lawyer shall not enter into a business transaction with a client, or knowingly* acquire an ownership, possessory, security or other pecuniary interest adverse to a client, unless each of the following requirements has been satisfied:

(a)     the transaction or acquisition and its terms are fair and reasonable* to the client and the terms and the lawyer's role in the transaction or acquisition are fully disclosed and transmitted in writing* to the client in a manner that should reasonably* have been understood by the client;

(b)     the client either is represented in the transaction or acquisition by an independent lawyer of the client's choice or the client is advised in writing* to seek the advice of an independent lawyer of the client's choice and is given a reasonable* opportunity to seek that advice; and

(c)     the client thereafter provides informed written consent* to the terms of the transaction or acquisition, and to the lawyer's role in it.

**Comment**

[1]     A lawyer has an "other pecuniary interest adverse to a client" within the meaning of this rule when the lawyer possesses a legal right to significantly impair or prejudice the client's rights or interests without court action.  (See *Fletcher v. Davis* (2004) 33 Cal.4th 61, 68 [14 Cal.Rptr.3d 58]; see also Bus. & Prof. Code, § 6175.3 [Sale of financial products to elder or dependent adult clients; Disclosure]; Fam. Code, §§ 2033-2034 [Attorney lien on community real property].)  However, this rule does not apply to a charging lien given to secure payment of a contingency fee. (See *Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38 [108 Cal.Rptr.3d 455].)

[2]     For purposes of this rule, factors that can be considered in determining whether a lawyer is independent include whether the lawyer: (i) has a financial interest in the transaction or acquisition; and (ii) has a close legal, business, financial, professional or personal relationship with the lawyer seeking the client's consent.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

[3]     Fairness and reasonableness under paragraph (a) are measured at the time of the transaction or acquisition based on the facts that then exist.

[4]     In some circumstances, this rule may apply to a transaction entered into with a former client.  (Compare *Hunniecutt v. State Bar* (1988) 44 Cal.3d 362, 370-71 ["[W]hen an attorney enters into a transaction with a former client regarding a fund which resulted from the attorney's representation, it is reasonable to examine the relationship between the parties for indications of special trust resulting therefrom. We conclude that if there is evidence that the client placed his trust in the attorney because of the representation, an attorney-client relationship exists for the purposes of [the predecessor rule] even if the representation has otherwise ended [and] It appears that [the client] became a target of [the lawyer's] solicitation because he knew, through his representation of her, that she had recently received the settlement fund [and the court also found the client to be unsophisticated]."] with *Wallis v. State Bar* (1942) 21 Cal.2d 322 [finding lawyer not subject to discipline for entering into business transaction with a former client where the former client was a sophisticated businesswoman who had actively negotiated for terms she thought desirable, and the transaction was not connected with the matter on which the lawyer previously represented her].)

[5]     This rule does not apply to the agreement by which the lawyer is retained by the client, unless the agreement confers on the lawyer an ownership, possessory, security, or other pecuniary interest adverse to the client.  Such an agreement is governed, in part, by rule 1.5.  This rule also does not apply to an agreement to advance to or deposit with a lawyer a sum to be applied to fees, or costs or other expenses, to be incurred in the future. Such agreements are governed, in part, by rules 1.5 and 1.15.

[6]     This rule does not apply: (i) where a lawyer and client each make an investment on terms offered by a third person* to the general public or a significant portion thereof; or (ii) to standard commercial transactions for products or services that a lawyer acquires from a client on the same terms that the client generally markets them to others, where the lawyer has no advantage in dealing with the client.

## Rule 1.8.2 Use of Current Client's Information

A lawyer shall not use a client's information protected by Business and Professions Code section 6068, subdivision (e)(1) to the disadvantage of the client unless the client gives informed consent,* except as permitted by these rules or the State Bar Act.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

**Comment**

A lawyer violates the duty of loyalty by using information protected by Business and Professions Code section 6068, subdivision (e)(1) to the disadvantage of a current client.

## Rule 1.8.3  Gifts From Client

(a)     A lawyer shall not:

    (1)     solicit a client to make a substantial* gift, including a testamentary gift, to the lawyer or a person* related to the lawyer, unless the lawyer or other recipient of the gift is related to the client, or

    (2)     prepare on behalf of a client an instrument giving the lawyer or a person* related to the lawyer any substantial* gift, unless (i) the lawyer or other recipient of the gift is related to the client, or (ii) the client has been advised by an independent lawyer who has provided a certificate of independent review that complies with the requirements of Probate Code section 21384.

(b)     For purposes of this rule, related persons* include a person* who is "related by blood or affinity" as that term is defined in California Probate Code section 21374, subdivision (a).

**Comment**

[1]     A lawyer or a person* related to a lawyer may accept a gift from the lawyer's client, subject to general standards of fairness and absence of undue influence. A lawyer also does not violate this rule merely by engaging in conduct that might result in a client making a gift, such as by sending the client a wedding announcement. Discipline is appropriate where impermissible influence occurs. (See *Magee v. State Bar* (1962) 58 Cal.2d 423 [24 Cal.Rptr. 839].)

[2]     This rule does not prohibit a lawyer from seeking to have the lawyer or a partner* or associate of the lawyer named as executor of the client's estate or to another potentially lucrative fiduciary position. Such appointments, however, will be subject to rule 1.7(b) and (c).

## Rule 1.8.4  [Reserved]

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

### Rule 1.8.5  Payment of Personal or Business Expenses Incurred by or for a Client

(a)    A lawyer shall not directly or indirectly pay or agree to pay, guarantee, or represent that the lawyer or lawyer's law firm* will pay the personal or business expenses of a prospective or existing client.

(b)    Notwithstanding paragraph (a), a lawyer may:

    (1)    pay or agree to pay such expenses to third persons,* from funds collected or to be collected for the client as a result of the representation, with the consent of the client;

    (2)    after the lawyer is retained by the client, agree to lend money to the client based on the client's written* promise to repay the loan, provided the lawyer complies with rules 1.7(b), 1.7(c), and 1.8.1 before making the loan or agreeing to do so;

    (3)    advance the costs of prosecuting or defending a claim or action, or of otherwise protecting or promoting the client's interests, the repayment of which may be contingent on the outcome of the matter; and

    (4)    pay the costs of prosecuting or defending a claim or action, or of otherwise protecting or promoting the interests of an indigent person* in a matter in which the lawyer represents the client.

(c)    "Costs" within the meaning of paragraphs (b)(3) and (b)(4) are not limited to those costs that are taxable or recoverable under any applicable statute or rule of court but may include any reasonable* expenses of litigation, including court costs, and reasonable* expenses in preparing for litigation or in providing other legal services to the client.

(d)    Nothing in this rule shall be deemed to limit the application of rule 1.8.9.

### Rule 1.8.6  Compensation from One Other Than Client

A lawyer shall not enter into an agreement for, charge, or accept compensation for representing a client from one other than the client unless:

(a)    there is no interference with the lawyer's independent professional judgment or with the lawyer-client relationship;

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

29

## ATTACHMENT 1

(b)     information is protected as required by Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6; and

(c)     the lawyer obtains the client's informed written consent* at or before the time the lawyer has entered into the agreement for, charged, or accepted the compensation, or as soon thereafter as reasonably* practicable, provided that no disclosure or consent is required if:

(1)     nondisclosure or the compensation is otherwise authorized by law or a court order; or

(2)     the lawyer is rendering legal services on behalf of any public agency or nonprofit organization that provides legal services to other public agencies or the public.

**Comment**

[1]     A lawyer's responsibilities in a matter are owed only to the client except where the lawyer also represents the payor in the same matter. With respect to the lawyer's additional duties when representing both the client and the payor in the same matter, see rule 1.7.

[2]     A lawyer who is exempt from disclosure and consent requirements under paragraph (c) nevertheless must comply with paragraphs (a) and (b).

[3]     This rule is not intended to abrogate existing relationships between insurers and insureds whereby the insurer has the contractual right to unilaterally select counsel for the insured, where there is no conflict of interest. (See *San Diego Navy Federal Credit Union v. Cumis Insurance Society* (1984) 162 Cal.App.3d 358 [208 Cal.Rptr. 494].).

[4]     In some limited circumstances, a lawyer might not be able to obtain client consent before the lawyer has entered into an agreement for, charged, or accepted compensation, as required by this rule. This might happen, for example, when a lawyer is retained or paid by a family member on behalf of an incarcerated client or in certain commercial settings, such as when a lawyer is retained by a creditors' committee involved in a corporate debt restructuring and agrees to be compensated for any services to be provided to other similarly situated creditors who have not yet been identified. In such limited situations, paragraph (c) permits the lawyer to comply with this rule as soon thereafter as is reasonably* practicable.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

[5]     This rule is not intended to alter or diminish a lawyer's obligations under rule 5.4(c).

## Rule 1.8.7  Aggregate Settlements

(a)     A lawyer who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregate agreement as to guilty or nolo contendere pleas, unless each client gives informed written consent.* The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person* in the settlement.

(b)     This rule does not apply to class action settlements subject to court approval.

## Rule 1.8.8  Limiting Liability to Client

A lawyer shall not:

(a)     Contract with a client prospectively limiting the lawyer's liability to the client for the lawyer's professional malpractice; or

(b)     Settle a claim or potential claim for the lawyer's liability to a client or former client for the lawyer's professional malpractice, unless the client or former client is either:

    (1)     represented by an independent lawyer concerning the settlement; or

    (2)     advised in writing* by the lawyer to seek the advice of an independent lawyer of the client's choice regarding the settlement and given a reasonable* opportunity to seek that advice.

## Comment

[1]     Paragraph (b) does not absolve the lawyer of the obligation to comply with other law.  (See, e.g., Bus. & Prof. Code, § 6090.5.)

[2]     This rule does not apply to customary qualifications and limitations in legal opinions and memoranda, nor does it prevent a lawyer from reasonably* limiting the scope of the lawyer's representation.  (See rule 1.2(b).)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

## Rule 1.8.9  Purchasing Property at a Foreclosure or a Sale Subject to Judicial Review

(a)     A lawyer shall not directly or indirectly purchase property at a probate, foreclosure, receiver's, trustee's, or judicial sale in an action or proceeding in which such lawyer or any lawyer affiliated by reason of personal, business, or professional relationship with that lawyer or with that lawyer's law firm* is acting as a lawyer for a party or as executor, receiver, trustee, administrator, guardian, or conservator.

(b)     A lawyer shall not represent the seller at a probate, foreclosure, receiver, trustee, or judicial sale in an action or proceeding in which the purchaser is a spouse or relative of the lawyer or of another lawyer in the lawyer's law firm* or is an employee of the lawyer or the lawyer's law firm.*

(c)     This rule does not prohibit a lawyer's participation in transactions that are specifically authorized by and comply with Probate Code sections 9880 through 9885, but such transactions remain subject to the provisions of rules 1.8.1 and 1.7.

**Comment**

A lawyer may lawfully participate in a transaction involving a probate proceeding which concerns a client by following the process described in Probate Code sections 9880-9885. These provisions, which permit what would otherwise be impermissible self-dealing by specific submissions to and approval by the courts, must be strictly followed in order to avoid violation of this rule.

## Rule 1.8.10  Sexual Relations With Current Client

(a)     A lawyer shall not engage in sexual relations with a current client who is not the lawyer's spouse or registered domestic partner, unless a consensual sexual relationship existed between them when the lawyer-client relationship commenced.

(b)     For purposes of this rule, "sexual relations" means sexual intercourse or the touching of an intimate part of another person* for the purpose of sexual arousal, gratification, or abuse.

(c)     If a person* other than the client alleges a violation of this rule, no Notice of Disciplinary Charges may be filed by the State Bar against a lawyer under this rule until the State Bar has attempted to obtain the client's statement regarding, and has

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

considered, whether the client would be unduly burdened by further investigation or a charge.

**Comment**

[1]   Although this rule does not apply to a consensual sexual relationship that exists when a lawyer-client relationship commences, the lawyer nevertheless must comply with all other applicable rules.  (See, e.g., rules 1.1, 1.7, and 2.1.)

[2]   When the client is an organization, this rule applies to a lawyer for the organization (whether inside counsel or outside counsel) who has sexual relations with a constituent of the organization who supervises, directs or regularly consults with that lawyer concerning the organization's legal matters.  (See rule 1.13.)

[3]   Business and Professions Code section 6106.9, including the requirement that the complaint be verified, applies to charges under subdivision (a) of that section.  This rule and the statute impose different obligations.

## Rule 1.8.11  Imputation of Prohibitions Under Rules 1.8.1 to 1.8.9

While lawyers are associated in a law firm,* a prohibition in rules 1.8.1 through 1.8.9 that applies to any one of them shall apply to all of them.

**Comment**

A prohibition on conduct by an individual lawyer in rules 1.8.1 through 1.8.9 also applies to all lawyers associated in a law firm* with the personally prohibited lawyer.  For example, one lawyer in a law firm* may not enter into a business transaction with a client of another lawyer associated in the law firm* without complying with rule 1.8.1, even if the first lawyer is not personally involved in the representation of the client.  This rule does not apply to rule 1.8.10 since the prohibition in that rule is personal and is not applied to associated lawyers.

## Rule 1.9  Duties to Former Clients

(a)   A lawyer who has formerly represented a client in a matter shall not thereafter represent another person* in the same or a substantially related matter in which that person's* interests are materially adverse to the interests of the former client unless the former client gives informed written consent.*

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(b)    A lawyer shall not knowingly* represent a person* in the same or a substantially related matter in which a firm* with which the lawyer formerly was associated had previously represented a client

    (1)    whose interests are materially adverse to that person;* and

    (2)    about whom the lawyer had acquired information protected by Business and Professions Code section 6068, subdivision (e) and rules 1.6 and 1.9(c) that is material to the matter;

    unless the former client gives informed written consent.*

(c)    A lawyer who has formerly represented a client in a matter or whose present or former firm* has formerly represented a client in a matter shall not thereafter:

    (1)    use information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client to the disadvantage of the former client except as these rules or the State Bar Act would permit with respect to a current client, or when the information has become generally known;* or

    (2)    reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client except as these rules or the State Bar Act permit with respect to a current client.

**Comment**

[1]    After termination of a lawyer-client relationship, the lawyer owes two duties to a former client.  The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which the lawyer represented the former client, or (ii) at any time use against the former client knowledge or information acquired by virtue of the previous relationship.  (See *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811 [124 Cal.Rptr.3d 256]; *Wutchumna Water Co. v. Bailey* (1932) 216 Cal. 564 [15 P.2d 505].)  For example, (i) a lawyer could not properly seek to rescind on behalf of a new client a contract drafted on behalf of the former client and (ii) a lawyer who has prosecuted an accused person* could not represent the accused in a subsequent civil action against the government concerning the same matter.  (See also Bus. & Prof. Code, § 6131; 18 U.S.C. § 207(a).) These duties exist to preserve a client's trust in the lawyer and to encourage the client's candor in communications with the lawyer.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

34

**ATTACHMENT 1**

[2]     For what constitutes a "matter" for purposes of this rule, see rule 1.7(e).

[3]     Two matters are "the same or substantially related" for purposes of this rule if they involve a substantial* risk of a violation of one of the two duties to a former client described above in Comment [1].  For example, this will occur: (i) if the matters involve the same transaction or legal dispute or other work performed by the lawyer for the former client; or (ii) if the lawyer normally would have obtained information in the prior representation that is protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6, and the lawyer would be expected to use or disclose that information in the subsequent representation because it is material to the subsequent representation.

[4]     Paragraph (b) addresses a lawyer's duties to a client who has become a former client because the lawyer no longer is associated with the law firm* that represents or represented the client.  In that situation, the lawyer has a conflict of interest only when the lawyer involved has actual knowledge of information protected by Business and Professions Code section 6068, subdivision (e) and rules 1.6 and 1.9(c).  Thus, if a lawyer while with one firm* acquired no knowledge or information relating to a particular client of the firm,* and that lawyer later joined another firm,* neither the lawyer individually nor lawyers in the second firm* would violate this rule by representing another client in the same or a related matter even though the interests of the two clients conflict.  See rule 1.10(b) for the restrictions on lawyers in a firm* once a lawyer has terminated association with the firm.*

[5]     The fact that information can be discovered in a public record does not, by itself, render that information generally known* under paragraph (c).  (See, e.g., *In the Matter of Johnson* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 179.)

[6]     With regard to the effectiveness of an advance consent, see rule 1.7, Comment [9].  With regard to imputation of conflicts to lawyers in a firm* with which a lawyer is or was formerly associated, see rule 1.10.  Current and former government lawyers must comply with this rule to the extent required by rule 1.11.

