UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
SKYBELL TECHNOLOGIES, INC.,  )
                 Plaintiff,  )
    vs.                      )
                             )  SACV-18-00014-JVS
RING, INC.,                  )
                 Defendant.  )
-----------------------------)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

October 17, 2018

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   MARC A. FENSTER
     RUSS AUGUST & KABAT
 4   12424 Wilshire Boulevard, 12th Floor
     Los Angeles, CA  90025
 5   (310) 826-7474

 6   For the Defendant:

 7   ANNETTE L. HURST
     ORRICK HERRINGTON & SUTCLIFFE, LLP
 8   The Orrick Building
     405 Howard Street
 9   San Francisco, CA  94105-2669
     (415) 773-4585
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
 11:36    1    SANTA ANA, CALIFORNIA; MONDAY, OCTOBER 15, 2018; 11:36 A.M.
 11:36    2              THE CLERK:  Item No. 12, SACV-18-00014-JVS,
 11:36    3    Skybell Technologies, Inc., versus Ring, Inc.
 11:37    4              Counsel, please step forward and state your
 11:37    5    appearances.
 11:37    6              MS. HURST:  Good morning, Your Honor.  Annette
 11:37    7    Hurst for Ring, Your Honor.
 11:37    8              MR. FENSTER:  Good morning, Your Honor.  Marc
 11:37    9    Fenster for Skybell.
 11:37   10              THE COURT:  Good morning.
 11:37   11              I have been away for a couple of weeks and my
 11:37   12    apologies for not answering question as to the extent to
 11:37   13    which work product could be transferred to new counsel.  I
 11:37   14    believe that under the facts of this case that it would be
 11:37   15    appropriate to allow all work product to be transferred to
 11:37   16    new counsel.
 11:37   17              The Court ordered disqualification not on the
 11:37   18    basis of any actual taint but rather because the Court found
 11:37   19    that Orrick had not followed the required prophylactic
 11:37   20    provisions in conducting its interviews with the client.  So
 11:37   21    I'm prepared to stay the order, stay the time for
 11:37   22    replacement of counsel, depending on what you want to do in
 11:38   23    terms of appeal.
 11:38   24              Further, I think as laid out in the status report
 11:38   25    there is adequate authority for me to conclude that work
```

| | | |
|---|---|---|
| 11:38 | 1 | product can be transferred -- should be transferred. There |
| 11:38 | 2 | is no evidence in this record of actual taint given the |
| 11:38 | 3 | significant measures taken to ensure no contact between the |
| 11:38 | 4 | Orrick interview team and the trial team. I don't believe |
| 11:38 | 5 | that there is a basis to restrict the transfer of the work |
| 11:38 | 6 | product. Moreover, it would be a tremendous burden and |
| 11:38 | 7 | expense to Ring if I restricted the transfer to work product |
| 11:38 | 8 | generated by the Durie firm. |
| 11:38 | 9 | MR. FENSTER: Your Honor, I understand the |
| 11:39 | 10 | tentative. I do think that EZ Paintr and the Glaxo Group |
| 11:39 | 11 | case that we cited in our response to the Court's tentative |
| 11:39 | 12 | order both support disallowing the transfer because of the |
| 11:39 | 13 | presumption of taint. |
| 11:39 | 14 | In response, none of the cases that were cited by |
| 11:39 | 15 | Orrick support a transfer after the firm itself has been |
| 11:39 | 16 | tainted. So here they cited Andric as their sole California |
| 11:39 | 17 | case. In that case, the firm wasn't tainted. It was more |
| 11:39 | 18 | the usual case where a tainted lawyer came to the firm. |
| 11:39 | 19 | There was no evidence that that tainted lawyer tainted the |
| 11:39 | 20 | lawyers who did the work at the new firm; and, therefore, |
| 11:39 | 21 | transfer of the work product was allowed. |
| 11:39 | 22 | But none of the cases cited by Orrick allow |
| 11:39 | 23 | transfer after the firm itself has received confidential |
| 11:40 | 24 | information. Here it is undisputed, conceded, that Orrick |
| 11:40 | 25 | received confidential information not just from the client |

