ANNETTE HURST (SBN 148738)
ahurst@orrick.com
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorney for RING, INC. (as to disqualification only) and Third-Party ORRICK, HERRINGTON & SUTCLIFFE LLP

MARC A. FENSTER (SBN 181067)
mfesnter@raklaw.com
PAUL KROEGER (SBN 229074)
pkroeger@raklaw.com
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

RUSS, AUGUST & KABAT
Attorneys for Plaintiff and Counter-Defendant SKYBELL TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JS-6

| | |
|---|---|
| SKYBELL TECHNOLOGIES, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RING, INC.,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 8:18-cv-00014-JVS-JDE<br><br>**ORDER GRANTING STIPULATION TO CERTIFCATION FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND FOR STAY PENDING APPEAL**<br><br>Judge:　Hon. James V. Selna |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

[PROPOSED] ORDER GRANTING STIPULATION
TO CERTIFICATION FOR APPEAL
8:18-CV-00014-JVS-JDE

On September 18, 2018, the Court issued its Order (ECF No. 68) granting the motion to disqualify the law firm of Orrick, Herrington & Sutcliffe ("Orrick") from representation of Defendant and Counter-Claimant Ring, Inc. ("Ring") in this action. On October 15, 2018, the Court further Ordered in connection with the disqualification motion that Orrick would be permitted to transfer work product to successor counsel. ECF No. 79.

On October 22, 2018, Defendant and Counter-Claimant Ring, Inc. ("Ring") and Plaintiff and Counter-Defendant Skybell Technologies, Inc. ("Skybell") filed a stipulation to certify the Court's September 18 and October 15, 2018 Orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Having considered that parties' stipulation and having made its own independent findings, the Court orders:

1.  The Federal Circuit is the Circuit Court of Appeals to whom these interlocutory cross-appeals are hereby certified. The Court finds orders disqualifying counsel appropriate for interlocutory review. *See, e.g., Atasi Corp. v. Seagate, Inc.*, 847 F.2d 826 (Fed. Cir. 1988); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1335 (Fed. Cir. 1988); *Sun Studs, Inc. v. Applied Theory Assocs., Inc.*, 772 F.2d 1557, 1566 (Fed. Cir. 1985); *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 435 (1985) (noting that § 1292(b) provides a possible avenue for interlocutory review of an order disqualifying counsel); *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 175 (2d Cir. 2009) (interlocutory review of disqualification order); *O'Connor v. Jones*, 946 F.2d 1395, 1397 (8th Cir. 1991) (same); *Cmty. Broad. of Boston, Inc. v. F.C.C.*, 546 F.2d 1022, 1028 (D.C. Cir. 1976) ("[I]f the disqualification motion raises an important, unresolved question of law, the movant may seek certification under 28 U.S.C. s 1292(b).").

2.  The Court's September 18 and October 15, 2018 Orders present controlling questions of law—*i.e.*, the disqualification of Orrick and the transfer of its work product to successor counsel—such "that resolution of the issue on appeal

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -

[PROPOSED] ORDER GRANTING STIPULATION
TO CERTIFICATION FOR APPEAL
8:18-CV-00014-JVS-JDE

could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). The orders are likely to have a material impact on the course and conduct of the litigation. *Id.*; *see also Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).

3. Substantial grounds for difference of opinion exist as to the questions presented in the Court's September 18 and October 15, 2018 Orders because they are novel and difficult questions of first impression. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). California Rule 1.18 has not yet been interpreted by any court, nor do there appear to be any decisions among any of the federal circuit courts of appeals or state supreme courts interpreting ABA Model Rule 1.18, upon which the new California rule was based, as to the particular questions at issue.

4. An immediate appeal from the Court's September 18 and October 15, 2018 Orders will materially advance the ultimate termination of the litigation by shortening and simplifying the course of the litigation. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The litigation will proceed more expeditiously without the threat of multiple proceedings arising from the disqualification issue.

5. Good cause exists to stay the proceedings pending the outcome of the interlocutory appeals.

Having found that the Court's September 18 and October 15, 2018 Orders meet the standard for certification for interlocutory appeal in 28 U.S.C. § 1292(b), the Court CERTIFIES the two Orders for cross-appeals. Ring shall file its Petition for Appeal within 10 days of entry of this Order, and Skybell shall files its Consent to Appeal and Petition for Cross-Appeal within 10 days after service of the Petition for Appeal.

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

[PROPOSED] ORDER GRANTING STIPULATION
TO CERTIFICATION FOR APPEAL
8:18-CV-00014-JVS-JDE

The Court also STAYS the proceedings in all respects until such time as all appeals from the September 18 and October 15 Orders are final.

IT IS SO ORDERED.

Dated: October 25, 2018

_____
THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

[PROPOSED] ORDER GRANTING STIPULATION
TO CERTIFICATION FOR APPEAL
8:18-CV-00014-JVS-JDE