RECEIVED
CLERK, U.S. DISTRICT COURT

2/7/19

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_MAT\_\_\_\_ DEPUTY

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **ORRICK, HERRINGTON & SUTCLIFFE, LLP, RING, INC.,**
*Petitioners*

2019-109

On Petition for Writ of Mandamus to the United States District Court for the Central District of California in No. 8:18-cv-00014-JVS-JDE, Judge James V. Selna.

**ON PETITION**

Before PROST, *Chief Judge*, O'MALLEY and STOLL, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

**O R D E R**

The United States District Court for the Central District of California granted plaintiff SkyBell Technologies, Inc.'s motion to disqualify the law firm of Orrick, Herrington & Sutcliffe LLP ("Orrick") from representing defendant Ring, Inc. in this patent infringement case. Ring and Orrick (collectively "Petitioners") now seek a writ of mandamus vacating that disqualification order. We deny the petition without a response.

## BACKGROUND

In October 2017, SkyBell approached Travis Jensen, a partner at Orrick, about potentially representing SkyBell in a lawsuit against some of its competitors, including Ring. At the time, Jensen asked SkyBell to provide him no more information than necessary to conduct a conflicts check. After advising SkyBell that there would be no conflict, Jensen engaged in substantive discussions with SkyBell concerning its potential lawsuit against Ring (among others). As part of this process, Jensen obtained confidential information from SkyBell concerning its potential lawsuit against Ring. Ultimately, SkyBell did not select Jensen as counsel.

SkyBell filed this suit against Ring in January 2018. Shortly thereafter, Ring retained Clement Roberts, who was then a partner at the law firm of Durie Tangri, LLP. In June 2018, however, Roberts notified SkyBell that he had joined Orrick as a partner. And while Orrick had engaged in substantive discussions with SkyBell about its lawsuit against Ring, Roberts explained that Orrick would implement an ethical screen between individuals who had previously advised SkyBell, *e.g.*, Jensen, and individuals representing Ring, *e.g.,* Roberts.

The next month, SkyBell filed a motion to disqualify Orrick based on California Rule of Professional Conduct 3-310. Petitioners opposed the motion, arguing that Orrick's representation was permissible based on California Rule of Professional Conduct 1.18, which went into effect in November 2018 (after Jensen met with SkyBell, after Roberts joined Orrick, after Petitioners filed their response, and after the district court's decision here).

On September 18, 2018, the district court granted the motion to disqualify Orrick. The court first considered the applicability of Rule 1.18(d)—still not yet in effect—because it reflected "current judicial thinking on matters of attorney ethics." J.A. 18. In doing so, the district court

concluded that Rule 1.18(d) "explicitly contemplates that the attorney take some type of affirmative step or act to limit or avoid exposure to more information than is necessary." J.A. 24. By contrast, the district court found that Jensen did not take any reasonable steps to avoid exposure to "more information than [was] necessary" after advising SkyBell about his initial conflicts check. *Id.* Indeed, the district court found that Jensen "obtained a considerable amount of SkyBell's confidential information." J.A. 29. The district court also concluded that Orrick would be disqualified under Rule 3-310—in effect during all relevant times in this case—because Orrick rendered legal advice to SkyBell and then "switch[ed] sides" to represent Ring in the same case. J.A. 30.

## DISCUSSION

Petitioners ask this court to grant mandamus to vacate the district court's disqualification order. Petitioners contend that the district court clearly erred in determining that Rule 1.18(d) requires an attorney to undertake affirmative steps to avoid exposure to information. They also contend that mandamus review is appropriate because no other court has addressed Rule 1.18(d).

"The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re MSTG, Inc.*, 675 F.3d 1337, 1341 (Fed. Cir. 2012). A party seeking a writ bears the heavy burden of demonstrating that it has no "adequate alternative means" to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). Even when these two requirements are met, the court must still be satisfied that issuance of "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367,

381 (2004). Failure to establish any of these elements justifies denying a petition. *See Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1357 (Fed. Cir. 2017).

We conclude that, at a minimum, Petitioners have failed to show a clear and indisputable right to the relief they seek. To begin, it is not clear that Rule 1.18(d) even applies here. Indeed, no relevant event in this case occurred while Rule 1.18 was in effect. Moreover, the district court found that Orrick would also be disqualified under Rule 3-310. J.A. 28–30. Orrick provides no basis to say that this conclusion was an abuse of discretion.

Even assuming Rule 1.18 is relevant, Petitioners have not shown a clear abuse of discretion. In reviewing the district court's disqualification decision, we look to regional circuit and state law. *See In re Shared Memory Graphics LLC*, 659 F.3d 1336, 1340 (Fed. Cir. 2011). But neither the Ninth Circuit nor the California Supreme Court has interpreted Rule 1.18. The district court's interpretation, however, finds sufficient support in the text of Rule 1.18. *See Waymo*, 870 F.3d at 1359 (explaining that mandamus is not appropriate to correct "ordinary error"). We also cannot say that the district court's application of Rule 1.18 to the facts of this case was an abuse of discretion.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Feb 07, 2019     /s/ Peter R. Marksteiner
Date     Peter R. Marksteiner
    Clerk of Court

s25