## Rule 1.10  Imputation Of Conflicts Of Interest: General Rule

(a)     While lawyers are associated in a firm,* none of them shall knowingly* represent a client when any one of them practicing alone would be prohibited from doing so by rules 1.7 or 1.9, unless

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(1)    the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm;* or

(2)    the prohibition is based upon rule 1.9(a) or (b) and arises out of the prohibited lawyer's association with a prior firm,* and

    (i)    the prohibited lawyer did not substantially participate in the same or a substantially related matter;

    (ii)    the prohibited lawyer is timely screened* from any participation in the matter and is apportioned no part of the fee therefrom; and

    (iii)    written* notice is promptly given to any affected former client to enable the former client to ascertain compliance with the provisions of this rule, which shall include a description of the screening* procedures employed; and an agreement by the firm* to respond promptly to any written* inquiries or objections by the former client about the screening* procedures.

(b)    When a lawyer has terminated an association with a firm,* the firm* is not prohibited from thereafter representing a person* with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm,* unless:

(1)    the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2)    any lawyer remaining in the firm* has information protected by Business and Professions Code section 6068, subdivision (e) and rules 1.6 and 1.9(c) that is material to the matter.

(c)    A prohibition under this rule may be waived by each affected client under the conditions stated in rule 1.7.

(d)    The imputation of a conflict of interest to lawyers associated in a firm* with former or current government lawyers is governed by rule 1.11.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

36

## ATTACHMENT 1

**Comment**

[1]    In determining whether a prohibited lawyer's previously participation was substantial,* a number of factors should be considered, such as the lawyer's level of responsibility in the prior matter, the duration of the lawyer's participation, the extent to which the lawyer advised or had personal contact with the former client, and the extent to which the lawyer was exposed to confidential information of the former client likely to be material in the current matter.

[2]    Paragraph (a) does not prohibit representation by others in the law firm* where the person* prohibited from involvement in a matter is a nonlawyer, such as a paralegal or legal secretary.  Nor does paragraph (a) prohibit representation if the lawyer is prohibited from acting because of events before the person* became a lawyer, for example, work that the person* did as a law student. Such persons,* however, ordinarily must be screened* from any personal participation in the matter. (See rules 1.0.1(k) and 5.3.)

[3]    Paragraph (a)(2)(ii) does not prohibit the screened* lawyer from receiving a salary or partnership share established by prior independent agreement, but that lawyer may not receive compensation directly related to the matter in which the lawyer is prohibited.

[4]    Where a lawyer is prohibited from engaging in certain transactions under rules 1.8.1 through 1.8.9, rule 1.8.11, and not this rule, determines whether that prohibition also applies to other lawyers associated in a firm* with the personally prohibited lawyer.

[5]    The responsibilities of managerial and supervisory lawyers prescribed by rules 5.1 and 5.3 apply to screening* arrangements implemented under this rule.

[6]    Standards for disqualification, and whether in a particular matter (1) a lawyer's conflict will be imputed to other lawyers in the same firm,* or (2) the use of a timely screen* is effective to avoid that imputation, are also the subject of statutes and case law. (See, e.g., Code Civ. Proc., § 128, subd. (a)(5); Pen. Code, § 1424; *In re Charlisse* C. (2008) 45 Cal.4th 145 [84 Cal.Rptr.3d 597]; *Rhaburn v. Superior Court* (2006) 140 Cal.App.4th 1566 [45 Cal.Rptr.3d 464]; *Kirk v. First American Title Ins. Co.* (2010) 183 Cal.App.4th 776 [108 Cal.Rptr.3d 620].)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

## Rule 1.11  Special Conflicts of Interest for Former and Current Government Officials and Employees

(a)     Except as law may otherwise expressly permit, a lawyer who has formerly served as a public official or employee of the government:

    (1)     is subject to rule 1.9(c); and

    (2)     shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public official or employee, unless the appropriate government agency gives its informed written consent* to the representation.  This paragraph shall not apply to matters governed by rule 1.12(a).

(b)     When a lawyer is prohibited from representation under paragraph (a), no lawyer in a firm* with which that lawyer is associated may knowingly* undertake or continue representation in such a matter unless:

    (1)     the personally prohibited lawyer is timely screened* from any participation in the matter and is apportioned no part of the fee therefrom; and

    (2)     written* notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule

(c)     Except as law may otherwise expressly permit, a lawyer who was a public official or employee and, during that employment, acquired information that the lawyer knows* is confidential government information about a person,* may not represent a private client whose interests are adverse to that person* in a matter in which the information could be used to the material disadvantage of that person.*  As used in this rule, the term "confidential government information" means information that has been obtained under governmental authority, that, at the time this rule is applied, the government is prohibited by law from disclosing to the public, or has a legal privilege not to disclose, and that is not otherwise available to the public.  A firm* with which that lawyer is associated may undertake or continue representation in the matter only if the personally prohibited lawyer is timely screened* from any participation in the matter and is apportioned no part of the fee therefrom.

(d)     Except as law may otherwise expressly permit, a lawyer currently serving as a public official or employee:

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(1) is subject to rules 1.7 and 1.9; and

(2) shall not:

  (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate government agency gives its informed written consent;* or

  (ii) negotiate for private employment with any person* who is involved as a party, or as a lawyer for a party, or with a law firm* for a party, in a matter in which the lawyer is participating personally and substantially, except that a lawyer serving as a law clerk to a judge, other adjudicative officer or arbitrator may negotiate for private employment as permitted by rule 1.12(b) and subject to the conditions stated in rule 1.12(b).

**Comment**

[1] Rule 1.10 is not applicable to the conflicts of interest addressed by this rule.

[2] For what constitutes a "matter" for purposes of this rule, see rule 1.7(e).

[3] Paragraphs (a)(2) and (d)(2) apply regardless of whether a lawyer is adverse to a former client. Both provisions apply when the former public official or employee of the government has personally and substantially participated in the matter. Personal participation includes both direct participation and the supervision of a subordinate's participation. Substantial* participation requires that the lawyer's involvement be of significance to the matter. Participation may be substantial* even though it is not determinative of the outcome of a particular matter. However, it requires more than official responsibility, knowledge, perfunctory involvement, or involvement on an administrative or peripheral issue. A finding of substantiality should be based not only on the effort devoted to the matter, but also on the importance of the effort. Personal and substantial* participation may occur when, for example, a lawyer participates through decision, approval, disapproval, recommendation, investigation or the rendering of advice in a particular matter.

[4] By requiring a former government lawyer to comply with rule 1.9(c), paragraph (a)(1) protects information obtained while working for the government to the same extent as information learned while representing a private client. This provision applies regardless of whether the lawyer was working in a "legal" capacity. Thus, information

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

learned by the lawyer while in public service in an administrative, policy, or advisory position also is covered by paragraph (a)(1).

[5]     Paragraph (c) operates only when the lawyer in question has actual knowledge of the information; it does not operate with respect to information that merely could be imputed to the lawyer.

[6]     When a lawyer has been employed by one government agency and then moves to a second government agency, it may be appropriate to treat that second agency as another client for purposes of this rule, as when a lawyer is employed by a city and subsequently is employed by a federal agency. Because conflicts of interest are governed by paragraphs (a) and (b), the latter agency is required to screen* the lawyer. Whether two government agencies should be regarded as the same or different clients for conflict of interest purposes is beyond the scope of these rules. (See rule 1.13, Comment [6]; see also *Civil Service Commission v. Superior Court* (1984) 163 Cal.App.3d 70, 76-78 [209 Cal.Rptr. 159].)

[7]     Paragraphs (b) and (c) do not prohibit a lawyer from receiving a salary or partnership share established by prior independent agreement, but that lawyer may not receive compensation directly relating the lawyer's compensation to the fee in the matter in which the lawyer is personally prohibited from participating.

[8]     Paragraphs (a) and (d) do not prohibit a lawyer from jointly representing a private party and a government agency when doing so is permitted by rule 1.7 and is not otherwise prohibited by law.

[9]     A lawyer serving as a public official or employee of the government may participate in a matter in which the lawyer participated substantially while in private practice or non-governmental employment only if: (i) the government agency gives its informed written consent* as required by paragraph (d)(2)(i); and (ii) the former client gives its informed written consent* as required by rule 1.9, to which the lawyer is subject by paragraph (d)(1).

[10]    This rule is not intended to address whether in a particular matter: (i) a lawyer's conflict under paragraph (d) will be imputed to other lawyers serving in the same governmental agency; or (ii) the use of a timely screen* will avoid that imputation. The imputation and screening* rules for lawyers moving from private practice into government service under paragraph (d) are left to be addressed by case law and its development. (See *City & County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 847, 851-54 [43 Cal.Rptr.3d 776]; *City of Santa Barbara v. Superior Court* (2004) 122 Cal.App.4th 17, 26-27 [18 Cal.Rptr.3d 403].) Regarding the standards for recusals of prosecutors in criminal matters, see Penal Code section 1424; *Haraguchi v. Superior Court* (2008) 43 Cal.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

4th 706, 711-20 [76 Cal.Rptr.3d 250]; and *Hollywood v. Superior Court* (2008) 43 Cal.4th 721, 727-35 [76 Cal.Rptr.3d 264].   Concerning prohibitions against former prosecutors participating in matters in which they served or participated in as prosecutor, see, e.g., Business and Professions Code section 6131 and 18 United States Code section 207(a).

## Rule 1.12  Former Judge, Arbitrator, Mediator, Or Other Third-Party Neutral

(a)     Except as stated in paragraph (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge or other adjudicative officer, judicial staff attorney or law clerk to such a person* or as an arbitrator, mediator, or other third-party neutral, unless all parties to the proceeding give informed written consent.*

(b)     A lawyer shall not seek employment from any person* who is involved as a party or as lawyer for a party, or with a law firm* for a party, in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer or as an arbitrator, mediator, or other third party neutral.  A lawyer serving as a judicial staff attorney or law clerk to a judge or other adjudicative officer may seek employment from a party, or with a lawyer or a law firm* for a party, in a matter in which the staff attorney or clerk is participating personally and substantially, but only with the approval of the court.

(c)     If a lawyer is prohibited from representation by paragraph (a), other lawyers in a firm* with which that lawyer is associated may knowingly* undertake or continue representation in the matter only if:

(1)     the prohibition does not arise from the lawyer's service as a mediator or settlement judge;

(2)     the prohibited lawyer is timely screened* from any participation in the matter and is apportioned no part of the fee therefrom; and

(3)     written* notice is promptly given to the parties and any appropriate tribunal* to enable them to ascertain compliance with the provisions of this rule.

(d)     An arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

**Comment**

[1]     Paragraphs (a) and (b) apply when a former judge or other adjudicative officer, or a judicial staff attorney or law clerk to such a person,* or an arbitrator, mediator, or other third-party neutral, has personally and substantially participated in the matter.  Personal participation includes both direct participation and the supervision of a subordinate's participation, as may occur in a chambers with several staff attorneys or law clerks. Substantial* participation requires that the lawyer's involvement was of significance to the matter. Participation may be substantial* even though it was not determinative of the outcome of a particular case or matter.  A finding of substantiality should be based not only on the effort devoted to the matter, but also on the importance of the effort.  Personal and substantial* participation may occur when, for example, the lawyer participated through decision, recommendation, or the rendering of advice on a particular case or matter. However, a judge who was a member of a multi-member court, and thereafter left judicial office to practice law, is not prohibited from representing a client in a matter pending in the court, but in which the former judge did not participate, or acquire material confidential information.  The fact that a former judge exercised administrative responsibility in a court also does not prevent the former judge from acting as a lawyer in a matter where the judge had previously exercised remote or incidental administrative responsibility that did not affect the merits, such as uncontested procedural duties typically performed by a presiding or supervising judge or justice.  The term "adjudicative officer" includes such officials as judges pro tempore, referees, and special masters.

[2]     Other law or codes of ethics governing third-party neutrals may impose more stringent standards of personal or imputed disqualification.  (See rule 2.4.)

[3]     Paragraph (c)(2) does not prohibit the screened* lawyer from receiving a salary or partnership share established by prior independent agreement, but that lawyer may not receive compensation directly related to the matter in which the lawyer is personally prohibited from participating.

## Rule 1.13  Organization as Client

(a)     A lawyer employed or retained by an organization shall conform his or her representation to the concept that the client is the organization itself, acting through its duly authorized directors, officers, employees, members, shareholders, or other constituents overseeing the particular engagement.

(b)     If a lawyer representing an organization knows* that a constituent is acting, intends to act or refuses to act in a matter related to the representation in a manner that the

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

42

## ATTACHMENT 1

lawyer knows* or reasonably should know* is (i) a violation of a legal obligation to the organization or a violation of law reasonably* imputable to the organization, and (ii) likely to result in substantial* injury to the organization, the lawyer shall proceed as is reasonably* necessary in the best lawful interest of the organization. Unless the lawyer reasonably believes* that it is not necessary in the best lawful interest of the organization to do so, the lawyer shall refer the matter to higher authority in the organization, including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization as determined by applicable law.

(c)   In taking any action pursuant to paragraph (b), the lawyer shall not reveal information protected by Business and Professions Code section 6068, subdivision (e).

(d)   If, despite the lawyer's actions in accordance with paragraph (b), the highest authority that can act on behalf of the organization insists upon action, or fails to act, in a manner that is a violation of a legal obligation to the organization or a violation of law reasonably* imputable to the organization, and is likely to result in substantial* injury to the organization, the lawyer shall continue to proceed as is reasonably* necessary in the best lawful interests of the organization. The lawyer's response may include the lawyer's right and, where appropriate, duty to resign or withdraw in accordance with rule 1.16.

(e)   A lawyer who reasonably believes* that he or she has been discharged because of the lawyer's actions taken pursuant to paragraph (b), or who resigns or withdraws under circumstances described in paragraph (d), shall proceed as the lawyer reasonably believes* necessary to assure that the organization's highest authority is informed of the lawyer's discharge, resignation, or withdrawal.

(f)   In dealing with an organization's constituents, a lawyer representing the organization shall explain the identity of the lawyer's client whenever the lawyer knows* or reasonably should know* that the organization's interests are adverse to those of the constituent(s) with whom the lawyer is dealing.

(g)   A lawyer representing an organization may also represent any of its constituents, subject to the provisions of rules 1.7, 1.8.2, 1.8.6, and 1.8.7. If the organization's consent to the dual representation is required by any of these rules, the consent shall be given by an appropriate official, constituent, or body of the organization other than the individual who is to be represented, or by the shareholders.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

43

# ATTACHMENT 1

**Comment**

*The Entity as the Client*

[1]     This rule applies to all forms of private, public and governmental organizations. (See Comment [6].) An organizational client can only act through individuals who are authorized to conduct its affairs. The identity of an organization's constituents will depend on its form, structure, and chosen terminology. For example, in the case of a corporation, constituents include officers, directors, employees and shareholders. In the case of other organizational forms, constituents include the equivalents of officers, directors, employees, and shareholders. For purposes of this rule, any agent or fiduciary authorized to act on behalf of an organization is a constituent of the organization.

[2]     A lawyer ordinarily must accept decisions an organization's constituents make on behalf of the organization, even if the lawyer questions their utility or prudence. It is not within the lawyer's province to make decisions on behalf of the organization concerning policy and operations, including ones entailing serious risk. A lawyer, however, has a duty to inform the client of significant developments related to the representation under Business and Professions Code section 6068, subdivision (m) and rule 1.4. Even when a lawyer is not obligated to proceed in accordance with paragraph (b), the lawyer may refer to higher authority, including the organization's highest authority, matters that the lawyer reasonably believes* are sufficiently important to refer in the best interest of the organization subject to Business and Professions Code section 6068, subdivision (e) and rule 1.6.

[3]     Paragraph (b) distinguishes between knowledge of the conduct and knowledge of the consequences of that conduct. When a lawyer knows* of the conduct, the lawyer's obligations under paragraph (b) are triggered when the lawyer knows* or reasonably should know* that the conduct is (i) a violation of a legal obligation to the organization, or a violation of law reasonably* imputable to the organization, and (ii) likely to result in substantial* injury to the organization.