```
11:40   1    but specifically related to this precise matter.
11:40   2              THE COURT:  The Court did not make a finding in
11:40   3    disqualifying as to whether confidential information was in
11:40   4    fact transmitted such that disqualification should be made
11:40   5    on that basis.  That wasn't the basis for the Court's
11:40   6    ruling.
11:40   7              MR. FENSTER:  Okay.
11:40   8              THE COURT:  Correct?
11:40   9              MR. FENSTER:  My recollection on that is
11:40   10   different.  I think it was --
11:40   11             THE COURT:  The Court said it was a close
11:40   12   question.
11:40   13             MR. FENSTER:  There was a close question.  I
11:40   14   didn't recall that it was that.
11:40   15             THE COURT:  But it seems to me that it's an
11:40   16   untainted group that comes to a firm which has taint.  This
11:41   17   is somewhat a unique fact situation.
11:41   18             MR. FENSTER:  I generally agree with that, Your
11:41   19   Honor.  And Mr. Roberts came from Durie Tangrie untainted.
11:41   20   But the work product that happened -- we raised this issue
11:41   21   immediately when we heard that Mr. Roberts came to Orrick.
11:41   22   On June 4, he tells us.  On June 4, we tell him we think
11:41   23   there is an issue here.
11:41   24             The work product that we're worried about is work
11:41   25   product not by Mr. Roberts but work product by Orrick
```

| | | |
|---|---|---|
| 11:41 | 1 | lawyers after the disqualifying event occurred.  So the work |
| 11:41 | 2 | product -- we don't know what this is.  They have |
| 11:41 | 3 | represented that there was certain work product done by |
| 11:41 | 4 | Orrick after Mr. Roberts came from Durie to Orrick. |
| 11:41 | 5 | Whatever work product was done by Orrick lawyers was |
| 11:42 | 6 | presumably tainted under EZ Paintr and Glaxo Group, and |
| 11:42 | 7 | that's we think the better case law under this situation. |
| 11:42 | 8 | So today is 30 days from the date of the order |
| 11:42 | 9 | disqualifying.  The Court allowed 30 days at Ms. Hurst's |
| 11:42 | 10 | request to allow Ring to find new counsel.  Apparently they |
| 11:42 | 11 | haven't done so.  They have taken the unilateral position |
| 11:42 | 12 | that they will decide 30 days after the Court's order |
| 11:42 | 13 | deciding on transfer whether to find new counsel or not.  We |
| 11:42 | 14 | think that that's contrary to the Court's order and |
| 11:42 | 15 | inappropriate here and prejudicial to Skybell. |
| 11:42 | 16 | Regarding timing and prejudice, I do just want to |
| 11:42 | 17 | emphasize that we raised the issue immediately upon |
| 11:42 | 18 | disqualification.  We did everything that we could to |
| 11:42 | 19 | alleviate prejudice by offering a stay that was rejected by |
| 11:42 | 20 | the Orrick firm.  Orrick -- you may recall Mr. Roberts |
| 11:43 | 21 | joined in June 2018.  The Orrick firm had been in |
| 11:43 | 22 | communication with Skybell trying to continue to get that |
| 11:43 | 23 | business up until May, just a month before, so we're talking |
| 11:43 | 24 | about from June until we filed this motion. |
| 11:43 | 25 | We notified on June 4.  We met and conferred.  At |