[4]     In determining how to proceed under paragraph (b), the lawyer should consider the seriousness of the violation and its potential consequences, the responsibility in the organization and the apparent motivation of the person* involved, the policies of the organization concerning such matters, and any other relevant considerations. Ordinarily, referral to a higher authority would be necessary. In some circumstances, however, the lawyer may ask the constituent to reconsider the matter. For example, if the circumstances involve a constituent's innocent misunderstanding of law and subsequent acceptance of the lawyer's advice, the lawyer may reasonably* conclude that the best interest of the organization does not require that the matter be referred to higher authority. If a constituent

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

44

## ATTACHMENT 1

persists in conduct contrary to the lawyer's advice, it will be necessary for the lawyer to take steps to have the matter reviewed by a higher authority in the organization. If the matter is of sufficient seriousness and importance or urgency to the organization, referral to higher authority in the organization may be necessary even if the lawyer has not communicated with the constituent. For the responsibility of a subordinate lawyer in representing an organization, see rule 5.2.

[5]    In determining how to proceed in the best lawful interests of the organization, a lawyer should consider the extent to which the organization should be informed of the circumstances, the actions taken by the organization with respect to the matter and the direction the lawyer has received from the organizational client.

*Governmental Organizations*

[6]    It is beyond the scope of this rule to define precisely the identity of the client and the lawyer's obligations when representing a governmental agency. Although in some circumstances the client may be a specific agency, it may also be a branch of government or the government as a whole. In a matter involving the conduct of government officials, a government lawyer may have authority under applicable law to question such conduct more extensively than that of a lawyer for a private organization in similar circumstances. Duties of lawyers employed by the government or lawyers in military service may be defined by statutes and regulations. In addition, a governmental organization may establish internal organizational rules and procedures that identify an official, agency, organization, or other person* to serve as the designated recipient of whistle-blower reports from the organization's lawyers, consistent with Business and Professions Code section 6068, subdivision (e) and rule 1.6. This rule is not intended to limit that authority.

## Rule 1.14  [Reserved]

## Rule 1.15  Safekeeping Funds and Property of Clients and Other Persons*

(a)    All funds received or held by a lawyer or law firm* for the benefit of a client, or other person* to whom the lawyer owes a contractual, statutory, or other legal duty, including advances for fees, costs and expenses, shall be deposited in one or more identifiable bank accounts labeled "Trust Account" or words of similar import, maintained in the State of California, or, with written* consent of the client, in any other jurisdiction where there is a substantial* relationship between the client or the client's business and the other jurisdiction.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

45

## ATTACHMENT 1

(b)     Notwithstanding paragraph (a), a flat fee paid in advance for legal services may be deposited in a lawyer's or law firm's operating account, provided:

    (1)     the lawyer or law firm* discloses to the client in writing* (i) that the client has a right under paragraph (a) to require that the flat fee be deposited in an identified trust account until the fee is earned, and (ii) that the client is entitled to a refund of any amount of the fee that has not been earned in the event the representation is terminated or the services for which the fee has been paid are not completed; and

    (2)     if the flat fee exceeds $1,000.00, the client's agreement to deposit the flat fee in the lawyer's operating account and the disclosures required by paragraph (b)(1) are set forth in a writing* signed by the client.

(c)     Funds belonging to the lawyer or the law firm* shall not be deposited or otherwise commingled with funds held in a trust account except:

    (1)     funds reasonably* sufficient to pay bank charges; and

    (2)     funds belonging in part to a client or other person* and in part presently or potentially to the lawyer or the law firm,* in which case the portion belonging to the lawyer or law firm* must be withdrawn at the earliest reasonable* time after the lawyer or law firm's interest in that portion becomes fixed. However, if a client or other person* disputes the lawyer or law firm's right to receive a portion of trust funds, the disputed portion shall not be withdrawn until the dispute is finally resolved.

(d)     A lawyer shall:

    (1)     promptly notify a client or other person* of the receipt of funds, securities, or other property in which the lawyer knows* or reasonably should know* the client or other person* has an interest;

    (2)     identify and label securities and properties of a client or other person* promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable;

    (3)     maintain complete records of all funds, securities, and other property of a client or other person* coming into the possession of the lawyer or law firm;*

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

46

## ATTACHMENT 1

(4) promptly account in writing* to the client or other person* for whom the lawyer holds funds or property;

(5) preserve records of all funds and property held by a lawyer or law firm* under this rule for a period of no less than five years after final appropriate distribution of such funds or property;

(6) comply with any order for an audit of such records issued pursuant to the Rules of Procedure of the State Bar; and

(7) promptly distribute, as requested by the client or other person,* any undisputed funds or property in the possession of the lawyer or law firm* that the client or other person* is entitled to receive.

(e) The Board of Trustees of the State Bar shall have the authority to formulate and adopt standards as to what "records" shall be maintained by lawyers and law firms* in accordance with subparagraph (d)(3). The standards formulated and adopted by the Board, as from time to time amended, shall be effective and binding on all lawyers.

*Standards:*

Pursuant to this rule, the Board of Trustees of the State Bar adopted the following standards, effective _____, as to what "records" shall be maintained by lawyers and law firms* in accordance with subparagraph (d)(3).

(1) A lawyer shall, from the date of receipt of funds of the client or other person* through the period ending five years from the date of appropriate disbursement of such funds, maintain:

(a) a written* ledger for each client or other person* on whose behalf funds are held that sets forth:

(i) the name of such client or other person;*

(ii) the date, amount and source of all funds received on behalf of such client or other person;*

(iii) the date, amount, payee and purpose of each disbursement made on behalf of such client or other person;* and

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

        (iv)    the current balance for such client or other person;*

    (b)    a written* journal for each bank account that sets forth:

        (i)    the name of such account;

        (ii)    the date, amount and client affected by each debit and credit; and

        (iii)    the current balance in such account;

    (c)    all bank statements and cancelled checks for each bank account; and

    (d)    each monthly reconciliation (balancing) of (a), (b), and (c).

(2)    A lawyer shall, from the date of receipt of all securities and other properties held for the benefit of client or other person* through the period ending five years from the date of appropriate disbursement of such securities and other properties, maintain a written* journal that specifies:

    (a)    each item of security and property held;

    (b)    the person* on whose behalf the security or property is held;

    (c)    the date of receipt of the security or property;

    (d)    the date of distribution of the security or property; and

    (e)    person* to whom the security or property was distributed.

**Comment**

[1]    Whether a lawyer owes a contractual, statutory or other legal duty under paragraph (a) to hold funds on behalf of a person* other than a client in situations where client funds are subject to a third-party lien will depend on the relationship between the lawyer and the third-party, whether the lawyer has assumed a contractual obligation to the third person* and whether the lawyer has an independent obligation to honor the lien under a statute or other law.  In certain circumstances, a lawyer may be civilly liable when the lawyer has notice of a lien and disburses funds in contravention of the lien. (See *Kaiser Foundation Health Plan, Inc. v. Aguiluz* (1996) 47 Cal.App.4th 302 [54 Cal.Rptr.2d 665].)  However,

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

civil liability by itself does not establish a violation of this rule.  (Compare *Johnstone v. State Bar of California* (1966) 64 Cal.2d 153, 155-156 [49 Cal.Rptr. 97] ["'When an attorney assumes a fiduciary relationship and violates his duty in a manner that would justify disciplinary action if the relationship had been that of attorney and client, he may properly be disciplined for his misconduct.'"] with *Crooks v. State Bar* (1970) 3 Cal.3d 346, 358 [90 Cal.Rptr. 600] [lawyer who agrees to act as escrow or stakeholder for a client and a third-party owes a duty to the nonclient with regard to held funds].)

[2]     As used in this rule, "advances for fees" means a payment intended by the client as an advance payment for some or all of the services that the lawyer is expected to perform on the client's behalf.  With respect to the difference between a true retainer and a flat fee, which is one type of advance fee, see rule 1.5(d) and (e).  Subject to rule 1.5, a lawyer or law firm* may enter into an agreement that defines when or how an advance fee is earned and may be withdrawn from the client trust account.

[3]     Absent written* disclosure and the client's agreement in a writing* signed by the client as provided in paragraph (b), a lawyer must deposit a flat fee paid in advance of legal services in the lawyer's trust account.  Paragraph (b) does not apply to advance payment for costs and expenses.  Paragraph (b) does not alter the lawyer's obligations under paragraph (d) or the lawyer's burden to establish that the fee has been earned.

## Rule 1.16  Declining Or Terminating Representation

(a)     Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1)     the lawyer knows* or reasonably should know* that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;*

(2)     the lawyer knows* or reasonably should know* that the representation will result in violation of these rules or of the State Bar Act;

(3)     the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively; or

(4)     the client discharges the lawyer.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(b)     Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

    (1)     the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;

    (2)     the client either seeks to pursue a criminal or fraudulent* course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes* was a crime or fraud;*

    (3)     the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;*

    (4)     the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;

    (5)     the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable* warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

    (6)     the client knowingly* and freely assents to termination of the representation;

    (7)     the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;

    (8)     the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

    (9)     a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or

    (10)     the lawyer believes* in good faith, in a proceeding pending before a tribunal,* that the tribunal* will find the existence of other good cause for withdrawal.

(c)     If permission for termination of a representation is required by the rules of a tribunal,* a lawyer shall not terminate a representation before that tribunal* without its permission.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(d)    A lawyer shall not terminate a representation until the lawyer has taken reasonable* steps to avoid reasonably* foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e).

(e)    Upon the termination of a representation for any reason:

    (1)    subject to any applicable protective order, non-disclosure agreement, statute or regulation, the lawyer promptly shall release to the client, at the request of the client, all client materials and property. "Client materials and property" includes correspondence, pleadings, deposition transcripts, experts' reports and other writings,* exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably* necessary to the client's representation, whether the client has paid for them or not; and

    (2)    the lawyer promptly shall refund any part of a fee or expense paid in advance that the lawyer has not earned or incurred. This provision is not applicable to a true retainer fee paid solely for the purpose of ensuring the availability of the lawyer for the matter.

**Comment**

[1]    This rule applies, without limitation, to a sale of a law practice under rule 1.17. A lawyer can be subject to discipline for improperly threatening to terminate a representation. (See *In the Matter of Shalant* (Review Dept. 2005) 4 Cal. State Bar Ct. Rptr. 829, 837.)

[2]    When a lawyer withdraws from the representation of a client in a particular matter under paragraph (a) or (b), the lawyer might not be obligated to withdraw from the representation of the same client in other matters. For example, a lawyer might be obligated under paragraph (a)(1) to withdraw from representing a client because the lawyer has a   conflict of interest under rule 1.7, but that conflict might not arise in other representations of the client.

[3]    Withdrawal under paragraph (a)(1) is not mandated where a lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, or involuntary commitment or confinement, defends the proceeding by requiring that every element of the case be established. (See rule 3.1(b).)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

[4]     Lawyers must comply with their obligations to their clients under Business and Professions Code section 6068, subdivision (e) and rule 1.6, and to the courts under rule 3.3 when seeking permission to withdraw under paragraph (c).  If a tribunal* denies a lawyer permission to withdraw, the lawyer is obligated to comply with the tribunal's* order.  (See Bus. & Prof. Code, §§ 6068, subd. (b) and 6103.)  This duty applies even if the lawyer sought permission to withdraw because of a conflict of interest.  Regarding withdrawal from limited scope representations that involve court appearances, compliance with applicable California Rules of Court concerning limited scope representation satisfies paragraph (c).

[5]     Statutes may prohibit a lawyer from releasing information in the client materials and property under certain circumstances. (See, e.g., Pen. Code, §§ 1054.2 and 1054.10.)

[6]     Paragraph (e)(1) does not prohibit a lawyer from making, at the lawyer's own expense, and retaining copies of papers released to the client, or to prohibit a claim for the recovery of the lawyer's expense in any subsequent legal proceeding.

## Rule 1.17  Sale of a Law Practice

All or substantially* all of the law practice of a lawyer, living or deceased, including goodwill, may be sold to another lawyer or law firm* subject to all the following conditions:

(a)     Fees charged to clients shall not be increased solely by reason of the sale.

(b)     If the sale contemplates the transfer of responsibility for work not yet completed or responsibility for client files or information protected by Business and Professions Code section 6068, subdivision (e)(1), then;

> (1)     if the seller is deceased, or has a conservator or other person* acting in a representative capacity, and no lawyer has been appointed to act for the seller pursuant to Business and Professions Code section 6180.5, then prior to the transfer;

>> (i)     the purchaser shall cause a written* notice to be given to each client whose matter is included in the sale, stating that the interest in the law practice is being transferred to the purchaser; that the client has the right to retain other counsel; that the client may take possession of any client materials and property, as required by rule 1.16(e)(1); and that if no response is received to the notice within 90 days after it is sent, or if the client's rights would be prejudiced by a failure of the

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

purchaser to act during that time, the purchaser may act on behalf of the client until otherwise notified by the client, and

(ii)     the purchaser shall obtain the written\* consent of the client. If reasonable\* efforts have been made to locate the client and no response to the paragraph (b)(1)(i) notice is received within 90 days, consent shall be presumed until otherwise notified by the client.

(2)     in all other circumstances, not less than 90 days prior to the transfer;

(i)     the seller, or the lawyer appointed to act for the seller pursuant to Business and Professions Code section 6180.5, shall cause a written\* notice to be given to each client whose matter is included in the sale, stating that the interest in the law practice is being transferred to the purchaser; that the client has the right to retain other counsel; that the client may take possession of any client materials and property, as required by rule 1.16(e)(1); and that if no response is received to the notice within 90 days after it is sent, or if the client's rights would be prejudiced by a failure of the purchaser to act during that time, the purchaser may act on behalf of the client until otherwise notified by the client, and

(ii)     the seller, or the lawyer appointed to act for the seller pursuant to Business and Professions Code section 6180.5, shall obtain the written\* consent of the client prior to the transfer. If reasonable\* efforts have been made to locate the client and no response to the paragraph (b)(2)(i) notice is received within 90 days, consent shall be presumed until otherwise notified by the client.

(c)     If substitution is required by the rules of a tribunal\* in which a matter is pending, all steps necessary to substitute a lawyer shall be taken.

(d)     The purchaser shall comply with the applicable requirements of rules 1.7 and 1.9.

(e)     Confidential information shall not be disclosed to a nonlawyer in connection with a sale under this rule.

(f)     This rule does not apply to the admission to or retirement from a law firm,\* retirement plans and similar arrangements, or sale of tangible assets of a law practice.

An asterisk (\*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

53

**ATTACHMENT 1**

**Comment**

[1]     The requirement that the sale be of "all or substantially* all of the law practice of a lawyer" prohibits the sale of only a field or area of practice or the seller's practice in a geographical area or in a particular jurisdiction.  The prohibition against the sale of less than all or substantially* all of a practice protects those clients whose matters are less lucrative and who might find it difficult to secure other counsel if a sale could be limited to substantial* fee-generating matters.  The purchasers are required to undertake all client matters sold in the transaction, subject to client consent.  This requirement is satisfied, however, even if a purchaser is unable to undertake a particular client matter because of a conflict of interest.

[2]     Under paragraph (a), the purchaser must honor existing arrangements between the seller and the client as to fees and scope of work and the sale may not be financed by increasing fees charged for client matters transferred through the sale.  However, fee increases or other changes to the fee arrangements might be justified by other factors, such as modifications of the purchaser's responsibilities, the passage of time, or reasonable* costs that were not addressed in the original agreement.  Any such modifications must comply with rules 1.4 and 1.5 and other relevant provisions of these rules and the State Bar Act.

[3]     Transfer of individual client matters, where permitted, is governed by rule 1.5.1. Payment of a fee to a nonlawyer broker for arranging the sale or purchase of a law practice is governed by rule 5.4(a).

## Rule 1.18  Duties To Prospective Client

(a)     A person* who, directly or through an authorized representative, consults a lawyer for the purpose of retaining the lawyer or securing legal service or advice from the lawyer in the lawyer's professional capacity, is a prospective client.

(b)     Even when no lawyer-client relationship ensues, a lawyer who has communicated with a prospective client shall not use or reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 that the lawyer learned as a result of the consultation, except as rule 1.9 would permit with respect to information of a former client.

(c)     A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

related matter if the lawyer received from the prospective client information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 that is material to the matter, except as provided in paragraph (d). If a lawyer is prohibited from representation under this paragraph, no lawyer in a firm* with which that lawyer is associated may knowingly* undertake or continue representation in such a matter, except as provided in paragraph (d).

(d)    When the lawyer has received information that prohibits representation as provided in paragraph (c), representation of the affected client is permissible if:

    (1)    both the affected client and the prospective client have given informed written consent,* or

    (2)    the lawyer who received the information took reasonable* measures to avoid exposure to more information than was reasonably* necessary to determine whether to represent the prospective client; and

        (i)    the prohibited lawyer is timely screened* from any participation in the matter and is apportioned no part of the fee therefrom; and

        (ii)    written* notice is promptly given to the prospective client to enable the prospective client to ascertain compliance with the provisions of this rule.