```
11:43   1   their request, that was extended.  At their request, we
11:43   2   filed in mid July.  They had an extended briefing period at
11:43   3   their request again.  Orrick took on this work knowing that
11:43   4   there was an issue, and we did everything that we could to
11:43   5   minimize it, and we think that -- while we understand that
11:43   6   there was some prejudice to Orrick, it was -- to Ring, it
11:43   7   was entirely preventable.
11:43   8            We have agreed that anything that Mr. Roberts did
11:43   9   up to coming to Orrick is fine to transfer for the short
11:43  10   window after they were on notice that there was an issue.
11:44  11   After Orrick was already disqualified, we think that should
11:44  12   not be transferred because of under EZ Paintr and Glaxo
11:44  13   Group.
11:44  14            THE COURT:  Thank you.
11:44  15            Ms. Hurst.
11:44  16            MS. HURST:  Thank you, Your Honor.
11:44  17            The law firm has suffered the penalty of this
11:44  18   disqualification.  And the question of regarding work
11:44  19   product really focuses more on the question of prejudice to
11:44  20   Ring.  The EZ Paintr case is very distinguishable.  First of
11:44  21   all, it was an Eighth Circuit regional law that the Federal
11:44  22   Circuit was applying.  But, most importantly, the Court
11:44  23   specifically found that no ethical screen had been
11:44  24   implemented in that case, and that was a key aspect of the
11:44  25   Court's holding.  And of course here there was a screen,
```

```
11:44   1    Your Honor.
11:44   2              The Court clearly has discretion to permit the
11:44   3    transfer of work product.  We filed all those declarations
11:44   4    making it clear there was no taint.  That's the appropriate
11:44   5    thing to do for Ring in order to mitigate the prejudice,
11:45   6    Your Honor.
11:45   7              With respect to ongoing proceedings, Your Honor,
11:45   8    we will be prepared to file a 1292(b) motion and an
11:45   9    accompanying motion for stay within one week from today.  We
11:45  10    don't need another 30 days.  I think the client will want to
11:45  11    revisit whether it in fact intends to do so in light of the
11:45  12    Court's indication as to its order today.  So maybe we could
11:45  13    have a week from whenever the Court issues its final ruling
11:45  14    on the work product question.
11:45  15              THE COURT:  I intend the statements made today on
11:45  16    the record to be my final ruling.
11:45  17              MS. HURST:  Thank you, Your Honor.
11:45  18              THE COURT:  So you'll bring on a 1292(b) motion
11:45  19    within a week?
11:45  20              MS. HURST:  Yes, Your Honor.
11:45  21              THE COURT:  Okay.  If they're going to seek
11:45  22    certification under 1292(b), I assume that you would want to
11:45  23    ask the Circuit to review the Court's ruling with regard to
11:46  24    transfer of work product as well.
11:46  25              MR. FENSTER:  I'll have to confer with the client
```

```
11:46   1   as to whether they'll do that.  We do oppose a stay pending
11:46   2   appeal, though.  These are head-to-head competitors that are
11:46   3   competing in the market.  We have patented products.  We
11:46   4   have alleged that Ring is infringing those products and
11:46   5   don't believe a stay should be implemented, that that would
11:46   6   be deeply prejudicial to Skybell.
11:46   7              THE COURT:  Well, I'll look at that in your
11:46   8   response to the 1292(b) motion.
11:46   9              Okay, thank you very much.
11:46  10              MR. FENSTER:  Thank you, Your Honor.
11:46  11              MS. HURST:  Thank you, Your Honor.
11:46  12              (Whereupon, the proceedings were concluded.)
11:46  13                         *    *    *
11:46  14
11:46  15
11:46  16
11:46  17
11:46  18
11:46  19
11:46  20
11:46  21
11:46  22
11:46  23
11:46  24
11:46  25
```

```
11:46   1
11:46   2
11:46   3
11:46   4
11:46   5                          CERTIFICATE
11:46   6
11:46   7        I hereby certify that pursuant to Section 753,
11:46   8   Title 28, United States Code, the foregoing is a true and
11:46   9   correct transcript of the stenographically reported
11:46  10   proceedings held in the above-entitled matter and that the
11:46  11   transcript page format is in conformance with the
11:46  12   regulations of the Judicial Conference of the United States.
11:46  13
11:46  14   Date:   October 17, 2018
11:46  15
11:46  16
11:46                           /s/   Sharon A. Seffens  10/17/18
11:46  17                      _____
11:46                           SHARON A. SEFFENS, U.S. COURT REPORTER
11:46  18
11:46  19
       20
       21
       22
       23
       24
       25
```