**Comment**

[1]    As used in this rule, a prospective client includes a person's* authorized representative. A lawyer's discussions with a prospective client can be limited in time and depth and leave both the prospective client and the lawyer free, and sometimes required, to proceed no further. Although a prospective client's information is protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 the same as that of a client, in limited circumstances provided under paragraph (d), a law firm* is permitted to accept or continue representation of a client with interests adverse to the prospective client. This rule is not intended to limit the application of Evidence Code section 951 (defining "client" within the meaning of the Evidence Code).

[2]    Not all persons* who communicate information to a lawyer are entitled to protection under this rule. A person* who by any means communicates information unilaterally to a lawyer, without reasonable* expectation that the lawyer is willing to discuss the possibility of forming a lawyer-client relationship or provide legal advice is not a "prospective client" within the meaning of paragraph (a). In addition, a person* who discloses information to

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

a lawyer after the lawyer has stated his or her unwillingness or inability to consult with the person* (*People v. Gionis* (1995) 9 Cal.4th 1196 [40 Cal.Rptr.2d 456]), or who communicates information to a lawyer without a good faith intention to seek legal advice or representation, is not a prospective client within the meaning of paragraph (a).

[3]     In order to avoid acquiring information from a prospective client that would prohibit representation as provided in paragraph (c), a lawyer considering whether or not to undertake a new matter must limit the initial interview to only such information as reasonably* appears necessary for that purpose.

[4]     Under paragraph (c), the prohibition in this rule is imputed to other lawyers in a law firm* as provided in rule 1.10.  However, under paragraph (d)(1), the consequences of imputation may be avoided if the informed written consent* of both the prospective and affected clients is obtained.  (See rule 1.0.1(e-1) [informed written consent].)  In the alternative, imputation may be avoided if the conditions of paragraph (d)(2) are met and all prohibited lawyers are timely screened* and written* notice is promptly given to the prospective client.  Paragraph (d)(2)(i) does not prohibit the screened* lawyer from receiving a salary or partnership share established by prior independent agreement, but that lawyer may not receive compensation directly related to the matter in which the lawyer is prohibited.

[5]     Notice under paragraph (d)(2)(ii) must include a general description of the subject matter about which the lawyer was consulted, and the screening* procedures employed.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

# ATTACHMENT 1

# COUNSELOR

## Rule 2.1 Advisor

In representing a client, a lawyer shall exercise independent professional judgment and render candid advice.

### Comment

[1]     A lawyer ordinarily has no duty to initiate investigation of a client's affairs or to give advice that the client has indicated is unwanted, but a lawyer may initiate advice to a client when doing so appears to be in the client's interest.

[2]     This rule does not preclude a lawyer who renders advice from referring to considerations other than the law, such as moral, economic, social and political factors that may be relevant to the client's situation.

## Rule 2.2  [Reserved]

## Rule 2.3  [Reserved]

## Rule 2.4  Lawyer as Third-Party Neutral

(a)     A lawyer serves as a third-party neutral when the lawyer assists two or more persons* who are not clients of the lawyer to reach a resolution of a dispute, or other matter, that has arisen between them.  Service as a third-party neutral may include service as an arbitrator, a mediator or in such other capacity as will enable the lawyer to assist the parties to resolve the matter.

(b)     A lawyer serving as a third-party neutral shall inform unrepresented parties that the lawyer is not representing them.  When the lawyer knows* or reasonably should know* that a party does not understand the lawyer's role in the matter, the lawyer shall explain the difference between the lawyer's role as a third-party neutral and a lawyer's role as one who represents a client.

### Comment

[1]     In serving as a third-party neutral, the lawyer may be subject to court rules or other law that apply either to third-party neutrals generally or to lawyers serving as third-party neutrals.  Lawyer neutrals may also be subject to various codes of ethics, such as the

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

Judicial Council Standards for Mediators in Court Connected Mediation Programs or the Judicial Council Ethics Standards for Neutral Arbitrators in Contractual Arbitration.

[2]     A lawyer who serves as a third-party neutral subsequently may be asked to serve as a lawyer representing a client in the same matter.  The conflicts of interest that arise for both the individual lawyer and the lawyer's law firm* are addressed in rule 1.12.

[3]     This rule is not intended to apply to temporary judges, referees or court-appointed arbitrators.  (See rule 2.4.1.)

### Rule 2.4.1  Lawyer as Temporary Judge, Referee, or Court-Appointed Arbitrator

A lawyer who is serving as a temporary judge, referee, or court-appointed arbitrator, and is subject to canon 6D of the California Code of Judicial Ethics, shall comply with the terms of that canon.

### Comment

[1]     This rule is intended to permit the State Bar to discipline lawyers who violate applicable portions of the California Code of Judicial Ethics while acting in a judicial capacity pursuant to an order or appointment by a court.

[2]     This rule is not intended to apply to a lawyer serving as a third-party neutral in a mediation or a settlement conference, or as a neutral arbitrator pursuant to an arbitration agreement.  (See rule 2.4.)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

## ADVOCATE

## Rule 3.1  Meritorious Claims and Contentions

(a)     A lawyer shall not:

    (1)     bring or continue an action, conduct a defense, assert a position in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;* or

    (2)     present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law.

(b)     A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, or involuntary commitment or confinement, may nevertheless defend the proceeding by requiring that every element of the case be established.

## Rule 3.2  Delay of Litigation

In representing a client, a lawyer shall not use means that have no substantial* purpose other than to delay or prolong the proceeding or to cause needless expense.

## Comment

See rule 1.3 with respect to a lawyer's duty to act with reasonable* diligence and rule 3.1(b) with respect to a lawyer's representation of a defendant in a criminal proceeding.  See also Business and Professions Code section 6128, subdivision (b).

## Rule 3.3  Candor Toward The Tribunal*

(a)     A lawyer shall not:

    (1)     knowingly make a false statement of fact or law to a tribunal* or fail to correct a false statement of material fact or law previously made to the tribunal* by the lawyer;

    (2)     fail to disclose to the tribunal* legal authority in the controlling jurisdiction known* to the lawyer to be directly adverse to the position of the client and

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

not disclosed by opposing counsel, or knowingly misquote to a tribunal* the language of a book, statute, decision or other authority; or

(3)   offer evidence that the lawyer knows* to be false.  If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know* of its falsity, the lawyer shall take reasonable* remedial measures, including, if necessary, disclosure to the tribunal,* unless disclosure is prohibited by Business and Professions Code section 6068, subdivision (e) and rule 1.6.  A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes* is false.

(b)   A lawyer who represents a client in a proceeding before a tribunal* and who knows* that a person* intends to engage, is engaging or has engaged in criminal or fraudulent* conduct related to the proceeding shall take reasonable* remedial measures to the extent permitted by Business and Professions Code section 6068, subdivision (e) and rule 1.6.

(c)   The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding.

(d)   In an ex parte proceeding where notice to the opposing party in the proceeding is not required or given and the opposing party is not present, a lawyer shall inform the tribunal* of all material facts known* to the lawyer that will enable the tribunal* to make an informed decision, whether or not the facts are adverse to the position of the client.

**Comment**

[1]   This rule governs the conduct of a lawyer in proceedings of a tribunal,* including ancillary proceedings such as a deposition conducted pursuant to a tribunal's* authority.  See rule 1.0.1(m) for the definition of "tribunal."

[2]   The prohibition in paragraph (a)(1) against making false statements of law or failing to correct a material misstatement of law includes citing as authority a decision that has been overruled or a statute that has been repealed or declared unconstitutional, or failing to correct such a citation previously made to the tribunal* by the lawyer.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

*Legal Argument*

[3]     Legal authority in the controlling jurisdiction may include legal authority outside the jurisdiction in which the tribunal* sits, such as a federal statute or case that is determinative of an issue in a state court proceeding or a Supreme Court decision that is binding on a lower court.

[4]     The duties stated in paragraphs (a) and (b) apply to all lawyers, including defense counsel in criminal cases.  If a lawyer knows* that a client intends to testify falsely or wants the lawyer to introduce false evidence, the lawyer should seek to persuade the client that the evidence should not be offered and, if unsuccessful, must refuse to offer the false evidence. If a criminal defendant insists on testifying, and the lawyer knows* that the testimony will be false, the lawyer may offer the testimony in a narrative form if the lawyer made reasonable* efforts to dissuade the client from the unlawful course of conduct and the lawyer has sought permission from the court to withdraw as required by rule 1.16.  (See, e.g., *People v. Johnson* (1998) 62 Cal.App.4th 608 [72 Cal.Rptr.2d 805]; *People v. Jennings* (1999) 70 Cal.App.4th 899 [83 Cal.Rptr.2d 33].)  The obligations of a lawyer under these rules and the State Bar Act are subordinate to applicable constitutional provisions.

*Remedial Measures*

[5]     Reasonable* remedial measures under paragraphs (a)(3) and (b) refer to measures that are available under these rules and the State Bar Act, and which a reasonable* lawyer would consider appropriate under the circumstances to comply with the lawyer's duty of candor to the tribunal.*  (See, e.g., rules 1.2.1, 1.4(a)(4), 1.16(a), 8.4; Bus. & Prof. Code, §§ 6068, subd. (d), 6128.)  Remedial measures also include explaining to the client the lawyer's obligations under this rule and, where applicable, the reasons for the lawyer's decision to seek permission from the tribunal* to withdraw, and remonstrating further with the client to take corrective action that would eliminate the need for the lawyer to withdraw.  If the client is an organization, the lawyer should also consider the provisions of rule 1.13.  Remedial measures do not include disclosure of client confidential information, which the lawyer is required to protect under Business and Professions Code section 6068, subdivision (e) and rule 1.6.

*Duration of Obligation*

[6]     A proceeding has concluded within the meaning of this rule when a final judgment in the proceeding has been affirmed on appeal or the time for review has passed.  A prosecutor may have obligations that go beyond the scope of this rule. (See, e.g., rule 3.8(f) and (g).)


An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

61

## ATTACHMENT 1

*Ex Parte Communications*

[7]    Paragraph (d) does not apply to ex parte communications that are not otherwise prohibited by law or the tribunal.*

*Withdrawal*

[8]    A lawyer's compliance with the duty of candor imposed by this rule does not require that the lawyer withdraw from the representation.  The lawyer may, however, be required by rule 1.16 to seek permission of the tribunal* to withdraw if the lawyer's compliance with this rule results in a deterioration of the lawyer-client relationship such that the lawyer can no longer competently and diligently represent the client, or where continued employment will result in a violation of these rules.  A lawyer must comply with Business and Professions Code section 6068, subdivision (e) and rule 1.6 with respect to a request to withdraw that is premised on a client's misconduct.

[9]    In addition to this rule, lawyers remain bound by Business and Professions Code sections 6068, subdivision (d) and 6106.

## Rule 3.4  Fairness to Opposing Party and Counsel

A lawyer shall not:

(a)    unlawfully obstruct another party's access to evidence, including a witness, or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value.  A lawyer shall not counsel or assist another person* to do any such act;

(b)    suppress any evidence that the lawyer or the lawyer's client has a legal obligation to reveal or to produce;

(c)    falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(d)    directly or indirectly pay, offer to pay, or acquiesce in the payment of compensation to a witness contingent upon the content of the witness's testimony or the outcome of the case.  Except where prohibited by law, a lawyer may advance, guarantee, or acquiesce in the payment of:

(1)    expenses reasonably* incurred by a witness in attending or testifying;

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

(2)    reasonable* compensation to a witness for loss of time in attending or testifying; or

(3)    a reasonable* fee for the professional services of an expert witness;

(e)    advise or directly or indirectly cause a person* to secrete himself or herself or to leave the jurisdiction of a tribunal* for the purpose of making that person* unavailable as a witness therein;

(f)    knowingly* disobey an obligation under the rules of a tribunal* except for an open refusal based on an assertion that no valid obligation exists; or

(g)    in trial, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the guilt or innocence of an accused.

**Comment**

[1]    Paragraph (a) applies to evidentiary material generally, including computerized information.  It is a criminal offense to destroy material for purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen.  (See, e.g., Pen. Code, § 135; 18 U.S.C. §§ 1501-1520.)  Falsifying evidence is also generally a criminal offense.  (See, e.g., Pen. Code, § 132; 18 U.S.C. § 1519.)  Applicable law may permit a lawyer to take temporary possession of physical evidence of client crimes for the purpose of conducting a limited examination that will not alter or destroy material characteristics of the evidence.  Applicable law may require a lawyer to turn evidence over to the police or other prosecuting authorities, depending on the circumstances.  (See *People v. Lee* (1970) 3 Cal.App.3d 514, 526 [83 Cal.Rptr. 715]; *People v. Meredith* (1981) 29 Cal.3d 682 [175 Cal.Rptr. 612].)

[2]    A violation of a civil or criminal discovery rule or statute does not by itself establish a violation of this rule.  See rule 3.8 for special disclosure responsibilities of a prosecutor.

## Rule 3.5  Contact With Judges, Officials, Employees, and Jurors

(a)    Except as permitted by statute, an applicable code of judicial ethics or code of judicial conduct, or standards governing employees of a tribunal,* a lawyer shall not directly or indirectly give or lend anything of value to a judge, official, or employee of a tribunal.*  This rule does not prohibit a lawyer from contributing to

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

the campaign fund of a judge or judicial officer running for election or confirmation pursuant to applicable law pertaining to such contributions.

(b)  Unless permitted to do so by law, an applicable code of judicial ethics or code of judicial conduct, a rule or ruling of a tribunal,* or a court order, a lawyer shall not directly or indirectly communicate with or argue to a judge or judicial officer upon the merits of a contested matter pending before the judge or judicial officer, except:

  (1)  in open court;

  (2)  with the consent of all other counsel and any unrepresented parties in the matter;

  (3)  in the presence of all other counsel and any unrepresented parties in the matter;

  (4)  in writing* with a copy thereof furnished to all other counsel and any unrepresented parties in the matter; or

  (5)  in ex parte matters.

(c)  As used in this rule, "judge" and "judicial officer" shall also include: (i) administrative law judges; (ii) neutral arbitrators; (iii) State Bar Court judges; (iv) members of an administrative body acting in an adjudicative capacity; and (v) law clerks, research attorneys, or other court personnel who participate in the decision-making process, including referees, special masters, or other persons* to whom a court refers one or more issues and whose decision or recommendation can be binding on the parties if approved by the court.

(d)  A lawyer connected with a case shall not communicate directly or indirectly with anyone the lawyer knows* to be a member of the venire from which the jury will be selected for trial of that case.

(e)  During trial, a lawyer connected with the case shall not communicate directly or indirectly with any juror.

(f)  During trial, a lawyer who is not connected with the case shall not communicate directly or indirectly concerning the case with anyone the lawyer knows* is a juror in the case.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

64

## ATTACHMENT 1

(g)    After discharge of the jury from further consideration of a case a lawyer shall not communicate directly or indirectly with a juror if:

    (1)    the communication is prohibited by law or court order;

    (2)    the juror has made known* to the lawyer a desire not to communicate; or

    (3)    the communication involves misrepresentation, coercion, or duress, or is intended to harass or embarrass the juror or to influence the juror's actions in future jury service.

(h)    A lawyer shall not directly or indirectly conduct an out of court investigation of a person* who is either a member of a venire or a juror in a manner likely to influence the state of mind of such person* in connection with present or future jury service.

(i)    All restrictions imposed by this rule also apply to communications with, or investigations of, members of the family of a person* who is either a member of a venire or a juror.

(j)    A lawyer shall reveal promptly to the court improper conduct by a person* who is either a member of a venire or a juror, or by another toward a person* who is either a member of a venire or a juror or a member of his or her family, of which the lawyer has knowledge.

(k)    This rule does not prohibit a lawyer from communicating with persons* who are members of a venire or jurors as a part of the official proceedings.

(l)    For purposes of this rule, "juror" means any empaneled, discharged, or excused juror.

**Comment**

[1]    An applicable code of judicial ethics or code of judicial conduct under this rule includes the California Code of Judicial Ethics and the Code of Conduct for United States Judges. Regarding employees of a tribunal* not subject to judicial ethics or conduct codes, applicable standards include the Code of Ethics for the Court Employees of California and 5 United States Code section 7353 (Gifts to Federal employees). The statutes applicable to adjudicatory proceedings of state agencies generally are contained in the Administrative Procedure Act (Gov. Code, § 11340 et seq.; see Gov. Code, § 11370 [listing statutes with

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

the act].)  State and local agencies also may adopt their own regulations and rules governing communications with members or employees of a tribunal.*

[2]     For guidance on permissible communications with a juror in a criminal action after discharge of the jury, see Code of Civil Procedure section 206.

[3]     It is improper for a lawyer to communicate with a juror who has been removed, discharged, or excused from an empaneled jury, regardless of whether notice is given to other counsel, until such time as the entire jury has been discharged from further service or unless the communication is part of the official proceedings of the case.

## Rule 3.6 Trial Publicity

(a)     A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows* or reasonably should know* will (i) be disseminated by means of public communication and (ii) have a substantial* likelihood of materially prejudicing an adjudicative proceeding in the matter.

(b)     Notwithstanding paragraph (a), but only to the extent permitted by Business and Professions Code section 6068, subdivision (e) and rule 1.6, lawyer may state:

   (1)     the claim, offense or defense involved and, except when prohibited by law, the identity of the persons* involved;

   (2)     information contained in a public record;

   (3)     that an investigation of a matter is in progress;

   (4)     the scheduling or result of any step in litigation;

   (5)     a request for assistance in obtaining evidence and information necessary thereto;

   (6)     a warning of danger concerning the behavior of a person* involved, when there is reason to believe* that there exists the likelihood of substantial* harm to an individual or to the public but only to the extent that dissemination by public communication is reasonably* necessary to protect the individual or the public; and

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(7)     in a criminal case, in addition to subparagraphs (1) through (6):

      (i)     the identity, general area of residence, and occupation of the accused;

      (ii)     if the accused has not been apprehended, the information necessary to aid in apprehension of that person;*

      (iii)     the fact, time, and place of arrest; and

      (iv)     the identity of investigating and arresting officers or agencies and the length of the investigation.

(c)     Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable* lawyer would believe* is required to protect a client from the substantial* undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

(d)     No lawyer associated in a law firm* or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

## Comment

[1]     Whether an extrajudicial statement violates this rule depends on many factors, including: (i) whether the extrajudicial statement presents information clearly inadmissible as evidence in the matter for the purpose of proving or disproving a material fact in issue; (ii) whether the extrajudicial statement presents information the lawyer knows* is false, deceptive, or the use of which would violate Business and Professions Code section 6068, subdivision (d) or rule 3.3; (iii) whether the extrajudicial statement violates a lawful "gag" order, or protective order, statute, rule of court, or special rule of confidentiality, for example, in juvenile, domestic, mental disability, and certain criminal proceedings, (see Bus. & Prof. Code, § 6068, subd. (a) and rule 3.4(f), which require compliance with such obligations); and (iv) the timing of the statement.

[2]     This rule applies to prosecutors and criminal defense counsel. See rule 3.8(e) for additional duties of prosecutors in connection with extrajudicial statements about criminal proceedings.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

### Rule 3.7  Lawyer as Witness

(a)     A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:

    (1)     the lawyer's testimony relates to an uncontested issue or matter;

    (2)     the lawyer's testimony relates to the nature and value of legal services rendered in the case; or

    (3)     the lawyer has obtained informed written consent* from the client.  If the lawyer represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the lawyer is employed.

(b)     A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm* is likely to be called as a witness unless precluded from doing so by rule 1.7 or rule 1.9.

### Comment

[1]     This rule applies to a trial before a jury, judge, administrative law judge or arbitrator. This rule does not apply to other adversarial proceedings.  This rule also does not apply in non-adversarial proceedings, as where a lawyer testifies on behalf of a client in a hearing before a legislative body.

[2]     A lawyer's obligation to obtain informed written consent* may be satisfied when the lawyer makes the required disclosure, and the client gives informed consent* on the record in court before a licensed court reporter or court recorder who prepares a transcript or recording of the disclosure and consent.  See definition of "written" in rule 1.0.1(n).

[3]     Notwithstanding a client's informed written consent,* courts retain discretion to take action, up to and including disqualification of a lawyer who seeks to both testify and serve as an advocate, to protect the trier of fact from being misled or the opposing party from being prejudiced. (See, e.g., *Lyle v. Superior Court* (1981) 122 Cal.App.3d 470 [175 Cal.Rptr. 918].)

### Rule 3.8  Special Responsibilities of a Prosecutor

The prosecutor in a criminal case shall:

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

68

## ATTACHMENT 1

(a)     not institute or continue to prosecute a charge that the prosecutor knows* is not supported by probable cause;

(b)     make reasonable* efforts to assure that the accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable* opportunity to obtain counsel;

(c)     not seek to obtain from an unrepresented accused a waiver of important pretrial rights unless the tribunal* has approved the appearance of the accused in propria persona;

(d)     make timely disclosure to the defense of all evidence or information known* to the prosecutor that the prosecutor knows* or reasonably should know* tends to negate the guilt of the accused, mitigate the offense, or mitigate the sentence, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal;* and

(e)     exercise reasonable* care to prevent persons* under the supervision or direction of the prosecutor, including investigators, law enforcement personnel, employees or other persons* assisting or associated with the prosecutor in a criminal case from making an extrajudicial statement that the prosecutor would be prohibited from making under rule 3.6.

(f)     When a prosecutor knows* of new, credible and material evidence creating a reasonable* likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall:

  (1)     promptly disclose that evidence to an appropriate court or authority, and

  (2)     if the conviction was obtained in the prosecutor's jurisdiction,

    (i)     promptly disclose that evidence to the defendant unless a court authorizes delay, and

    (ii)     undertake further investigation, or make reasonable* efforts to cause an investigation, to determine whether the defendant was convicted of an offense that the defendant did not commit.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

69

## ATTACHMENT 1

(g)     When a prosecutor knows* of clear and convincing evidence establishing that a defendant in the prosecutor's jurisdiction was convicted of an offense that the defendant did not commit, the prosecutor shall seek to remedy the conviction.

**Comment**

[1]     A prosecutor has the responsibility of a minister of justice and not simply that of an advocate.  This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice, that guilt is decided upon the basis of sufficient evidence, and that special precautions are taken to prevent and to rectify the conviction of innocent persons.*  This rule is intended to achieve those results.  All lawyers in government service remain bound by rules 3.1 and 3.4.

[2]     Paragraph (c) does not forbid the lawful questioning of an uncharged suspect who has knowingly* waived the right to counsel and the right to remain silent.  Paragraph (c) also does not forbid prosecutors from seeking from an unrepresented accused a reasonable* waiver of time for initial appearance or preliminary hearing as a means of facilitating the accused's voluntary cooperation in an ongoing law enforcement investigation.

[3]     The disclosure obligations in paragraph (d) are not limited to evidence or information that is material as defined by *Brady v. Maryland* (1963) 373 U.S. 83 [83 S.Ct. 1194] and its progeny.  For example, these obligations include, at a minimum, the duty to disclose impeachment evidence or information that a prosecutor knows* or reasonably should know* casts significant doubt on the accuracy or admissibility of witness testimony on which the prosecution intends to rely.  Paragraph (d) does not require disclosure of information protected from disclosure by federal or California laws and rules, as interpreted by case law or court orders.  Nothing in this rule is intended to be applied in a manner inconsistent with statutory and constitutional provisions governing discovery in California courts.  A disclosure's timeliness will vary with the circumstances, and paragraph (d) is not intended to impose timing requirements different from those established by statutes, procedural rules, court orders, and case law interpreting those authorities and the California and federal constitutions.

[4]     The exception in paragraph (d) recognizes that a prosecutor may seek an appropriate protective order from the tribunal* if disclosure of information to the defense could result in substantial* harm to an individual or to the public interest.

[5]     Paragraph (e) supplements rule 3.6, which prohibits extrajudicial statements that have a substantial* likelihood of prejudicing an adjudicatory proceeding.  Paragraph (e) is

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

not intended to restrict the statements which a prosecutor may make which comply with rule 3.6(b) or 3.6(c).

[6]     Prosecutors have a duty to supervise the work of subordinate lawyers and nonlawyer employees or agents.  (See rules 5.1 and 5.3.)  Ordinarily, the reasonable* care standard of paragraph (e) will be satisfied if the prosecutor issues the appropriate cautions to law enforcement personnel and other relevant individuals.

[7]     When a prosecutor knows* of new, credible and material evidence creating a reasonable* likelihood that a person* outside the prosecutor's jurisdiction was convicted of a crime that the person* did not commit, paragraph (f) requires prompt disclosure to the court or other appropriate authority, such as the chief prosecutor of the jurisdiction where the conviction occurred.  If the conviction was obtained in the prosecutor's jurisdiction, paragraph (f) requires the prosecutor to examine the evidence and undertake further investigation to determine whether the defendant is in fact innocent or make reasonable* efforts to cause another appropriate authority to undertake the necessary investigation, and to promptly disclose the evidence to the court and, absent court authorized delay, to the defendant.  Disclosure to a represented defendant must be made through the defendant's counsel, and, in the case of an unrepresented defendant, would ordinarily be accompanied by a request to a court for the appointment of counsel to assist the defendant in taking such legal measures as may be appropriate. (See rule 4.2.)

[8]     Under paragraph (g), once the prosecutor knows* of clear and convincing evidence that the defendant was convicted of an offense that the defendant did not commit, the prosecutor must seek to remedy the conviction. Depending upon the circumstances, steps to remedy the conviction could include disclosure of the evidence to the defendant, requesting that the court appoint counsel for an unrepresented indigent defendant and, where appropriate, notifying the court that the prosecutor has knowledge that the defendant did not commit the offense of which the defendant was convicted.

[9]     A prosecutor's independent judgment, made in good faith, that the new evidence is not of such nature as to trigger the obligations of paragraphs (f) and (g), though subsequently determined to have been erroneous, does not constitute a violation of this rule.

## Rule 3.9  Advocate in Nonadjudicative Proceedings

A lawyer representing a client before a legislative body or administrative agency in connection with a pending nonadjudicative matter or proceeding shall disclose that the

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

appearance is in a representative capacity, except when the lawyer seeks information from an agency that is available to the public.

**Comment**

This rule only applies when a lawyer represents a client in connection with an official hearing or meeting of a governmental agency or a legislative body to which the lawyer or the lawyer's client is presenting evidence or argument. It does not apply to representation of a client in a negotiation or other bilateral transaction with a governmental agency or in connection with an application for a license or other privilege or the client's compliance with generally applicable reporting requirements, such as the filing of income-tax returns. This rule also does not apply to the representation of a client in connection with an investigation or examination of the client's affairs conducted by government investigators or examiners. Representation in such matters is governed by rules 4.1 through 4.4. This rule does not require a lawyer to disclose a client's identity.

### Rule 3.10 Threatening Criminal, Administrative, or Disciplinary Charges

(a)     A lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute.

(b)     As used in paragraph (a) of this rule, the term "administrative charges" means the filing or lodging of a complaint with any governmental organization that may order or recommend the loss or suspension of a license, or may impose or recommend the imposition of a fine, pecuniary sanction, or other sanction of a quasi-criminal nature but does not include filing charges with an administrative entity required by law as a condition precedent to maintaining a civil action.

(c)     As used in this rule, the term "civil dispute" means a controversy or potential controversy over the rights and duties of two or more persons* under civil law, whether or not an action has been commenced, and includes an administrative proceeding of a quasi-civil nature pending before a federal, state, or local governmental entity.

**Comment**

[1]     Paragraph (a) does not prohibit a statement by a lawyer that the lawyer will present criminal, administrative, or disciplinary charges, unless the statement is made to obtain an advantage in a civil dispute. For example, if a lawyer believes* in good faith that the conduct of the opposing lawyer or party violates criminal or other laws, the lawyer may state that if

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

72

## ATTACHMENT 1

the conduct continues the lawyer will report it to criminal or administrative authorities. On the other hand, a lawyer could not state or imply that a criminal or administrative action will be pursued unless the opposing party agrees to settle the civil dispute.

[2]    This rule does not apply to a threat to bring a civil action.  It also does not prohibit actually presenting criminal, administrative or disciplinary charges, even if doing so creates an advantage in a civil dispute.  Whether a lawyer's statement violates this rule depends on the specific facts.  (See, e.g., *Crane v. State Bar* (1981) 30 Cal.3d 117 [177 Cal.Rptr. 670].)  A statement that the lawyer will pursue "all available legal remedies," or words of similar import, does not by itself violate this rule.

[3]    This rule does not apply to: (i) a threat to initiate contempt proceedings for a failure to comply with a court order; or (ii) the offer of a civil compromise in accordance with a statute such as Penal Code sections 1377 and 1378.

[4]    This rule does not prohibit a government lawyer from offering a global settlement or release-dismissal agreement in connection with related criminal, civil or administrative matters. The government lawyer must have probable cause for initiating or continuing criminal charges. (See rule 3.8(a).)

[5]    As used in paragraph (b), "governmental organizations" includes any federal, state, local, and foreign governmental organizations.  Paragraph (b) exempts the threat of filing an administrative charge that is a prerequisite to filing a civil complaint on the same transaction or occurrence.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

## TRANSACTIONS WITH PERSONS* OTHER THAN CLIENTS

### Rule 4.1  Truthfulness in Statements to Others

In the course of representing a client a lawyer shall not knowingly:*

(a)     make a false statement of material fact or law to a third person;* or

(b)     fail to disclose a material fact to a third person* when disclosure is necessary to avoid assisting a criminal or fraudulent* act by a client, unless disclosure is prohibited by Business and Professions Code section 6068, subdivision (e)(1) or rule 1.6.

### Comment

[1]     A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts.   A misrepresentation can occur if the lawyer incorporates or affirms the truth of a statement of another person* that the lawyer knows* is false.  However, in drafting an agreement or other document on behalf of a client, a lawyer does not necessarily affirm or vouch for the truthfulness of representations made by the client in the agreement or document.   A nondisclosure can be the equivalent of a false statement of material fact or law under paragraph (a) where a lawyer makes a partially true but misleading material statement or material omission.   In addition to this rule, lawyers remain bound by Business and Professions Code section 6106 and rule 8.4.

[2]     This rule refers to statements of fact.   Whether a particular statement should be regarded as one of fact can depend on the circumstances.   For example, in negotiation, certain types of statements ordinarily are not taken as statements of material fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are ordinarily in this category, and so is the existence of an undisclosed principal except where nondisclosure of the principal would constitute fraud.*

[3]     Under rule 1.2.1, a lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows* is criminal or fraudulent.*  See rule 1.4(a)(4) regarding a lawyer's obligation to consult with the client about limitations on the lawyer's conduct.  In some circumstances, a lawyer can avoid assisting a client's crime or fraud* by withdrawing from the representation in compliance with rule 1.16.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

74

## ATTACHMENT 1

[4]   Regarding a lawyer's involvement in lawful covert activity in the investigation of violations of law, see rule 8.4, Comment [5].

## Rule 4.2  Communication With a Represented Person*

(a)   In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person* the lawyer knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

(b)   In the case of a represented corporation, partnership, association, or other private or governmental organization, this rule prohibits communications with:

    (1)   A current officer, director, partner,*or managing agent of the organization; or

    (2)   A current employee, member, agent, or other constituent of the organization, if the subject of the communication is any act or omission of such an person* in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability.

(c)   This rule shall not prohibit:

    (1)   communications with a public official, board, committee, or body; or

    (2)   communications otherwise authorized by law or a court order.

(d)   For purposes of this rule:

    (1)   "Managing agent" means an employee, member, agent, or other constituent of an organization with substantial* discretionary authority over decisions that determine organizational policy.

    (2)   "Public official" means a public officer of the United States government, or of a state, county, city, town, political subdivision, or other governmental organization, with the comparable decision-making authority and responsibilities as the organizational constituents described in paragraph (b)(1).

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

# ATTACHMENT 1

**Comment**

[1]     This rule applies even though the represented person* initiates or consents to the communication.  A lawyer must immediately terminate communication with a person* if, after commencing communication, the lawyer learns that the person* is one with whom communication is not permitted by this rule.

[2]     "Subject of the representation," "matter," and "person" are not limited to a litigation context.  This rule applies to communications with any person,* whether or not a party to a formal adjudicative proceeding, contract, or negotiation, who is represented by counsel concerning the matter to which the communication relates.

[3]     The prohibition against communicating "indirectly" with a person* represented by counsel in paragraph (a) is intended to address situations where a lawyer seeks to communicate with a represented person* through an intermediary such as an agent, investigator or the lawyer's client.  This rule, however, does not prevent represented persons* from communicating directly with one another with respect to the subject of the representation, nor does it prohibit a lawyer from advising a client concerning such a communication.  A lawyer may also advise a client not to accept or engage in such communications.  The rule also does not prohibit a lawyer who is a party to a legal matter from communicating on his or her own behalf with a represented person* in that matter.

[4]     This rule does not prohibit communications with a represented person* concerning matters outside the representation.  Similarly, a lawyer who knows* that a person* is being provided with limited scope representation is not prohibited from communicating with that person* with respect to matters that are outside the scope of the limited representation.  (See, e.g., Cal. Rules of Court, rules 3.35 – 3.37, 5.425 [Limited Scope Representation].)

[5]     This rule does not prohibit communications initiated by a represented person* seeking advice or representation from an independent lawyer of the person's* choice.

[6]     If a current constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication is sufficient for purposes of this rule.

[7]     This rule applies to all forms of governmental and private organizations, such as cities, counties, corporations, partnerships, limited liability companies, and unincorporated associations.  When a lawyer communicates on behalf of a client with a governmental organization, or certain employees, members, agents, or other constituents of a governmental organization, however, special considerations exist as a result of the right to

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

76

## ATTACHMENT 1

petition conferred by the First Amendment of the United States Constitution and article I, section 3 of the California Constitution. Paragraph (c)(1) recognizes these special considerations by generally exempting from application of this rule communications with public boards, committees, and bodies, and with public officials as defined in paragraph (d)(2) of this rule. Communications with a governmental organization constituent who is not a public official, however, will remain subject to this rule when the lawyer knows* the governmental organization is represented in the matter and the communication with that constituent falls within paragraph (b)(2).

[8]     Paragraph (c)(2) recognizes that statutory schemes, case law, and court orders may authorize communications between a lawyer and a person* that would otherwise be subject to this rule. Examples of such statutory schemes include those protecting the right of employees to organize and engage in collective bargaining, employee health and safety, and equal employment opportunity. The law also recognizes that prosecutors and other government lawyers are authorized to contact represented persons,* either directly or through investigative agents and informants, in the context of investigative activities, as limited by relevant federal and state constitutions, statutes, rules, and case law. (See, e.g., *United States v. Carona* (9th Cir. 2011) 630 F.3d 917; *United States v. Talao* (9th Cir. 2000) 222 F.3d 1133.) The rule is not intended to preclude communications with represented persons* in the course of such legitimate investigative activities as authorized by law. This rule also is not intended to preclude communications with represented persons* in the course of legitimate investigative activities engaged in, directly or indirectly, by lawyers representing persons* whom the government has accused of or is investigating for crimes, to the extent those investigative activities are authorized by law.

[9]     A lawyer who communicates with a represented person* pursuant to paragraph (c) is subject to other restrictions in communicating with the person.* (See, e.g. Bus. & Prof. Code, § 6106; *Snider v. Superior Court* (2003) 113 Cal.App.4th 1187, 1213 [7 Cal.Rptr.3d 119]; *In the Matter of Dale* (2005) 4 Cal. State Bar Ct. Rptr. 798.)

## Rule 4.3   Communicating with an Unrepresented Person*

(a)     In communicating on behalf of a client with a person* who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows* or reasonably should know* that the unrepresented person* incorrectly believes* the lawyer is disinterested in the matter, the lawyer shall make reasonable* efforts to correct the misunderstanding. If the lawyer knows* or reasonably should know* that the interests of the unrepresented person* are in conflict with the interests of the client, the lawyer shall not give legal advice to that

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

person,* except that the lawyer may, but is not required to, advise the person* to secure counsel.

(b)   In communicating on behalf of a client with a person* who is not represented by counsel, a lawyer shall not seek to obtain privileged or other confidential information the lawyer knows* or reasonably should know* the person* may not reveal without violating a duty to another or which the lawyer is not otherwise entitled to receive.

**Comment**

[1]   This rule is intended to protect unrepresented persons,* whatever their interests, from being misled when communicating with a lawyer who is acting for a client.

[2]   Paragraph (a) distinguishes between situations in which a lawyer knows* or reasonably should know* that the interests of an unrepresented person* are in conflict with the interests of the lawyer's client and situations in which the lawyer does not. In the former situation, the possibility that the lawyer will compromise the unrepresented person's* interests is so great that the rule prohibits the giving of any legal advice, apart from the advice to obtain counsel.  A lawyer does not give legal advice merely by stating a legal position on behalf of the lawyer's client.  This rule does not prohibit a lawyer from negotiating the terms of a transaction or settling a dispute with an unrepresented person.* So long as the lawyer discloses that the lawyer represents an adverse party and not the person,* the lawyer may inform the person* of the terms on which the lawyer's client will enter into the agreement or settle the matter, prepare documents that require the person's* signature, and explain the lawyer's own view of the meaning of the document and the underlying legal obligations.

[3]   Regarding a lawyer's involvement in lawful covert activity in the investigation of violations of law, see rule 8.4, Comment [5].

## Rule 4.4  Duties Concerning Inadvertently Transmitted Writings*

Where it is reasonably* apparent to a lawyer who receives a writing* relating to a lawyer's representation of a client that the writing* was inadvertently sent or produced, and the lawyer knows* or reasonably should know* that the writing* is privileged or subject to the work product doctrine, the lawyer shall:

(a)   refrain from examining the writing* any more than is necessary to determine that it is privileged or subject to the work product doctrine, and

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(b)      promptly notify the sender.

**Comment**

[1]      If a lawyer determines this rule applies to a transmitted writing,* the lawyer should return the writing* to the sender, seek to reach agreement with the sender regarding the disposition of the writing,* or seek guidance from a tribunal.*  (See *Rico v. Mitsubishi* (2007) 42 Cal.4th 807, 817 [68 Cal.Rptr.3d 758].)  In providing notice required by this rule, the lawyer shall comply with rule 4.2.

[2]      This rule does not address the legal duties of a lawyer who receives a writing* that the lawyer knows* or reasonably should know* may have been inappropriately disclosed by the sending person.*  (See *Clark v. Superior Court* (2011) 196 Cal.App.4th 37 [125 Cal.Rptr.3d 361].)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

## LAW FIRMS AND ASSOCIATIONS

### Rule 5.1 Responsibilities of Managerial and Supervisory Lawyers

(a)    A lawyer who individually or together with other lawyers possesses managerial authority in a law firm,* shall make reasonable* efforts to ensure that the firm* has in effect measures giving reasonable* assurance that all lawyers in the firm* comply with these rules and the State Bar Act.

(b)    A lawyer having direct supervisory authority over another lawyer, whether or not a member or employee of the same law firm,* shall make reasonable* efforts to ensure that the other lawyer complies with these rules and the State Bar Act.

(c)    A lawyer shall be responsible for another lawyer's violation of these rules and the State Bar Act if:

    (1)    the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved; or

    (2)    the lawyer, individually or together with other lawyers, possesses managerial authority in the law firm* in which the other lawyer practices, or has direct supervisory authority over the other lawyer, whether or not a member or employee of the same law firm,* and knows* of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable* remedial action.

### Comment

*Paragraph (a) – Duties Of Managerial Lawyers To Reasonably\* Assure Compliance with the Rules*

[1]    Paragraph (a) requires lawyers with managerial authority within a law firm* to make reasonable* efforts to establish internal policies and procedures designed, for example, to detect and resolve conflicts of interest, identify dates by which actions must be taken in pending matters, account for client funds and property, and ensure that inexperienced lawyers are properly supervised.

[2]    Whether particular measures or efforts satisfy the requirements of paragraph (a) might depend upon the law firm's structure and the nature of its practice, including the size

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

of the law firm,* whether it has more than one office location or practices in more than one jurisdiction, or whether the firm* or its partners* engage in any ancillary business.

[3]     A partner,* shareholder or other lawyer in a law firm* who has intermediate managerial responsibilities satisfies paragraph (a) if the law firm* has a designated managing lawyer charged with that responsibility, or a management committee or other body that has appropriate managerial authority and is charged with that responsibility. For example, the managing lawyer of an office of a multi-office law firm* would not necessarily be required to promulgate firm-wide policies intended to reasonably* assure that the law firm's lawyers comply with the rules or State Bar Act.  However, a lawyer remains responsible to take corrective steps if the lawyer knows* or reasonably should know* that the delegated body or person* is not providing or implementing measures as required by this rule.

[4]     Paragraph (a) also requires managerial lawyers to make reasonable* efforts to assure that other lawyers in an agency or department comply with these rules and the State Bar Act.  This rule contemplates, for example, the creation and implementation of reasonable* guidelines relating to the assignment of cases and the distribution of workload among lawyers in a public sector legal agency or other legal department.  (See, e.g., State Bar of California, Guidelines on Indigent Defense Services Delivery Systems (2006).)

*Paragraph (b) – Duties of Supervisory Lawyers*

[5]     Whether a lawyer has direct supervisory authority over another lawyer in particular circumstances is a question of fact.

*Paragraph (c) – Responsibility for Another's Lawyer's Violation*

[6]     The appropriateness of remedial action under paragraph (c)(2) would depend on the nature and seriousness of the misconduct and the nature and immediacy of its harm.  A managerial or supervisory lawyer must intervene to prevent avoidable consequences of misconduct if the lawyer knows* that the misconduct occurred.

[7]     A supervisory lawyer violates paragraph (b) by failing to make the efforts required under that paragraph, even if the lawyer does not violate paragraph (c) by knowingly* directing or ratifying the conduct, or where feasible, failing to take reasonable* remedial action.

[8]     Paragraphs (a), (b), and (c) create independent bases for discipline. This rule does not impose vicarious responsibility on a lawyer for the acts of another lawyer who is in or

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

81

**ATTACHMENT 1**

outside the law firm.* Apart from paragraph (c) of this rule and rule 8.4(a), a lawyer does not have disciplinary liability for the conduct of a partner,* associate, or subordinate lawyer. The question of whether a lawyer can be liable civilly or criminally for another lawyer's conduct is beyond the scope of these rules.

## Rule 5.2  Responsibilities of a Subordinate Lawyer

(a)     A lawyer shall comply with these rules and the State Bar Act notwithstanding that the lawyer acts at the direction of another lawyer or other person.*

(b)     A subordinate lawyer does not violate these rules or the State Bar Act if that lawyer acts in accordance with a supervisory lawyer's reasonable* resolution of an arguable question of professional duty.

**Comment**

When lawyers in a supervisor-subordinate relationship encounter a matter involving professional judgment as to the lawyers' responsibilities under these rules or the State Bar Act and the question can reasonably* be answered only one way, the duty of both lawyers is clear and they are equally responsible for fulfilling it. Accordingly, the subordinate lawyer must comply with his or her obligations under paragraph (a). If the question reasonably* can be answered more than one way, the supervisory lawyer may assume responsibility for determining which of the reasonable* alternatives to select, and the subordinate may be guided accordingly. If the subordinate lawyer believes* that the supervisor's proposed resolution of the question of professional duty would result in a violation of these rules or the State Bar Act, the subordinate is obligated to communicate his or her professional judgment regarding the matter to the supervisory lawyer.

## Rule 5.3  Responsibilities Regarding Nonlawyer Assistants

With respect to a nonlawyer employed or retained by or associated with a lawyer:

(a)     a lawyer who individually or together with other lawyers possesses managerial authority in a law firm,* shall make reasonable* efforts to ensure that the firm* has in effect measures giving reasonable* assurance that the nonlawyer's conduct is compatible with the professional obligations of the lawyer;

(b)     a lawyer having direct supervisory authority over the nonlawyer, whether or not an employee of the same law firm,* shall make reasonable* efforts to ensure that the person's* conduct is compatible with the professional obligations of the lawyer; and

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(c)    a lawyer shall be responsible for conduct of such a person* that would be a violation of these rules or the State Bar Act if engaged in by a lawyer if:

      (1)    the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved; or

      (2)    the lawyer, individually or together with other lawyers, possesses managerial authority in the law firm* in which the person* is employed, or has direct supervisory authority over the person,* whether or not an employee of the same law firm,* and knows* of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable* remedial action.

**Comment**

Lawyers often utilize nonlawyer personnel, including secretaries, investigators, law student interns, and paraprofessionals. Such assistants, whether employees or independent contractors, act for the lawyer in rendition of the lawyer's professional services. A lawyer must give such assistants appropriate instruction and supervision concerning all ethical aspects of their employment. The measures employed in instructing and supervising nonlawyers should take account of the fact that they might not have legal training.

## Rule 5.3.1  Employment of Disbarred, Suspended, Resigned, or Involuntarily Inactive Lawyer

(a)    For purposes of this rule:

      (1)    "Employ" means to engage the services of another, including employees, agents, independent contractors and consultants, regardless of whether any compensation is paid;

      (2)    "Member" means a member of the State Bar of California;

      (3)    "Involuntarily inactive member" means a member who is ineligible to practice law as a result of action taken pursuant to Business and Professions Code sections 6007, 6203, subdivision (d)(1), or California Rules of Court, rule 9.31(d);

      (4)    "Resigned member" means a member who has resigned from the State Bar while disciplinary charges are pending; and

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(5)     "Ineligible person" means a member whose current status with the State Bar of California is disbarred, suspended, resigned, or involuntarily inactive.

(b)     A lawyer shall not employ, associate in practice with, or assist a person* the lawyer knows* or reasonably should know* is an ineligible person to perform the following on behalf of the lawyer's client:

(1)     Render legal consultation or advice to the client;

(2)     Appear on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, commissioner, or hearing officer;

(3)     Appear as a representative of the client at a deposition or other discovery matter;

(4)     Negotiate or transact any matter for or on behalf of the client with third parties;

(5)     Receive, disburse or otherwise handle the client's funds; or

(6)     Engage in activities that constitute the practice of law.

(c)     A lawyer may employ, associate in practice with, or assist an ineligible person to perform research, drafting or clerical activities, including but not limited to:

(1)     Legal work of a preparatory nature, such as legal research, the assemblage of data and other necessary information, drafting of pleadings, briefs, and other similar documents;

(2)     Direct communication with the client or third parties regarding matters such as scheduling, billing, updates, confirmation of receipt or sending of correspondence and messages; or

(3)     Accompanying an active lawyer in attending a deposition or other discovery matter for the limited purpose of providing clerical assistance to the active lawyer who will appear as the representative of the client.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(d)     Prior to or at the time of employing, associating in practice with, or assisting a person* the lawyer knows* or reasonably should know* is an ineligible person, the lawyer shall serve upon the State Bar written* notice of the employment, including a full description of such person's current bar status.  The written* notice shall also list the activities prohibited in paragraph (b) and state that the ineligible person will not perform such activities.  The lawyer shall serve similar written* notice upon each client on whose specific matter such person* will work, prior to or at the time of employing, associating with, or assisting such person* to work on the client's specific matter.  The lawyer shall obtain proof of service of the client's written* notice and shall retain such proof and a true and correct copy of the client's written* notice for two years following termination of the lawyer's employment by the client.

(e)     A lawyer may, without client or State Bar notification, employ, associate in practice with, or assist an ineligible person whose sole function is to perform office physical plant or equipment maintenance, courier or delivery services, catering, reception, typing or transcription, or other similar support activities.

(f)     When the lawyer no longer employs, associates in practice with, or assists the ineligible person, the lawyer shall promptly serve upon the State Bar written* notice of the termination.

## Comment

If the client is an organization, the lawyer shall serve the notice required by paragraph (d) on its highest authorized officer, employee, or constituent overseeing the particular engagement.  (See rule 1.13.)

## Rule 5.4  Financial and Similar Arrangements with Nonlawyers

(a)     A lawyer or law firm* shall not share legal fees directly or indirectly with a nonlawyer or with an organization that is not authorized to practice law, except that:

(1)     an agreement by a lawyer with the lawyer's firm,* partner,* or associate may provide for the payment of money or other consideration over a reasonable* period of time after the lawyer's death, to the lawyer's estate or to one or more specified persons;*

(2)     a lawyer purchasing the practice of a deceased, disabled or disappeared lawyer may pay the agreed-upon purchase price, pursuant to rule 1.17, to the lawyer's estate or other representative;

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(3)    a lawyer or law firm* may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement, provided the plan does not otherwise violate these rules or the State Bar Act;

(4)    a lawyer or law firm* may pay a prescribed registration, referral, or other fee to a lawyer referral service established, sponsored and operated in accordance with the State Bar of California's Minimum Standards for Lawyer Referral Services; or

(5)    a lawyer or law firm* may share with or pay a court-awarded legal fee to a nonprofit organization that employed, retained or recommended employment of the lawyer or law firm* in the matter.

(b)    A lawyer shall not form a partnership or other organization with a nonlawyer if any of the activities of the partnership or other organization consist of the practice of law.

(c)    A lawyer shall not permit a person* who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's independent professional judgment or interfere with the lawyer-client relationship in rendering legal services.

(d)    A lawyer shall not practice with or in the form of a professional corporation or other organization authorized to practice law for a profit if:

(1)    a nonlawyer owns any interest in it, except that a fiduciary representative of a lawyer's estate may hold the lawyer's stock or other interest for a reasonable* time during administration;

(2)    a nonlawyer is a director or officer of the corporation or occupies a position of similar responsibility in any other form of organization; or

(3)    a nonlawyer has the right or authority to direct or control the lawyer's independent professional judgment.

(e)    The Board of Trustees of the State Bar shall formulate and adopt Minimum Standards for Lawyer Referral Services, which, as from time to time amended, shall be binding on lawyers. A lawyer shall not accept a referral from, or otherwise

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

participate in, a lawyer referral service unless it complies with such Minimum Standards for Lawyer Referral Services.

(f)      A lawyer shall not practice with or in the form of a nonprofit legal aid, mutual benefit or advocacy group if the nonprofit organization allows any third person* to interfere with the lawyer's independent professional judgment, or with the lawyer-client relationship, or allows or aids any person* to practice law in violation of these rules or the State Bar Act.

**Comment**

[1]      Paragraph (a) does not prohibit a lawyer or law firm* from paying a bonus to or otherwise compensating a nonlawyer employee from general revenues received for legal services, provided the arrangement does not interfere with the independent professional judgment of the lawyer or lawyers in the firm* and does not violate these rules or the State Bar Act.  However, a nonlawyer employee's bonus or other form of compensation may not be based on a percentage or share of fees in specific cases or legal matters.

[2]      Paragraph (a) also does not prohibit payment to a nonlawyer third-party for goods and services provided to a lawyer or law firm;* however, the compensation to a nonlawyer third-party may not be determined as a percentage or share of the lawyer's or law firm's overall revenues or tied to fees in particular cases or legal matters.  A lawyer may pay to a nonlawyer third-party, such as a collection agency, a percentage of past due or delinquent fees in concluded matters that the third-party collects on the lawyer's behalf.

[3]      Paragraph (a)(5) permits a lawyer to share with or pay court-awarded legal fees to nonprofit legal aid, mutual benefit, and advocacy groups that are not engaged in the unauthorized practice of law.  (See *Frye v. Tenderloin Housing Clinic, Inc.* (2006) 38 Cal.4th 23 [40 Cal.Rptr.3d 221]; see also rule 6.3.)  Regarding a lawyer's contribution of legal fees to a legal services organization, see rule 1.0, Comment [5] on financial support for programs providing pro bono legal services.

[4]      This rule is not intended to affect case law regarding the relationship between insurers and lawyers providing legal services to insureds. (See, e.g., *Gafcon, Inc. v. Ponsor Associates* (2002) 98 Cal.App.4th 1388 [120 Cal.Rptr.2d 392].)

[5]      Paragraph (c) is not intended to alter or diminish a lawyer's obligations under rule 1.8.6 (Compensation from One Other Than Client).

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

## Rule 5.5  Unauthorized Practice of Law; Multijurisdictional Practice of Law

(a)     A lawyer admitted to practice law in California shall not:

    (1)     practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction; or

    (2)     knowingly* assist a person* in the unauthorized practice of law in that jurisdiction.

(b)     A lawyer who is not admitted to practice law in California shall not:

    (1)     except as authorized by these rules or other law, establish or maintain a resident office or other systematic or continuous presence in California for the practice of law; or

    (2)     hold out to the public or otherwise represent that the lawyer is admitted to practice law in California.

**Comment**

Paragraph (b)(1) prohibits lawyers from practicing law in California unless otherwise entitled to practice law in this state by court rule or other law.  (See, e.g., Bus. & Prof. Code, § 6125 et seq.; see also Cal. Rules of Court, rules 9.40 [counsel pro hac vice], 9.41 [appearances by military counsel], 9.42 [certified law students], 9.43 [out-of-state attorney arbitration counsel program], 9.44 [registered foreign legal consultant], 9.45 [registered legal services attorneys], 9.46 [registered in-house counsel], 9.47 [attorneys practicing temporarily in California as part of litigation], 9.48 [non-litigating attorneys temporarily in California to provide legal services].)

## Rule 5.6  Restrictions on a Lawyer's Right to Practice

(a)     Unless authorized by law, a lawyer shall not participate in offering or making:

    (1)     a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the right of a lawyer to practice after termination of the relationship, except an agreement that concerns benefits upon retirement; or

    (2)     an agreement that imposes a restriction on a lawyer's right to practice in connection with a settlement of a client controversy, or otherwise.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(b)     A lawyer shall not participate in offering or making an agreement which precludes the reporting of a violation of these rules.

(c)     This rule does not prohibit an agreement that is authorized by Business and Professions Code sections 6092.5, subdivision (i) or 6093.

**Comment**

[1]     Concerning the application of paragraph (a)(1), see Business and Professions Code section 16602; *Howard v. Babcock* (1993) 6 Cal.4th 409, 425 [25 Cal.Rptr.2d 80].

[2]     Paragraph (a)(2) prohibits a lawyer from offering or agreeing not to represent other persons* in connection with settling a claim on behalf of a client.

[3]     This rule does not prohibit restrictions that may be included in the terms of the sale of a law practice pursuant to rule 1.17.

## PUBLIC SERVICE

**Rule 6.1  [Reserved]**

**Rule 6.2  [Reserved]**

**Rule 6.3  Membership In Legal Services Organization**

A lawyer may serve as a director, officer or member of a legal services organization, apart from the law firm* in which the lawyer practices, notwithstanding that the organization serves persons* having interests adverse to a client of the lawyer.  The lawyer shall not knowingly* participate in a decision or action of the organization:

(a)     if participating in the decision or action would be incompatible with the lawyer's obligations to a client under Business and Professions Code section 6068, subdivision (e)(1) or rules 1.6(a), 1.7, 1.9, or 1.18; or

(b)     where the decision or action could have a material adverse effect on the representation of a client of the organization whose interests are adverse to a client of the lawyer.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

**Comment**

Lawyers should support and participate in legal service organizations. A lawyer who is an officer or a member of such an organization does not thereby have a client-lawyer relationship with persons* served by the organization. However, there is potential conflict between the interests of such persons* and the interests of the lawyer's clients. If the possibility of such conflict disqualified a lawyer from serving on the board of a legal services organization, the profession's involvement in such organizations would be severely curtailed.

## Rule 6.4 [Reserved]

## Rule 6.5 Limited Legal Services Programs

(a)   A lawyer who, under the auspices of a program sponsored by a court, government agency, bar association, law school, or nonprofit organization, provides short-term limited legal services to a client without expectation by either the lawyer or the client that the lawyer will provide continuing representation in the matter:

    (1)   is subject to rules 1.7 and 1.9(a) only if the lawyer knows* that the representation of the client involves a conflict of interest; and

    (2)   is subject to rule 1.10 only if the lawyer knows* that another lawyer associated with the lawyer in a law firm* is prohibited from representation by rule 1.7 or 1.9(a) with respect to the matter.

(b)   Except as provided in paragraph (a)(2), rule 1.10 is inapplicable to a representation governed by this rule.

(c)   The personal disqualification of a lawyer participating in the program will not be imputed to other lawyers participating in the program.

**Comment**

[1]   Courts, government agencies, bar associations, law schools and various nonprofit organizations have established programs through which lawyers provide short-term limited legal services — such as advice or the completion of legal forms that will assist persons* in addressing their legal problems without further representation by a lawyer. In these programs, such as legal-advice hotlines, advice-only clinics or pro se counseling programs, whenever a lawyer-client relationship is established, there is no expectation that the

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

90

## ATTACHMENT 1

lawyer's representation of the client will continue beyond that limited consultation.  Such programs are normally operated under circumstances in which it is not feasible for a lawyer to systematically screen* for conflicts of interest as is generally required before undertaking a representation.

[2]     A lawyer who provides short-term limited legal services pursuant to this rule must secure the client's informed consent* to the limited scope of the representation.  (See rule 1.2(b).)  If a short-term limited representation would not be reasonable* under the circumstances, the lawyer may offer advice to the client but must also advise the client of the need for further assistance of counsel.  Except as provided in this rule, these rules and the State Bar Act, including the lawyer's duty of confidentiality under Business and Professions Code section 6068, subdivision (e)(1) and rules 1.6 and 1.9, are applicable to the limited representation.

[3]     A lawyer who is representing a client in the circumstances addressed by this rule ordinarily is not able to check systematically for conflicts of interest.  Therefore, paragraph (a)(1) requires compliance with rules 1.7 and 1.9(a) only if the lawyer knows* that the representation presents a conflict of interest for the lawyer.  In addition, paragraph (a)(2) imputes conflicts of interest to the lawyer only if the lawyer knows* that another lawyer in the lawyer's law firm* would be disqualified under rules 1.7 or 1.9(a).

[4]     Because the limited nature of the services significantly reduces the risk of conflicts of interest with other matters being handled by the lawyer's law firm,* paragraph (b) provides that imputed conflicts of interest are inapplicable to a representation governed by this rule except as provided by paragraph (a)(2).  Paragraph (a)(2) imputes conflicts of interest to the participating lawyer when the lawyer knows* that any lawyer in the lawyer's firm* would be disqualified under rules 1.7 or 1.9(a).  By virtue of paragraph (b), moreover, a lawyer's participation in a short-term limited legal services program will not be imputed to the lawyer's law firm* or preclude the lawyer's law firm* from undertaking or continuing the representation of a client with interests adverse to a client being represented under the program's auspices.  Nor will the personal disqualification of a lawyer participating in the program be imputed to other lawyers participating in the program.

[5]     If, after commencing a short-term limited representation in accordance with this rule, a lawyer undertakes to represent the client in the matter on an ongoing basis, rules 1.7, 1.9(a), and 1.10 become applicable.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

## INFORMATION ABOUT LEGAL SERVICES

## Rule 7.1  Communications Concerning a Lawyer's Services

(a)   A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it contains a material misrepresentation of fact or law, or omits a fact necessary to make the communication considered as a whole not materially misleading.

(b)   The Board of Trustees of the State Bar may formulate and adopt standards as to communications that will be presumed to violate rule 7.1, 7.2, 7.3, 7.4 or 7.5. The standards shall only be used as presumptions affecting the burden of proof in disciplinary proceedings involving alleged violations of these rules. "Presumption affecting the burden of proof" means that presumption defined in Evidence Code sections 605 and 606. Such standards formulated and adopted by the Board, as from time to time amended, shall be effective and binding on all lawyers.

**Comment**

[1]   This rule governs all communications of any type whatsoever about the lawyer or the lawyer's services, including advertising permitted by rule 7.2. A communication includes any message or offer made by or on behalf of a lawyer concerning the availability for professional employment of a lawyer or a lawyer's law firm* directed to any person.*

[2]   A communication that contains an express guarantee or warranty of the result of a particular representation is a false or misleading communication under this rule. (See also Bus. & Prof. Code, § 6157.2, subd. (a).)

[3]   This rule prohibits truthful statements that are misleading. A truthful statement is misleading if it omits a fact necessary to make the lawyer's communication considered as a whole not materially misleading. A truthful statement is also misleading if it is presented in a manner that creates a substantial* likelihood that it will lead a reasonable* person* to formulate a specific conclusion about the lawyer or the lawyer's services for which there is no reasonable* factual foundation. Any communication that states or implies "no fee without recovery" is also misleading unless the communication also expressly discloses whether or not the client will be liable for costs.

[4]   A communication that truthfully reports a lawyer's achievements on behalf of clients or former clients, or a testimonial about or endorsement of the lawyer, may be misleading if presented so as to lead a reasonable* person* to form an unjustified

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

expectation that the same results could be obtained for other clients in similar matters without reference to the specific factual and legal circumstances of each client's case. Similarly, an unsubstantiated comparison of the lawyer's services or fees with the services or fees of other lawyers may be misleading if presented with such specificity as would lead a reasonable* person* to conclude that the comparison can be substantiated. An appropriate disclaimer or qualifying language often avoids creating unjustified expectations.

[5]     This rule prohibits a lawyer from making a communication that states or implies that the lawyer is able to provide legal services in a language other than English unless the lawyer can actually provide legal services in that language or the communication also states in the language of the communication the employment title of the person* who speaks such language.

[6]     Rules 7.1 through 7.5 are not the sole basis for regulating communications concerning a lawyer's services. (See, e.g., Bus. & Prof. Code, §§ 6150–6159.2, 17000 et. seq.) Other state or federal laws may also apply.

## Rule 7.2 Advertising

(a)     Subject to the requirements of rules 7.1 and 7.3, a lawyer may advertise services through any written,* recorded or electronic means of communication, including public media.

(b)     A lawyer shall not compensate, promise or give anything of value to a person* for the purpose of recommending or securing the services of the lawyer or the lawyer's law firm,* except that a lawyer may:

    (1)     pay the reasonable* costs of advertisements or communications permitted by this rule;

    (2)     pay the usual charges of a legal services plan or a qualified lawyer referral service. A qualified lawyer referral service is a lawyer referral service established, sponsored and operated in accordance with the State Bar of California's Minimum Standards for a Lawyer Referral Service in California;

    (3)     pay for a law practice in accordance with rule 1.17;

    (4)     refer clients to another lawyer or a nonlawyer professional pursuant to an arrangement not otherwise prohibited under these Rules or the State Bar Act

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

93

## ATTACHMENT 1

that provides for the other person* to refer clients or customers to the lawyer, if:

    (i)   the reciprocal referral arrangement is not exclusive; and

    (ii)   the client is informed of the existence and nature of the arrangement;

    (5)   offer or give a gift or gratuity to a person* having made a recommendation resulting in the employment of the lawyer or the lawyer's law firm,* provided that the gift or gratuity was not offered or given in consideration of any promise, agreement, or understanding that such a gift or gratuity would be forthcoming or that referrals would be made or encouraged in the future.

(c)    Any communication made pursuant to this rule shall include the name and address of at least one lawyer or law firm* responsible for its content.

**Comment**

[1]    This rule permits public dissemination of accurate information concerning a lawyer and the lawyer's services, including for example, the lawyer's name or firm* name, the lawyer's contact information; the kinds of services the lawyer will undertake; the basis on which the lawyer's fees are determined, including prices for specific services and payment and credit arrangements; a lawyer's foreign language ability; names of references and, with their consent, names of clients regularly represented; and other information that might invite the attention of those seeking legal assistance. This rule, however, prohibits the dissemination of false or misleading information, for example, an advertisement that sets forth a specific fee or range of fees for a particular service where, in fact, the lawyer charges or intends to charge a greater fee than that stated in the advertisement.

[2]    Neither this rule nor rule 7.3 prohibits communications authorized by law, such as court-approved class action notices.

*Paying Others to Recommend a Lawyer*

[3]    Paragraph (b)(1) permits a lawyer to compensate employees, agents, and vendors who are engaged to provide marketing or client-development services, such as publicists, public-relations personnel, business-development staff, and website designers. See rule 5.3 for the duties of lawyers and law firms* with respect to supervising the conduct of nonlawyers who prepare marketing materials and provide client development services.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

[4]     Paragraph (b)(4) permits a lawyer to make referrals to another lawyer or nonlawyer professional, in return for the undertaking of that person* to refer clients or customers to the lawyer.   Such reciprocal referral arrangements must not interfere with the lawyer's professional judgment as to making referrals or as to providing substantive legal services. (See rules 2.1 and 5.4(c).)  Conflicts of interest created by arrangements made pursuant to paragraph (b)(4) are governed by rule 1.7.  A division of fees between or among lawyers not in the same law firm* is governed by rule 1.5.1.

## Rule 7.3 Solicitation of Clients

(a)     A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment when a significant motive for doing so is the lawyer's pecuniary gain, unless the person* contacted:

    (1)     is a lawyer; or

    (2)     has a family, close personal, or prior professional relationship with the lawyer.

(b)     A lawyer shall not solicit professional employment by written,* recorded or electronic communication or by in-person, telephone or real-time electronic contact even when not otherwise prohibited by paragraph (a), if:

    (1)     the person* being solicited has made known* to the lawyer a desire not to be solicited by the lawyer; or

    (2)     the solicitation is transmitted in any manner which involves intrusion, coercion, duress or harassment.

(c)     Every written,* recorded or electronic communication from a lawyer soliciting professional employment from any person* known* to be in need of legal services in a particular matter shall include the word "Advertisement" or words of similar import on the outside envelope, if any, and at the beginning and ending of any recorded or electronic communication, unless the recipient of the communication is a person* specified in paragraphs (a)(1) or (a)(2), or unless it is apparent from the context that the communication is an advertisement.

(d)     Notwithstanding the prohibitions in paragraph (a), a lawyer may participate with a prepaid or group legal service plan operated by an organization not owned or directed by the lawyer that uses in-person, live telephone or real-time electronic contact to

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

solicit memberships or subscriptions for the plan from persons* who are not known* to need legal services in a particular matter covered by the plan.

(e)    As used in this rule, the terms "solicitation" and "solicit" refer to an oral or written* targeted communication initiated by or on behalf of the lawyer that is directed to a specific person* and that offers to provide, or can reasonably* be understood as offering to provide, legal services.

## Comment

[1]    A lawyer's communication does not constitute a solicitation if it is directed to the general public, such as through a billboard, an Internet banner advertisement, a website or a television commercial, or if it is in response to a request for information or is automatically generated in response to Internet searches.

[2]    Paragraph (a) does not apply to situations in which the lawyer is motivated by considerations other than the lawyer's pecuniary gain.  Therefore, paragraph (a) does not prohibit a lawyer from participating in constitutionally protected activities of bona fide public or charitable legal-service organizations, or bona fide political, social, civic, fraternal, employee or trade organizations whose purposes include providing or recommending legal services to its members or beneficiaries.  (See, e.g., *In re Primus* (1978) 436 U.S. 412 [98 S.Ct. 1893].)

[3]    This rule does not prohibit a lawyer from contacting representatives of organizations or groups that may be interested in establishing a bona fide group or prepaid legal plan for their members, insureds, beneficiaries or other third parties for the purpose of informing such entities of the availability of and details concerning the plan or arrangement which the lawyer or lawyer's firm* is willing to offer.

[4]    Lawyers who participate in a legal service plan as permitted under paragraph (d) must comply with rules 7.1, 7.2, and 7.3(b). (See also rules 5.4 and 8.4(a).)

## Rule 7.4  Communication of Fields of Practice and Specialization

(a)    A lawyer shall not state that the lawyer is a certified specialist in a particular field of law, unless:

    (1)    the lawyer is currently certified as a specialist by the Board of Legal Specialization, or any other entity accredited by the State Bar to designate specialists pursuant to standards adopted by the Board of Trustees; and

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(2)     the name of the certifying organization is clearly identified in the communication.

(b)     Notwithstanding paragraph (a), a lawyer may communicate the fact that the lawyer does or does not practice in particular fields of law.  A lawyer may also communicate that his or her practice specializes in, is limited to, or is concentrated in a particular field of law, subject to the requirements of rule 7.1.

## Rule 7.5  Firm* Names and Trade Names

(a)     A lawyer shall not use a firm* name, trade name or other professional designation that violates rule 7.1.

(b)     A lawyer in private practice shall not use a firm* name, trade name or other professional designation that states or implies a relationship with a government agency or with a public or charitable legal services organization, or otherwise violates rule 7.1.

(c)     A lawyer shall not state or imply that the lawyer practices in or has a professional relationship with a law firm* or other organization unless that is the fact.

## Comment

The term "other professional designation" includes, but is not limited to, logos, letterheads, URLs, and signature blocks.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

97

## ATTACHMENT 1

## MAINTAINING THE INTEGRITY OF THE PROFESSION

## Rule  8.1   False Statement Regarding Application for Admission to Practice Law

(a)   An applicant for admission to practice law shall not, in connection with that person's* own application for admission, make a statement of material fact that the lawyer knows* to be false, or make such a statement with reckless disregard as to its truth or falsity.

(b)   A lawyer shall not, in connection with another person's* application for admission to practice law, make a statement of material fact that the lawyer knows* to be false.

(c)   An applicant for admission to practice law, or a lawyer in connection with an application for admission, shall not fail to disclose a fact necessary to correct a statement known* by the applicant or the lawyer to have created a material misapprehension in the matter, except that this rule does not authorize disclosure of information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6.

(d)   As used in this rule, "admission to practice law" includes admission or readmission to membership in the State Bar; reinstatement to active membership in the State Bar; and any similar process relating to admission or certification to practice law in California or elsewhere.

## Comment

[1]   A person* who makes a false statement in connection with that person's* own application for admission to practice law may be subject to discipline under this rule after that person* has been admitted.  (See, e.g., *In re Gossage* (2000) 23 Cal.4th 1080 [99 Cal.Rptr.2d 130].)

[2]   A lawyer's duties with respect to a *pro hac vice* application or other application to a court for admission to practice law are governed by rule 3.3.

[3]   A lawyer representing an applicant for admission to practice law is governed by the rules applicable to the lawyer-client relationship, including Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6.  A lawyer representing a lawyer who is the subject of a disciplinary proceeding is not governed by this rule but is subject to the requirements of rule 3.3.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

**ATTACHMENT 1**

## Rule 8.1.1  Compliance with Conditions of Discipline and Agreements in Lieu of Discipline

A lawyer shall comply with the terms and conditions attached to any agreement in lieu of discipline, any public or private reproval, or to other discipline administered by the State Bar pursuant to Business and Professions Code sections 6077 and 6078 and California Rules of Court, rule 9.19.

### Comment

Other provisions also require a lawyer to comply with agreements in lieu of discipline and conditions of discipline.  (See, e.g., Bus. & Prof. Code, § 6068, subds. (k), (l).)

## Rule 8.2  Judicial Officials

(a)    A lawyer shall not make a statement of fact that the lawyer knows* to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge or judicial officer, or of a candidate for election or appointment to judicial office.

(b)    A lawyer who is a candidate for judicial office in California shall comply with canon 5 of the California Code of Judicial Ethics.  For purposes of this rule, "candidate for judicial office" means a lawyer seeking judicial office by election.   The determination of when a lawyer is a candidate for judicial office by election is defined in the terminology section of the California Code of Judicial Ethics.  A lawyer's duty to comply with this rule shall end when the lawyer announces withdrawal of the lawyer's candidacy or when the results of the election are final, whichever occurs first.

(c)    A lawyer who seeks appointment to judicial office shall comply with canon 5B(1) of the California Code of Judicial Ethics.  A lawyer becomes an applicant seeking judicial office by appointment at the time of first submission of an application or personal data questionnaire to the appointing authority.  A lawyer's duty to comply with this rule shall end when the lawyer advises the appointing authority of the withdrawal of the lawyer's application.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

99

## ATTACHMENT 1

**Comment**

To maintain the fair and independent administration of justice, lawyers should defend
judges and courts unjustly criticized.  Lawyers also are obligated to maintain the respect
due to the courts of justice and judicial officers.  (See Bus. & Prof. Code, § 6068, subd.
(b).)

**Rule 8.3  [Reserved]**

**Rule 8.4  Misconduct**

It is professional misconduct for a lawyer to:

(a)   violate these rules or the State Bar Act, knowingly* assist, solicit, or induce another
to do so, or do so through the acts of another;

(b)   commit a criminal act that reflects adversely on the lawyer's honesty,
trustworthiness, or fitness as a lawyer in other respects;

(c)   engage in conduct involving dishonesty, fraud,* deceit, or reckless or intentional
misrepresentation;

(d)   engage in conduct that is prejudicial to the administration of justice;

(e)   state or imply an ability to influence improperly a government agency or official, or
to achieve results by means that violate these rules, the State Bar Act, or other law;
or

(f)   knowingly* assist, solicit, or induce a judge or judicial officer in conduct that is a
violation of an applicable code of judicial ethics or code of judicial conduct, or other
law.  For purposes of this rule, "judge" and "judicial officer" have the same meaning
as in rule 3.5(c).

**Comment**

[1]   A violation of this rule can occur when a lawyer is acting in propria persona or when
a lawyer is not practicing law or acting in a professional capacity.

[2]   Paragraph (a) does not prohibit a lawyer from advising a client concerning action
the client is legally entitled to take.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

100

## ATTACHMENT 1

[3]     A lawyer may be disciplined for criminal acts as set forth in Business and Professions Code sections 6101 et seq., or if the criminal act constitutes "other misconduct warranting discipline" as defined by California Supreme Court case law. (See *In re Kelley* (1990) 52 Cal.3d 487 [276 Cal.Rptr. 375].)

[4]     A lawyer may be disciplined under Business and Professions Code section 6106 for acts involving moral turpitude, dishonesty, or corruption, whether intentional, reckless, or grossly negligent.

[5]     Paragraph (c) does not apply where a lawyer advises clients or others about, or supervises, lawful covert activity in the investigation of violations of civil or criminal law or constitutional rights, provided the lawyer's conduct is otherwise in compliance with these rules and the State Bar Act.

[6]     This rule does not prohibit those activities of a particular lawyer that are protected by the First Amendment to the United States Constitution or by Article I, section 2 of the California Constitution.

## Rule 8.4.1 Prohibited Discrimination, Harassment and Retaliation

(a)     In representing a client, or in terminating or refusing to accept the representation of any client, a lawyer shall not:

   (1)     unlawfully harass or unlawfully discriminate against persons* on the basis of any protected characteristic; or

   (2)     unlawfully retaliate against persons.*

(b)     In relation to a law firm's operations, a lawyer shall not:

   (1)     on the basis of any protected characteristic,

      (i)     unlawfully discriminate or knowingly* permit unlawful discrimination;

      (ii)    unlawfully harass or knowingly* permit the unlawful harassment of an employee, an applicant, an unpaid intern or volunteer, or a person* providing services pursuant to a contract; or

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

(iii)    unlawfully refuse to hire or employ a person\*, or refuse to select a person\* for a training program leading to employment, or bar or discharge a person\* from employment or from a training program leading to employment, or discriminate against a person\* in compensation or in terms, conditions, or privileges of employment; or

(2)    unlawfully retaliate against persons.\*

(c)    For purposes of this rule:

(1)    "protected characteristic" means race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, sexual orientation, age, military and veteran status, or other category of discrimination prohibited by applicable law, whether the category is actual or perceived;

(2)    "knowingly permit" means to fail to advocate corrective action where the lawyer knows\* of a discriminatory policy or practice that results in the unlawful discrimination or harassment prohibited by paragraph (b);

(3)    "unlawfully" and "unlawful" shall be determined by reference to applicable state and federal statutes and decisions making unlawful discrimination or harassment in employment and in offering goods and services to the public; and

(4)    "retaliate" means to take adverse action against a person\* because that person\* has (i) opposed, or (ii) pursued, participated in, or assisted any action alleging, any conduct prohibited by paragraphs (a)(1) or (b)(1) of this rule.

(d)    A lawyer who is the subject of a State Bar investigation or State Bar Court proceeding alleging a violation of this rule shall promptly notify the State Bar of any criminal, civil, or administrative action premised, whether in whole or part, on the same conduct that is the subject of the State Bar investigation or State Bar Court proceeding.

(e)    Upon being issued a notice of a disciplinary charge under this rule, a lawyer shall:

(1)    if the notice is of a disciplinary charge under paragraph (a) of this rule, provide a copy of the notice to the California Department of Fair

An asterisk (\*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

102

## ATTACHMENT 1

Employment and Housing and the United States Department of Justice, Coordination and Review Section; or

    (2)    if the notice is of a disciplinary charge under paragraph (b) of this rule, provide a copy of the notice to the California Department of Fair Employment and Housing and the United States Equal Employment Opportunity Commission.

(f)    This rule shall not preclude a lawyer from:

    (1)    representing a client alleged to have engaged in unlawful discrimination, harassment, or retaliation;

    (2)    declining or withdrawing from a representation as required or permitted by rule 1.16; or

    (3)    providing advice and engaging in advocacy as otherwise required or permitted by these rules and the State Bar Act.

**Comment**

[1]    Conduct that violates this rule undermines confidence in the legal profession and our legal system and is contrary to the fundamental principle that all people are created equal. A lawyer may not engage in such conduct through the acts of another. (See rule 8.4(a).) In relation to a law firm's operations, this rule imposes on all law firm* lawyers the responsibility to advocate corrective action to address known* harassing or discriminatory conduct by the firm* or any of its other lawyers or nonlawyer personnel. Law firm* management and supervisorial lawyers retain their separate responsibility under rules 5.1 and 5.3. Neither this rule nor rule 5.1 or 5.3 imposes on the alleged victim of any conduct prohibited by this rule any responsibility to advocate corrective action.

[2]    The conduct prohibited by paragraph (a) includes the conduct of a lawyer in a proceeding before a judicial officer. (See Cal. Code Jud. Ethics, canon 3B(6) ["A judge shall require lawyers in proceedings before the judge to refrain from manifesting, by words or conduct, bias or prejudice based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation against parties, witnesses, counsel, or others."].) A lawyer does not violate paragraph (a) by referring to any particular status or group when the reference is relevant to factual or legal issues or arguments in the representation. While both the parties and the court retain discretion to refer such conduct to the State Bar, a court's finding that

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

peremptory challenges were exercised on a discriminatory basis does not alone establish a violation of paragraph (a).

[3]     A lawyer does not violate this rule by limiting the scope or subject matter of the lawyer's practice or by limiting the lawyer's practice to members of underserved populations.  A lawyer also does not violate this rule by otherwise restricting who will be accepted as clients for advocacy-based reasons, as required or permitted by these rules or other law.

[4]     This rule does not apply to conduct protected by the First Amendment to the United States Constitution or by Article I, section 2 of the California Constitution.

[5]     What constitutes a failure to advocate corrective action under paragraph (c)(2) will depend on the nature and seriousness of the discriminatory policy or practice, the extent to which the lawyer knows* of unlawful discrimination or harassment resulting from that policy or practice, and the nature of the lawyer's relationship to the lawyer or law firm* implementing that policy or practice.  For example, a law firm* non-management and non-supervisorial lawyer who becomes aware that the law firm* is engaging in a discriminatory hiring practice may advocate corrective action by bringing that discriminatory practice to the attention of a law firm* management lawyer who would have responsibility under rule 5.1 or 5.3 to take reasonable* remedial action upon becoming aware of a violation of this rule.

[6]     Paragraph (d) ensures that the State Bar and the State Bar Court will be provided with information regarding related proceedings that may be relevant in determining whether a State Bar investigation or a State Bar Court proceeding relating to a violation of this rule should be abated.

[7]     Paragraph (e) recognizes the public policy served by enforcement of laws and regulations prohibiting unlawful discrimination, by ensuring that the state and federal agencies with primary responsibility for coordinating the enforcement of those laws and regulations is provided with notice of any allegation of unlawful discrimination, harassment, or retaliation by a lawyer that the State Bar finds has sufficient merit to warrant issuance of a notice of a disciplinary charge.

[8]     This rule permits the imposition of discipline for conduct that would not necessarily result in the award of a remedy in a civil or administrative proceeding if such proceeding were filed.

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

[9]     A disciplinary investigation or proceeding for conduct coming within this rule may also be initiated and maintained if such conduct warrants discipline under California Business and Professions Code sections 6106 and 6068, the California Supreme Court's inherent authority to impose discipline, or other disciplinary standard.

## Rule 8.5 Disciplinary Authority; Choice of Law

(a)     Disciplinary Authority.

A lawyer admitted to practice in California is subject to the disciplinary authority of California, regardless of where the lawyer's conduct occurs.  A lawyer not admitted in California is also subject to the disciplinary authority of California if the lawyer provides or offers to provide any legal services in California.  A lawyer may be subject to the disciplinary authority of both California and another jurisdiction for the same conduct.

(b)     Choice of Law.

In any exercise of the disciplinary authority of California, the rules of professional conduct to be applied shall be as follows:

>     (1)     for conduct in connection with a matter pending before a tribunal,* the rules of the jurisdiction in which the tribunal* sits, unless the rules of the tribunal* provide otherwise; and

>     (2)     for any other conduct, the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct.  A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes* the predominant effect of the lawyer's conduct will occur.

## Comment

### *Disciplinary Authority*

The conduct of a lawyer admitted to practice in California is subject to the disciplinary authority of California.  (See Bus. & Prof. Code, §§ 6077, 6100.)  Extension of the disciplinary authority of California to other lawyers who provide or offer to provide legal services in California is for the protection of the residents of California.  A lawyer

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.

## ATTACHMENT 1

disciplined by a disciplinary authority in another jurisdiction may be subject to discipline in California for the same conduct.  (See, e.g., § 6049.1.)

An asterisk (*) identifies a word or phrase defined in the terminology rule, rule 1.0.1.